# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **DONALD MIDDLEBROOKS,** | ) | <u>**CAPITAL CASE**</u> |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-01139 |
| | ) | |
| **TONY PARKER, et al.,** | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff, a state inmate on death row in the Riverbend Maximum Security Institution, has filed a complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In lieu of the filing fee, Plaintiff submitted an application to proceed in forma pauperis (IFP), supported by a certificate of trust account activity. (Doc. No. 2.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.    APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently

incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the Riverbend Maximum Security Institution to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE AMENDED COMPLAINT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d

2

461, 466 (6th Cir. 2009) (citations omitted)). The Court also always has the inherent authority to dismiss a complaint sua sponte for lack of subject matter jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges in Count 1 that that Tennessee's current lethal injection protocol "presents a risk that is sure or very likely to cause serious illness and needless suffering" and that "a feasible and readily implemented alternative methods [sic] of execution" exists, which the state "refuses to adopt without a legitimate reason, even though it would significantly reduce a substantial risk of severe pain." (Doc. No. 1 at 56 (quoting *Bucklew v. Precythe*, 139 S. Ct. 112, 1129 (2019).) Plaintiff's allegations are sufficient to state a colorable claim for relief under the Eighth Amendment. *Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015).

The Court is aware, based on recent litigation in and arising from this district, that the doctrine of res judicata is implicated by this case. *See West v. Parker*, 783 F. App'x 506, 511–15 (6th Cir.), *cert. denied*, 140 S. Ct. 25 (2019) (affirming this Court's decision that res judicata barred consideration of lethal injection challenge that had been litigated in state-court case to which Middlebrooks was also a party); *see also Sutton v. Parker*, No. 3:19-5 (M.D. Tenn. Sept. 5, 2019), *appeal docketed*, No. 19-6135 (6th Cir. Oct. 7, 2019) (dismissing on res judicata grounds lethal-

3

injection challenge brought by another inmate who was a party to the same state-court case). Res judicata is an affirmative defense that usually must be raised by a defendant, Fed. R. Civ. P. 8(c), and should only be raised by the Court sua sponte in "special circumstances," such as when "a court is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 418 (6th Cir. 2011) (citing *Arizona* for the proposition that the Court may address sua sponte the issue of res judicata). This Court has, on occasion, dismissed complaints on initial screening pursuant to the PLRA on the basis of res judicata. *See, e.g., Wimber v. Jackson*, No. 3:19-CV-00663, 2019 WL 5555543, at *4 (M.D. Tenn. Oct. 28, 2019). However, in light of the gravity of Plaintiffs' claims, the Court will allow the case to proceed and rely on the parties to brief the issues relevant to res judicata and any other defense(s) raised to Count 1.

In Counts 2, 3, and 4, Plaintiff challenges the constitutionality of electrocution. (Doc. No. 1 at 57–59.) He alleges, however, that lethal injection is now the default method of execution in Tennessee and that an inmate will be executed by electrocution under two circumstances: if he elects electrocution by signing a written waiver, or if lethal injection is declared unconstitutional. (*Id.* at 8–9, 19.) He does not allege that either of those events has occurred. To the contrary, Plaintiff alleges that he "has not—and will not—elect a method of execution. Accordingly, . . . the death sentence will be carried out by lethal injection." (*Id.* at 9.)

A claim must present a real and present dispute for this Court to have jurisdiction to hear it:

> The jurisdiction of federal courts is limited by Article III of the United States Constitution to consideration of actual cases and controversies, therefore federal courts are not permitted to render advisory opinions. Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.

4

*Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992) (punctuation and citations omitted). "[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). A plaintiff basing a claim on an anticipated future injury must demonstrate that "the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* at 607–08 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

This Court rejected a challenge to the constitutionality of electrocution in Tennessee as unripe under similar circumstances several years ago:

> Petitioner does not have a current claim with regard to electrocution, because current Tennessee law provides for execution of the death sentence by lethal injection. Tenn. Code Ann. § 40–23–114(a) (2000). Because he committed his offense prior to January 1, 1999, Petitioner may elect by written waiver to be executed by electrocution instead of lethal injection. Tenn. Code Ann. § 40–23–114(b). Should he choose to make such a waiver, Petitioner would waive any claim that electrocution is unconstitutional. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999). A recent amendment to the controlling statute provides that execution by electrocution is otherwise authorized only in the event that lethal injection is held to be unconstitutional by a court of competent jurisdiction or the Commissioner of the Tennessee Department of Correction certifies to the governor that an essential lethal injection ingredient is unavailable. Tenn. Code Ann. § 40–23–114(d). In the absence of any allegation that either of those triggering events has happened, any challenge to the constitutionality of electrocution is not ripe for review.
>
> Moreover, the Supreme Court found execution of the death penalty by electrocution to be constitutional in 1890, *see In re Kemmler*, 136 U.S. 436, 449 (1890), and no federal court since that time has held it to be unconstitutional. *But see State v. Mata*, 275 Neb. 1, 745 N.W.2d 229 (Neb. 2008) (finding electrocution unconstitutional under Nebraska constitution). The Sixth Circuit has reiterated its rejection of such a claim as recently as 2004, *see Williams v. Bagley*, 380 F.3d 932, 965 (6th Cir. 2004), and at least one district court in Tennessee has rejected such a challenge within the last three years, *see Morris v. Bell*, No. 07–1084–JDB, 2011 WL 7758570, at *68 (W.D. Tenn. Sept. 29, 2011).

*Duncan v. Carpenter*, No. 3:88-00992, 2014 WL 3905440, at *42–43 (M.D. Tenn. Aug. 11, 2014) (Nixon, S.J.); *see also Stanford v. Parker*, 266 F.3d 442, 462 (6th Cir. 2001) (rejecting Eighth

5

Amendment challenge to electrocution by inmate who had not elected it because the plaintiff's "argument ignores the fact that he need not be electrocuted" and because by choosing electrocution he would "waive any objection" to it). The following year, the Tennessee Supreme Court ruled, in yet another case in which Plaintiff was a party, that the inmate-plaintiffs' constitutional challenges to electrocution "depend entirely on future and contingent events that have not occurred and may never occur, and as a result, are unripe and nonjusticiable." *West v. Schofield*, 468 S.W.3d 482, 494 (Tenn. 2015).

Plaintiff's complaint does not establish a strong likelihood that he will face electrocution. Accordingly, his claims regarding the constitutionality of electrocution are not ripe for judicial review and must be dismissed without prejudice for lack of subject matter jurisdiction. *Tri-Corp Mgmt. Co. v. Praznik*, 33 F. App'x 742, 745 (6th Cir. 2002) ("Where claims are not ripe, federal courts lack subject matter jurisdiction and the complaint should be dismissed.").

### III. CONCLUSION

For the reasons explained above, Counts 2, 3, and 4 are **DISMISSED** without prejudice to Plaintiff's ability to re-file them in the event that they become ripe for review. Defendants shall file a responsive pleading with respect to Count 1 in accordance with Rule 12 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE