**EXHIBIT 1**



# TENNESSEE LETHAL INJECTION PROTOCOL INVESTIGATION

## REPORT AND FINDINGS

*Confidential Attorney-Client Communication
And Attorney Work Product*

*DECEMBER 13, 2022*

# BUTLER | SNOW

# INVESTIGATIVE REPORT

*Confidential Attorney-Client Communication*

*And Attorney Work Product*

| | |
|---|---|
| **To:** | Governor Bill Lee |
| **From:** | Butler Snow LLP |
| **Date:** | December 13, 2022 |
| **Subject:** | Tennessee Lethal Injection Protocol Investigation – Report and Findings |



## Preamble

On or about May 2, 2022, Governor Bill Lee ("Governor Lee") announced plans to conduct a third-party review into the circumstances that led him to issue a reprieve in connection with the April 21, 2022, scheduled execution of Oscar Franklin Smith ("Mr. Smith"). Subsequently, Butler Snow LLP ("Butler Snow"), led by Edward L. Stanton III, was retained to conduct an independent investigation.[1] Specifically, Governor Lee asked Butler Snow to conduct an independent review of the following:

- Circumstances that led to testing the lethal injection chemicals for only potency and sterility but not endotoxins [in connection with] preparing for the April 21 execution;

- Clarity of the lethal injection process manual that was last updated in 2018, and adherence to testing policies since the update; and

- TDOC staffing considerations.[2]

This report contains an analysis of Butler Snow's review into the foregoing areas outlined by Governor Lee. While some interviewees expressed opinions regarding the propriety of the death penalty or necessity of endotoxin testing in future protocols, Butler Snow was not asked to examine these issues and did not do so.

Throughout Butler Snow's investigation, the State of Tennessee has demonstrated an unwavering commitment to transparency and accuracy. The Tennessee Department of Correction ("TDOC") and the Office of the Tennessee Attorney General (the "Tennessee Attorney General's Office") consistently provided the investigative team with the information/documents they sought and gave them prompt access to all relevant employees requested to be interviewed in connection with the instant investigation.

---

[1] In addition to Edward L. Stanton III, the investigative team included S. Keenan Carter, Jennifer Svilar, and Alexa Ortiz Hadley.

[2] *See* **Exhibit 1**, Governor Lee's May 2, 2022 Press Release.

# BUTLER|SNOW

# TABLE OF CONTENTS

Preamble ............................................................................................................................... ii

Index of Documents .............................................................................................................v

Executive Summary ..............................................................................................................1

    A.  Circumstances that led to testing the lethal injection chemicals for only potency and
        sterility but not endotoxins [in connection with] preparing for the April 21 execution
        ..................................................................................................................................1

    B.  Clarity of the lethal injection process manual that was last updated in 2018, and
        adherence to testing policies since the update .............................................................1

    C.  TDOC staffing considerations ......................................................................................2

I.       Methodology and Scope of Independent Investigation ....................................................3

II.      Relevant Facts and Background.........................................................................................3

    A.  Events Triggering Independent Investigation................................................................4

    B.  Adoption of Tennessee's Lethal Injection Protocol.....................................................4

        1.  One-Drug Protocol and the Search for Pentobarbital .........................................5

        2.  First Iteration of Three-Drug Protocol (January 2018) .......................................7

        3.  Revisions Ahead of July 2018 Protocol............................................................11

        4.  July 2018 Protocol and Extra-Protocol Instructions .........................................13

    C.  Execution Training.......................................................................................................14

III.    Investigative Analysis.....................................................................................................16

    A.  Circumstances Surrounding the Scheduled Execution of Oscar Franklin Smith ........16

        1.  Day of Execution: TDOC ..................................................................................18

        2.  Day of Execution: Attorney General's Office ...................................................19

        3.  Days Following Cancelled Execution.................................................................20

    B.  Adherence to Protocol's Testing Policies Since Update in July 2018........................21

        1.  Billy Ray Irick....................................................................................................23

        2.  Edmund Zagorski................................................................................................25

        3.  David Earl Miller ................................................................................................26

        4.  Donnie Edward Johnson .....................................................................................27

        5.  Stephen West ......................................................................................................28

        6.  Lee Hall...............................................................................................................31

        7.  Nicholas Sutton ..................................................................................................32

    C.  Clarity of and Adherence to the July 2018 Protocol ..................................................33

        1.  Inconsistencies in the Protocol...........................................................................33

        2.  Following the Protocol........................................................................................34

        3.  No Checks and Balances......................................................................................36

    D.  TDOC Staffing Considerations...................................................................................37

BUTLER | SNOW

IV.    Investigative Findings and Recommendations ...................................................38

    A.  Investigative Findings.................................................................................39
    B.  Recommendations......................................................................................40

Appendix A – Additional Documents Provided/Received ..........................................42

iv



**Index of Documents**

# EXHIBITS

1   Governor Lee's May 2, 2022, Press Release

2   Text Messages between Drug Procurer and Former Pharmacy Owner – fn 6, 9, 10

3   Emails between Drug Procurer and potential suppliers – fn 6

4   Letter from Alvogen, Inc.

5   Letter from Hikma Pharmaceuticals USA Inc.

6   Letters from Sandoz, Inc.

7   Emails between Drug Procurer and Pharmacy Owner dated May 15, 2019

8   Emails between Drug Procurer and Pharmacy Owner dated July 20, 2017

9   Emails between Drug Procurer and Pharmacy Owner dated October 30, 2019

10  Handwritten Notes of Drug Procurer dated February 25, 2020

11  Deposition Transcript of Debbie Inglis

12  Emails between Drug Procurer and Pharmacy Owner dated September 7, 2017

13  Emails between Drug Procurer and Pharmacy Owner dated September 21, 2017

14  Emails between Drug Procurer and Pharmacy Owner dated October 18, 2017

15  Emails between Drug Procurer and Pharmacy Owner dated October 26, 2017

16  Edited Excerpt of Protocol

17  Emails between Drug Procurer and Pharmacy Owner dated November 28, 2017 through December 4, 2017

18  LIC Inventory Page dated December 30, 2017

19  Edited LIC Protocol

20  LIC Protocol, July 2018

21  Pharmacy Services Agreement, June 25, 2015

22  Email from Pharmacy Owner to Drug Procurer dated July 16, 2018

23  Directions for Unpacking and Storage

24  Text Message between Drug Procurer and Pharmacy Owner dated July 5, 2018

25     Emails between Pharmacy Owner and Pharmacist dated August 7, 2018

26     Text Messages between Drug Procurer and Pharmacy Owner dated August 7, 2018

27     Order, *Smith v. State of Tennessee*

28     Notice-Order-Stay of Execution (Death) Granted, *Smith v. State of Tennessee*

29     Notice-Order (other)-Misc. (Sua Sponte), *Smith v. State of Tennessee*

30     Smith Notification Letter, dated March 21, 2022

31     Smith Prescription, dated March 16, 2022

32     Testing Reports, dated March 21, 31, and April 8, 20, 2022

33     Email from K. Henry to D. Inglis, dated April 20, 2022

34     Email from K. Henry to D. Inglis, dated Aril 21, 2022

35     Email from K. Henry to D. Inglis, dated April 21, 2022

36     Text Messages between Drug Procurer and Pharmacist, dated April 20-21, 2022

37     Text Messages between Drug Procurer and Executioner, dated April 21, 2022

38     Drug Procurer Text Messages, dated April 20-22, 2022

39     Inventory of Items Preserved from April 21, 2022, Execution Prep

40     Emails between Gov. Lee's office and TDOC, dated April 21-24, 2022

41     Test Reports

42     Text Messages between Drug Procurer and Pharmacy Owner dated August 8, 2019

43     Irick Prescription, dated July 18, 2018

44     Email from Pharmacy Owner to Drug Procurer, dated August 8, 2018

45     Testing Report, dated August 6, 2018

46     Email from Pharmacy Owner to Drug Procurer, dated August 6, 2018

47     Text Messages between Drug Procurer and Pharmacy Owner, dated July 25-26, 2018

48     Text Messages between Drug Procurer and Pharmacy Owner

49     Text Messages between Drug Procurer and Pharmacy Owner, dated August 7, 2018

50     Zagorski Notification Letter, dated September 27, 2018

51     Zagorski Prescription, dated September 21, 2018

52     Testing Reports, dated September 24 and October 8, 2018

53    Text Messages between Drug Procurer and Pharmacy Owner, dated September 25, 2018

54    Testing Reports, dated September 24 and October 8, 2018

55    Email from Pharmacy Owner to Drug Procurer, dated October 10, 2018

56    Letter from D. Inglis to K. Henry re: *State of Tennessee v. Zagorski*

57    Zagorski Reprieve, dated October 11, 2018

58    Second Zagorski Prescription

59    Testing Report, dated November 7, 2018

60    Miller Notification Letter, dated November 21, 2018

61    Miller Prescription, dated November 16, 2018

62    Testing Reports, dated December 4, 5, 2018

63    Miller Notification Letter, dated November 23, 2018

64    Testing Reports

65    Johnson Notification Letter, dated April 16, 2019

66    Johnson Prescription, dated April 17, 2019

67    Testing Reports, dated April 26 and May 9, 2019

68    Email from Pharmacy Owner to Drug Procurer, dated April 29, 2019

69    Text Messages between Pharmacy Owner and Drug Procurer, dated May 8, 2019

70    Text Messages between Pharmacy Owner and Drug Procurer, dated May 8, 2019

71    Text Messages between Pharmacy Owner and Drug Procurer, dated May 9, 2019

72    Email from Pharmacy Owner to Drug Procurer, dated May 9, 2019

73    Email from K. Henry to D. Inglis, dated May 20, 2019

74    West Notification Letter

75    Text Messages between Drug Procurer and Pharmacy Owner, dated June 17, 21 and 24, 2019

76    Emails between Drug Procurer and Pharmacy Owner, dated June 26, 2019

77    Emails between Drug Procurer, Pharmacy Owner and Pharmacist, dated June 26 and July 2, 2019

78    West Prescription, dated July 12, 2019

79      Testing Reports, dated July 17, 30, 2019

80      Email from Pharmacy Owner to Drug Procurer, dated July 24, 2019

81      Text Messages between Pharmacy Owner and Drug Procurer, dated July 29-31, 2019

82      Email from Pharmacy Owner to Drug Procurer, dated July 31, 2019

83      Text Messages between Pharmacy and Drug Procurer, dated August 1, 2019

84      Testing Reports, dated August 7, 12, 2019

85      Testing Reports, dated July 31, 2019

86      Text Messages between Drug Procurer and Pharmacy Owner, dated August 8, 2019

87      Text Messages between Drug Procurer and Pharmacy Owner

88      Text Messages between Drug Procurer and Pharmacy Owner, dated August 8, 2019

89      Emails between Drug Procurer and Pharmacy Owner, dated August 8, 2019

90      Email from Pharmacy Owner to Drug Procurer, dated August 9, 2019

91      Text Messages between Drug Procurer and Pharmacy Owner, dated August 8-12, 2019

92      Emails from Pharmacy Owner to Drug Procurer, dated August 12, 2019

93      Hall Notification Letter, dated November 5, 2019

94      Hall Prescription, dated November 1, 2019

95      Testing Reports, dated November 18, 2019

96      Email from Pharmacy Owner to Drug Procurer, dated November 20, 2019

97      Testing Reports, dated November 22, 2019

98      Text Messages between Drug Procurer and Pharmacy Owner, dated November 25, 2019

99      Email from Pharmacy Owner to Drug Procurer, dated November 26, 2019

100     Text Messages between Drug Procurer and Pharmacy Owner, dated November 25 and December 2, 2019

101     Testing Reports, dated December 5, 16, 2019

102     Text messages between Drug Procurer and Pharmacy Owner, dated December 3, 2019

103     Testing Reports, dated November 22, December 5, 16, 2019

104     Email from Pharmacy Owner to Drug Procurer, dated December 5, 2019

105    Testing Reports, dated December 5, 16, 2019

106    Sutton Prescription, dated December 19, 2019

107    Text Messages between Drug Procurer and Pharmacy Owner, dated December 25, 2019 and Jan. 2, 2020

108    Testing Reports, dated January 17, 27, 28, 2020

109    Testing Reports, dated January 17, 28, 2020

110    Sutton Affidavit Concerning Method of Execution

111    Testing Reports, dated January 17, 27, 28, 2020

112    Deposition Transcripts of Warden Tony Mays

# ADDITIONAL DOCUMENTS PROVIDED/REVIEWED

See Appendix.

# BUTLER | SNOW

# WITNESS INTERVIEW LIST

| **Tennessee Attorney General's Office** |
| --- |
| 1    Herbert Slatery — Former Attorney General |
| 2    Andrée Blumstein —  Solicitor General |
| 3    Rob Mitchell — Senior Assistant Attorney General |
| 4    Scott Sutherland — Deputy Attorney General |
| 5    Dianna Shew — Chief Deputy Attorney General |

| **Tennessee Department of Corrections** |
| --- |
| 6    Lisa Helton — Interim Commissioner |
| 7    Debbie Inglis — Deputy Commissioner/General Counsel |
| 8    Tony Mays — Riverbend Maximum Security Institution Warden |
| 9    Kelly Young — Inspector General |
| 10    Executioner |
| 11    Drug Procurer |
| 12    Richard Muckle — Special Assistant to the Commissioner |
| 13    Tony Parker — Former Commissioner |

| **Pharmacy** |
| --- |
| 14    Former Pharmacy Owner |
| 15    Pharmacist |
| 16    Current Pharmacy Owner |

| **Reprieve Organization** |
| --- |
| 17    Maya Foa — Joint Executive Director |
| 18    Blaire Andres — Head of death penalty projects (United States) |

x


| | **Federal Community Defender Office for the Eastern District of Pennsylvania** |
|---|---|
| 19 | Alex Kursman —Assistant Federal Defender (Capital Habeas Corpus Unit) |
| 20 | Hayden Nelson-Major — Research/Writing Attorney (Capital Habeas Corpus Unit) |

| | **Federal Public Defender for the Middle District of Tennessee** |
|---|---|
| 21 | Kelley Henry — Supervisory Assistant Federal Public Defender |
| 22 | Ben Leonard — Investigator |

| | **Bass, Berry & Sims PLC** |
|---|---|
| 23 | David Esquivel |
| 24 | Jeremy Gunn |
| 25 | Sarah Miller |

| | **Brooklyn Law School** |
|---|---|
| 26 | Alexis J. Hoag-Fordjour – Assistant Professor & Co-Director of the Center for Criminal Justice |



<u>**EXECUTIVE SUMMARY**</u>

As independent investigators, Butler Snow conducted an impartial and comprehensive review of all relevant evidence concerning the three areas referenced in Governor Lee's May 2, 2022, press release. This report addresses all relevant policies/protocols, describes related investigative findings, and recommends specific steps to remedy and/or mitigate the likelihood of any issues recurring in the future. The investigative findings are premised on the following: witness interviews; in-depth historical research; an extensive and thorough review of thousands of pages of relevant documents; and an analysis of lethal injection chemical testing data.

Based on the evidence obtained in the investigation, Butler Snow made the following findings:

**A. Circumstances that led to testing the lethal injection chemicals for only potency and sterility but not endotoxins [in connection with] preparing for the April 21 execution**

- There is no evidence that any failure to test the lethal injection chemicals for endotoxins in connection with Mr. Smith's scheduled execution on April 21 was intentional.

- There is no evidence that, when the State of Tennessee revised its lethal injection protocol in 2018, it ever provided the pharmacy tasked with testing Tennessee's lethal injection chemicals with a copy of Tennessee's lethal injection protocol.

- There is no evidence that, when the State of Tennessee revised its lethal injection protocol in 2018, any employee ever informed the pharmacy tasked with testing Tennessee's lethal injection chemicals that it should conduct an endotoxin test on all lethal injection chemicals – until the eve of Mr. Smith's scheduled execution on April 21.

- The evidence shows that the pharmacy tasked with testing Tennessee's lethal injection chemicals only tested these chemicals for *potency and sterility*, because the pharmacy followed the United States Pharmacopeia testing guidelines, not Tennessee's lethal injection protocol (which was never provided).

**B. Clarity of the lethal injection process manual that was last updated in 2018, and adherence to testing policies since the update**

- The evidence shows that the lethal injection chemicals used in the August 9, 2018, execution of Mr. Billy Ray Irick ("Mr. Irick") were not tested for endotoxins. The evidence


further shows that the Midazolam used during Mr. Irick's execution was not tested for potency.

- The evidence shows that, although Edmund Zagorski ("Mr. Zagorski") was executed via electrocution on November 1, 2018, the lethal injection chemicals prepared in the event Mr. Zagorski changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins and failed the potency testing.

- The evidence shows that, although David Earl Miller ("Mr. Miller") was executed via electrocution on December 6, 2018, the lethal injection chemicals prepared in the event Mr. Miller changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins.

- The evidence shows that the lethal injection chemicals used in the May 16, 2019, execution of Mr. Donnie Edward Johnson ("Mr. Johnson") were not tested for endotoxins.

- The evidence shows that, although Stephen West ("Mr. West") was executed via electrocution on August 15, 2019, the lethal injection chemicals prepared in the event Mr. West changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins.

- The evidence shows that, although Lee Hall ("Mr. Hall") was executed via electrocution on December 5, 2019, the lethal injection chemicals prepared in the event Mr. Hall changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins.

- The evidence shows that, although Nicholas Sutton ("Mr. Sutton") was executed via electrocution on February 20, 2020, the lethal injection chemicals prepared in the event Mr. Sutton changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins.

## C. TDOC staffing considerations

- The evidence shows that TDOC leadership placed an inordinate amount of responsibility on the Drug Procurer without providing much, if any, professional guidance; resources; or assistance. Instead, TDOC leadership viewed the lethal injection process through a tunnel-vision, result-oriented lens rather than provide TDOC with the necessary guidance and counsel needed to ensure that Tennessee's lethal injection protocol was thorough, consistent, and followed.



## I.    METHODOLOGY AND  SCOPE OF INDEPENDENT INVESTIGATION

Butler Snow's review of the issues referenced in Governor Lee's May 2, 2022, press release involved the following steps:

(1)    Coordinating with the Tennessee Attorney General's Office to obtain relevant documents and interviewing various attorneys with pertinent information.

(2)    Coordinating with TDOC to obtain relevant documents and interviewing various members of the department with pertinent information.

(3)    Coordinating with the Pharmacy used to supply Tennessee's lethal injection chemicals to obtain relevant documents and interviewing Pharmacy personnel with relevant knowledge.

(4)    Collecting, organizing, reviewing, and analyzing relevant documents and data obtained from the Tennessee Attorney General's Office, TDOC, and the Pharmacy.

(5)    Conducting in excess of 25 interviews including, but not limited to, members of the Tennessee Attorney General's Office, TDOC, and the Pharmacy.

This report is organized in the following sections:

- Section II provides background history and information relating to the events that triggered the instant investigation, the adoption of Tennessee's lethal injection protocol, and TDOC's execution training.

- Section III provides an analysis of the three investigative areas: (1) circumstances surrounding the scheduled execution of Mr. Smith, (2) clarity of and adherence to the lethal injection protocol's testing policy since it was finalized in July 2018, and (3) TDOC staffing considerations.

- Section IV provides a summary of investigative findings and recommendations to address/correct the Tennessee lethal injection protocol shortcomings discussed herein.

## II.    RELEVANT FACTS AND BACKGROUND

This Section provides an overview of the facts surrounding Governor Lee's granting of a temporary reprieve to Mr. Smith.[3] Additionally, this Section provides information on Tennessee's efforts to revise its Lethal Injection Protocols (hereinafter, the "Protocol") and to conduct

---

[3] At age 40, Mr. Smith was convicted of murder in the October 1, 1989, killings of his estranged wife, Judy Robird Smith and her minor sons, Chad Burnett and Jason Burnett.

3



execution training at TDOC. This Section is intended for background purposes, and additional facts and analysis will follow in the subsequent portions of this Report.

### A. Events Triggering Independent Investigation

On April 21, 2022, Mr. Smith was scheduled to be executed by lethal injection. The day before the execution, Mr. Smith's attorneys contacted TDOC's Deputy Commissioner of Administration and General Counsel, Debbie Inglis ("Ms. Inglis" or "Deputy Commissioner/General Counsel"), to confirm whether the lethal injection chemicals ("LIC") that would be used during Mr. Smith's execution had been properly tested in accordance with TDOC's LIC Protocol. TDOC determined that the LIC had not been tested for endotoxins[4] as required by Tennessee's Lethal Injection Protocol (as revised, July 2018) ("July 2018 Protocol" or "current Protocol"). As a result, Governor Lee issued a temporary reprieve to Mr. Smith on April 21, and on May 2, Governor Lee called for an independent investigation, to be led by Edward L. Stanton, III of Butler Snow. Governor Lee outlined three areas of review:

1. Circumstances that led to testing the LIC for only potency and sterility but not endotoxins preparing for the April 21 execution;

2. Clarity of the lethal injection process manual (the Protocol) that was last updated in 2018, and adherence to testing policies since the update; and

3. TDOC staffing considerations.

### B. Adoption of Tennessee's Lethal Injection Protocol

Over the years, the Protocol has been revised multiple times. These revisions include, but are not limited to, title changes, drug changes, format changes, testing requirements, and the addition of consciousness checks. This Section covers the changes pertaining to the LIC used for executions.

---

[4] Bacterial endotoxin testing measures the presence and quantity of endotoxins in a particular sample. The "endo" in endotoxins refers to something that is within. The "toxin" component relates to something poisonous. Endotoxins come from the cell walls of gram-negative bacteria.

4

1.  One-Drug Protocol and the Search for Pentobarbital

The Drug Procurer is responsible for obtaining the LIC that will be used in an execution by lethal injection.[5] This position is not defined in any iteration of the Protocol, nor are the responsibilities of the role discussed in the Protocol. Based on instructions from former TDOC Commissioner Tony Parker ("Commissioner Parker"),[6] TDOC's Deputy Commissioner/General Counsel selected the current Drug Procurer in the summer of 2016. The same individual has served as Drug Procurer for all LIC executions following the enactment of the current Protocol in July 2018. The current Drug Procurer described it as an "off the books" role, as procuring LIC is not their[7] sole responsibility with TDOC.[8]

Prior to the Drug Procurer assuming this role, TDOC carried out executions through a one-drug Protocol using a lethal dose of Pentobarbital. In creating this Protocol, TDOC consulted experts who recommended the one-drug Protocol. Accordingly, the Drug Procurer was specifically instructed, by Commissioner Parker, to locate a new source for Pentobarbital, because the compounding pharmacist TDOC previously used could no longer obtain it.

Because TDOC did not have any policies in place for procuring LIC,[9] the Drug Procurer began conducting Google searches and making cold calls to active pharmaceutical ingredient ("API") suppliers located in the United States. They were provided with no direction, just the directive to find a Pentobarbital source. In making calls, the Drug Procurer struggled to find a source to supply Pentobarbital, as pharmacies/manufacturers did not have the chemical; did not

---

[5] Although the Drug Procurer is an essential role, its position and corresponding duties are noticeably absent from the current Protocol.

[6] Commissioner Parker retired from his position as TDOC Commissioner effective on or about November 30, 2021.

[7] With limited exceptions, this Report uses the pronoun "they" for all individuals referred to herein to preserve anonymity.

[8] Drug Procurement is neither the job title nor primary role of any TDOC employee.

[9] Another individual served in this role prior to the current appointee, but that individual is no longer employed with TDOC. The two did not exchange information about the responsibilities of the role.

have the quantity requested by TDOC;[10] or did not want to be associated with lethal injection executions.[11] TDOC determined that other states were also facing difficulty when trying to locate a source for Pentobarbital. The Drug Procurer contacted at least one state to get information regarding locating a source for Pentobarbital, but that state did not provide any beneficial information.

In late 2016 to early 2017, the Drug Procurer cold-called a compounding pharmacy that was willing to help look for Pentobarbital and agreed to compound the drug if found. This is the same compounding pharmacy that currently supplies TDOC with compounded LIC based on the Pharmacy Services Agreement entered into with TDOC in 2017 (hereinafter, the "Pharmacy").[12] The Drug Procurer's primary point of contact was the Pharmacy's owner.[13] Before getting involved with TDOC, the Pharmacy's owners and Pharmacist met to ensure that all individuals were willing to provide LIC (once found) to TDOC for use in executions. None of the individuals voiced any concern or indicated that the Pharmacy should not work with TDOC. As a result, the Pharmacy and Pharmacist undertook efforts to become licensed in Tennessee.

Efforts to find Pentobarbital continued even while the Pharmacy was awaiting licensure in Tennessee. The Pharmacy Owner reached out to various suppliers,[14] but Pentobarbital was either only available in a small quantity, for limited purchasing only, or not available. The Pharmacy Owner found a potential source, but that source would have required the Pharmacy to sign an acknowledgment indicating the chemical would not be used for executions. As a result, the

---

[10] Text messages between Drug Procurer and Pharmacy Owner, attached hereto as **Exhibit 2** at 2-3; Emails between Drug Procurer and potential suppliers, dated Apr. 4, 6, 2017 and June 20, 2018, attached hereto as **Exhibit 3**.

[11] *See, e.g.*, Letter from Alvogen, Inc., dated Apr. 20, 2018, attached hereto as **Exhibit 4**; Letter from Hikma Pharmaceuticals USA Inc., dated Feb. 26, 2020, attached hereto as **Exhibit 5**; Letters from Sandoz, Inc., dated Aug. 15, 2019 and Aug. 2, 2018, attached hereto as **Exhibit 6**.

[12] Pharmacy Services Agreement, attached hereto as **Exhibit 21.**

[13] The Pharmacy Owner left the Pharmacy in early 2020, and from that point forward, the Drug Procurer communicated with the Pharmacist directly.

[14] Text messages between Drug Procurer and Pharmacy Owner, attached hereto as **Exhibit 2** at 3 (listing the following suppliers: Cardinal Health, McKesson, Medisca, PCCA, ANDA, Amerisource Bergen, Sigma Aldrich).

Pharmacy could not use the source. The Pharmacy Owner and Drug Procurer also considered the possibility of obtaining Pentobarbital from a veterinarian because "[t]hey sometimes have better access to it since it's widely used for euthanasia in animals."[15] That effort never came to fruition.

It became clear to TDOC that it was extremely difficult finding a U.S.-based source that would provide Pentobarbital in the amount needed for use in lethal injection executions. The Drug Procurer and Pharmacy Owner also investigated whether the drug could be obtained from an international source and imported.[16] It was ultimately determined that the United States Drug Enforcement Administration ("DEA") would not allow Pentobarbital to be imported because it is a schedule II drug that was considered "readily available" in the United States.[17]

Even if considered "readily available" by the DEA, TDOC was unable to obtain Pentobarbital. Because Pentobarbital was unavailable, TDOC made the decision to adopt a three-drug Protocol. The Drug Procurer's efforts to locate Pentobarbital continued into at least 2020,[18] even after TDOC adopted its new three-drug Protocol and removed the Pentobarbital Protocol (identified as Protocol A) from TDOC's current Protocol. Even today, TDOC officials prefer a one-drug protocol to the three-drug protocol.[19] With a one-drug protocol, TDOC representatives told investigators there is a lower risk of mistake in carrying out an execution. Further, according to at least one TDOC official, the potential for mistakes also increases when more compounded LIC are used.

2. First Iteration of Three-Drug Protocol (January 2018)

Having been unable to obtain Pentobarbital for its then one-drug Protocol, in the Fall of 2017, TDOC began inquiring about developing a new three-drug Protocol. Commissioner Parker

---

[15] Text messages between Drug Procurer and Pharmacy Owner, dated Apr. 6, 2017, attached hereto as **Exhibit 2** at 1.

[16] Emails between Drug Procurer and Pharmacy Owner, dated May 15, 2019, attached hereto as **Exhibit 7**; Emails between Drug Procurer and Pharmacy Owner, dated July 20, 2017, attached hereto as **Exhibit 8**.

[17] Emails between Drug Procurer and Pharmacy Owner, dated Oct. 30, 2019, attached hereto as **Exhibit 9**.

[18] Handwritten Notes of Drug Procurer, dated Feb. 25, 2020, attached hereto as **Exhibit 10**.

[19] Dep. Tr. of Debbie Inglis at 37-39, attached hereto as **Exhibit 11**.

7

did some research on his own but relied on his Deputy Commissioner/General Counsel, the Drug Procurer, and the Tennessee Attorney General's Office to establish the new, three-drug Protocol. Commissioner Parker reviewed the written Protocol but did not have any involvement in drafting it, including the portions that address testing of LIC, which he assumed were drafted in consultation with the Pharmacist.[20]

In early September of 2017, the Drug Procurer informed the Pharmacy Owner that TDOC wanted "to try to find Midazolam and then go from there" if Midazolam was unavailable.[21]  The Pharmacy Owner responded that both Midazolam and Potassium Chloride were "readily available" and that they had "reviewed several protocols from states" with three-drug protocols that use those drugs along with a paralytic.[22] The Pharmacy Owner voiced "concern with Midazolam," stating that "[b]eing a benzodiazepine, it does not elicit strong analgesic effects," meaning "[t]he subjects may be able to feel pain from the administration of the second and third drugs."  The Drug Procurer agreed to "pass this info on to the higher ups."[23]

Nevertheless, TDOC chose to proceed with a three-drug Protocol that included Midazolam, Vecuronium Bromide, and Potassium Chloride.  The Drug Procurer notified the Pharmacy Owner of this decision on September 21, 2017 and asked various questions about the dosage for each, available quantity, cost, shelf life and storage conditions.[24]  In response, the Pharmacy Owner explained that the Vecuronium Bromide was available in a powder which would require reconstituting, noted the "typical dosing" for Potassium Chloride, and advised on the quantity required for both.[25]  The Pharmacy Owner further explained that "there would be no need to

---

[20] Commissioner Parker never spoke to the Pharmacist, as he was advised against such contact by TDOC's attorneys.

[21] Emails between Drug Procurer and Pharmacy Owner, dated Sept. 7, 2017, attached hereto as **Exhibit 12**. (RE: Update)

[22] *Id.*

[23] *Id.*

[24] Emails between Drug Procurer and Pharmacy Owner, dated Sept. 21, 2017, attached hereto as **Exhibit 13**.

[25] *Id.*

8

compound" at that point and that the commercially available drugs could be maintained at room temperature and would have a shelf life of one to two years.[26]  The Drug Procurer communicated this information back to their TDOC superiors.

The Pharmacy began obtaining commercially-manufactured LIC in October 2017. According to the Pharmacy Owner, by October 18, 2017, the Pharmacy had received Midazolam that would expire in June 2018, Vecuronium Bromide that would expire in December 2018, and Potassium Chloride that would expire in May 2018.[27]  On October 26, 2017, the Drug Procurer again asked the Pharmacy Owner for information on how the LIC needed to be stored as well as how to prepare them for injection.[28] The Pharmacy Owner replied that the LIC should be "stored in a secured location at room temperature (between 15 and 30 degrees [Celsius])," and that they would instruct the Pharmacist to draft a protocol on how to prepare them.[29]  The Pharmacy Owner also attached a proposed Pharmacy Services Agreement, which contained terms related to the Pharmacy's provision of prescription medication and compounded preparations.  The Pharmacy Owner and Drug Procurer discussed and made various changes to the terms of this Agreement, but the Pharmacy requirements related to compounding (including compliance with pharmaceutical standards, the United States Pharmacopoeia guidelines and accreditation departments) remained the same.

Around that same time, the Drug Procurer and Pharmacy Owner exchanged a draft of certain pages of the Protocol in development.  In particular, the Drug Procurer provided the Pharmacy Owner with copies of six pages of the Protocol, including full sections entitled "Chemicals Used in Lethal Injection" and "Protocol B: Lethal Injection Chemical Set-Up and Preparation," as well as one page of the section ultimately entitled "Chemical Administration and IV Monitoring."[30]  The Pharmacy Owner made one revision to these pages, changing the size of

---

[26] *Id.*

[27] Emails between Drug Procurer and Pharmacy Owner, dated Oct. 18, 2017, attached hereto as **Exhibit 14**.

[28] Emails between Drug Procurer and Pharmacy Owner, dated Oct. 26, 2017, attached hereto as **Exhibit 15**.

[29] *Id.*

[30] Edited Excerpt of Protocol, attached hereto as **Exhibit 16**.

9


the syringe used for administration of Potassium Chloride to reduce the number of syringes used in an execution from three to two. The Pharmacy Owner sent these revisions to the Drug Procurer on November 28, 2017, along with a signed copy of the finalized Pharmacy Services Agreement.[31]

As of December 2017, the Protocol had not yet been updated. In preparation for the transition to the new three-drug Protocol, by the end of 2017, TDOC had acquired a bulk order of commercially manufactured Midazolam, Vecuronium Bromide, and Potassium Chloride from the Pharmacy. This order kickstarted the first revision of the Protocol to add the three-drug protocol. The January 2018 version of the Protocol included both protocol alternatives using commercially-manufactured drugs: (A) lethal injection by Pentobarbital and (B) lethal injection by Midazolam, Vecuronium Bromide, and Potassium Chloride.

**CHEMICALS USED IN LETHAL INJECTION**

The Department will use one of the following protocols as determined by the Commissioner:

**Protocol A:**

| | |
|---|---|
| Pentobarbital | 100 ml of a 50 mg/mL solution (a total of 5 grams) |

**Protocol B:**

| | |
|---|---|
| Midazolam | 100 ml of a 5mg/ml solution (a total of 500 mg) |
| Vecuronium Bromide | 100 ml of a 1mg/ml solution (a total of 100 mg) |
| Potassium Chloride | 120 ml of a 2 mEq/ml solution (a total of 240 mEq) |

Protocol A was kept because TDOC's search for Pentobarbital was ongoing. Because the January 2018 Protocol does not provide for the use of compounded LIC, there is no discussion of testing in this version of the Protocol.

_____

[31] Emails between Drug Procurer and Pharmacy Owner, dated Nov. 28, 2017 through Dec. 4, 2017, attached hereto as **Exhibit 17**.

3.   Revisions Ahead of July 2018 Protocol

Executions resumed under Tennessee's current Protocol in mid-2018, beginning with the execution of Billy Ray Irick ("Mr. Irick") on August 9, 2018. By this point, TDOC had Potassium Chloride and Vecuronium Bromide that would not expire until July 2019 and June 2020, respectively; however, the Midazolam it had previously acquired was scheduled to expire in June 2018, meaning TDOC would need to procure additional Midazolam for executions.[32]

By the time TDOC began efforts to acquire additional Midazolam in 2018, the Pharmacy was no longer able to obtain it in a commercially manufactured form due to suppliers requesting assurances that the drug would not be used for executions.  As a result, TDOC began ordering Midazolam in its API form to be compounded by the Pharmacy.  Based upon information conveyed to investigators, compounded drugs—in contrast to their commercially manufactured counterparts—should undergo certain testing under pharmaceutical guidelines, have different storage and preparation requirements, and have a much shorter shelf life.

In July 2018, TDOC, in coordination with the Tennessee's Attorney General's Office, revised the initial three-drug Lethal Injection Protocol to include reference to these additional requirements where the LIC are compounded. TDOC also removed alternative "A" – the Pentobarbital protocol – given TDOC's continued inability to obtain it.[33]

---

[32] LIC Inventory Page, dated Dec. 30, 2017, attached hereto as **Exhibit 18**.

[33] Edited Protocol, attached hereto as **Exhibit 19**.

---

### CHEMICALS USED IN LETHAL INJECTION

The Department will use the following protocol for carrying out executions by lethal injection:

| | |
|---|---|
| Midazolam | 100 ml of a 5mg/ml solution (a total of 500 mg) |
| Vecuronium Bromide | 100 ml of a 1mg/ml solution (a total of 100 mg) |
| Potassium Chloride | 120 ml of a 2 mEq/ml solution (a total of 240 mEq) |

Chemicals used in lethal injection executions will either be FDA-approved commercially manufactured drugs; or, shall be compounded preparations prepared in compliance with pharmaceutical standards consistent with the United States Pharmacopeia guidelines and accreditation Departments, and in accordance with applicable licensing regulations.

---

According to the Drug Procurer, they consulted the Pharmacy Owner in the course of TDOC's revision of the Protocol, particularly with respect to testing and storage requirements and compliance with the United States Pharmacopoeia ("USP") guidelines. The Drug Procurer told investigators that, the Pharmacy Owner recommended testing for sterility,[34] potency[35] and endotoxins for compounded LIC. Interestingly, both the Pharmacy Owner and Drug Procurer expressed the belief to investigators that sterility testing included endotoxin testing,[36] but according to the Pharmacist, there are separate tests for sterility and endotoxins. Further, the Pharmacist noted that USP Chapter 797 only requires testing for endotoxins when compounding more than 25 doses at a time. When compounding single-dose vials—as the Pharmacist does for TDOC—the Pharmacist understands that USP Chapter 797 does not require endotoxin testing and

---

[34] Sterility testing is used to confirm sterile products do not contain viable microorganisms before release and patient administration.

[35] Potency testing measures the concentration of the API. It is necessary to ensure the quality, safety, and efficiency of biopharmaceutical products.

[36] The Pharmacy Owner, like the Drug Procurer, is not a pharmacist and has had no pharmaceutical training. The Pharmacy Owner's medical training consists of on-the-job training as an orthopedic scrub technician.

only requires "skip lot" testing (i.e. testing approximately every other batch) for sterility and potency. Regardless, there is no dispute that TDOC's current Protocol requires endotoxin testing.

### 4. July 2018 Protocol and Extra-Protocol Instructions

The resulting, revised Protocol requires a physician's order for compounded drugs and requires the Pharmacist to compound the drugs "in a clean sterile environment in compliance with pharmaceutical standards for identity, strength, quality, and purity of the compounded drug that are consistent with the United States Pharmacopoeia guidelines and accreditation Departments and in accordance with applicable licensing regulations pertaining to pharmacies compounding sterile preparations."[37] The current Protocol then references the Pharmacy Services Agreement, which contains nearly identical language.[38] The current Protocol further requires the Pharmacist to arrange for independent testing of compounded drugs for potency, sterility and endotoxins.[39] Finally, it defers to the Pharmacy's directions, pharmaceutical standards, and the USP guidelines with respect to the transfer, storage and maintenance of compounded LIC,[40] as well as Pharmacy directions for preparing the syringes for use in an execution.[41]

Specific directions related to the preparation of syringes for compounded LIC were not included in the current Protocol itself. Instead, the Pharmacy provided the Drug Procurer with separate preparation instructions for Midazolam—the only compounded LIC in use at the time—in July 2018.[42] Similarly, because compounded drugs must be transported and stored at below-

---

[37] July 2018 Protocol, attached hereto as **Exhibit 20** at 35.

[38] *Id.*

[39] *Id.* The testing requirements also appeared in a 2015 version of a Pharmacy Services Agreement that TDOC may have had with its previous compounding pharmacy. *See* Agreement, dated June 25, 2015, attached hereto as **Exhibit 21**. This language does not appear in the current Agreement between TDOC and the Pharmacy.

[40] July 2018 Protocol, **Exhibit 20** at 35.

[41] *Id.* at 39.

[42] Email from Pharmacy Owner to Drug Procurer, dated July 16, 2018, including Revised IV Protocol, attached hereto as collective **Exhibit 22**.

13



freezing temperatures, the Pharmacy also provided Directions for Unpacking and Storage[43] with each shipment of compounded LIC, which were packed with dry ice. The Midazolam Preparation Instructions require transfer of the compounded Midazolam from the freezer to the refrigerator 24 hours prior to use and explain how to prepare the syringe, which includes adding both Midazolam and saline solution to the syringe.[44] Neither the current Protocol nor these instructions explain how far in advance of an execution compounded LIC should be removed from the refrigerator and prepared in a syringe.[45]

In advance of Mr. Irick's scheduled execution, on or about August 7, 2018,[46] the Pharmacy Owner and Pharmacist participated in a phone call with the Executioner and at least one intravenous ("IV") Team Member for the purpose of (1) explaining how to prepare the Midazolam, (2) explaining how to reconstitute the Vecuronium Bromide, and (3) answering questions from the Execution Team.

### C. Execution Training

In order to carry out safe and effective executions, Riverbend Maximum Security Institution ("RMSI") conducts monthly practice drills.[47] Under the Protocol, members of the Execution Team simulate Day 3 (day of execution) of the death watch procedures for at least one hour per month.[48] The training may last longer if needed. Additional training is held within two

---

[43] Directions for Unpacking and Storage, attached hereto as **Exhibit 23**.

[44] Revised IV Protocol, **Exhibit 22** at 2-4.

[45] Drug Procurer asked Pharmacy Owner about this via text message on July 5, 2018, to which Pharmacy Owner responded "My assumption is that it would need to be used within an hour. I'll confirm with the pharmacist." Text Message between Drug Procurer and Pharmacy Owner, dated July 5, 2018, attached hereto as **Exhibit 24**.

[46] Emails between Pharmacy Owner and Pharmacist, dated Aug. 7, 2018, attached hereto as **Exhibit 25**; Text messages between Drug Procurer and Pharmacy Owner, dated Aug. 7, 2018, attached hereto as **Exhibit 26**

[47] As part of the investigation, Butler Snow's investigative team attended one of the monthly training sessions in person.

[48] Protocol, **Exhibit 20** at 32.

weeks before a scheduled execution, at which point RMSI conducts rehearsals at least twice per week.[49]

As lethal injection is the primary method of execution in Tennessee, the monthly training focuses on the procedures for carrying out executions by lethal injection. Every quarter, RMSI also practices its procedures for carrying out executions by electrocution. If an execution by electrocution is scheduled, then the Execution Team will focus more on those procedures during the monthly training sessions. The Warden oversees all such training, and the TDOC Commissioner also attends many of the practices. All individuals who undergo the training are required to sign training rosters, which are maintained by TDOC.

During the lethal injection training, all steps of an execution are practiced with the following exceptions, as outlined in the Protocol:

A.  [TDOC staff] volunteers play the roles of the condemned inmate and the physician.
B.  Saline solution is substituted for the lethal chemicals.
C.  A body is not placed in the body bag.[50]

Beyond monthly training, the Executioner receives initial and periodic instruction from a qualified medical professional.[51] For instance, the Executioner and other members of the IV Team have received training on how to start an IV in case the emergency medical technicians ("EMTs") are not available. During training, the IV Team practices pushing three syringes of saline, and because they cannot push the actual LIC, nor can they compound any LIC on hand, they simulate the remaining syringes.

---

[49] Protocol, **Exhibit 20** at 32.

[50] Protocol, **Exhibit 20** at 32.

[51] Protocol, **Exhibit 20** at 32.


### III. <u>INVESTIGATIVE ANALYSIS</u>

This section provides Butler Snow's analysis of the facts learned through document review and investigative interviews based on the three areas of investigation provided by Governor Lee.

#### A. **Circumstances Surrounding the Scheduled Execution of Oscar Franklin Smith**

Oscar Franklin Smith was originally scheduled to be executed on June 4, 2020.[52] Mr. Smith filed a motion to stay his execution due to the COVID-19 pandemic, and a stay was granted on April 17, 2020.[53] His execution was initially reset for February 4, 2021.[54] The COVID-19 stay was lifted, and Mr. Smith's execution was reset for April 21, 2022.[55] On March 21, 2022, TDOC informed Mr. Smith that his execution would be carried out by lethal injection "according to the protocol and procedures in TDOC's Lethal Injection Manual, as amended on July 5, 2018, using a three-drug combination consisting of Midazolam, Vecuronium Bromide, and Potassium Chloride."[56]

A physician's prescription for Midazolam and Potassium Chloride was issued for Mr. Smith on March 16, 2022.[57] The Pharmacy compounded the Midazolam and Potassium Chloride and sent samples to the independent testing laboratory[58] (the "Lab") for sterility and potency testing on or about March 18 (Potassium Chloride) and April 6 (Midazolam) of 2022. The Potassium Chloride sample passed sterility testing on March 21, and the Midazolam sample passed

---

[52] Order, *Smith v. State of Tennessee*, Case No. M2016-01869-SC-R11-PD, attached hereto as **Exhibit 27**.

[53] Notice – Order – Stay Execution (Death) Granted, *Smith v. State of Tennessee*, Case No. M2016-01869-SC-R11-PD, attached hereto as **Exhibit 28**.

[54] *Id.*

[55] Notice – Order (Other) – Miscellaneous (Sua Sponte), *Smith v. State of Tennessee*, Case No. M2016-01869-SC-R11-PD, attached hereto as **Exhibit 29**.

[56] Smith Notification Letter, dated Mar. 21, 2022, attached hereto as **Exhibit 30**.

[57] Smith Prescription, dated Mar. 16, 2022, attached hereto as **Exhibit 31**.

[58] The Pharmacy has used the same independent testing laboratory since it began working with TDOC.

16

sterility testing on April 20.[59] The Potassium Chloride sample yielded a within-range potency of 103% on March 31, and the Midazolam sample yielded a within-range potency of 102% on April 8. The Pharmacist subsequently provided the test results to the Drug Procurer.[60] The samples were not tested for endotoxins.

The LIC arrived at RMSI on or about April 12. On April 12, 14 and 18, lethal injection training was conducted at the prison.[61] On April 20, the LIC were moved to the refrigerator for thawing prior to the execution. Also, on April 20, Mr. Smith's attorney, Kelley Henry ("Ms. Henry"), sent an email to TDOC's Deputy Commissioner/General Counsel (1) inquiring about whether the LIC to be used in Mr. Smith's execution had been tested for "strength, sterility, stability, potency, and presence of endotoxins" and (2) requesting a copy of the test results.[62] The Deputy Commissioner/General Counsel informed TDOC Interim Commissioner Lisa Helton ("Interim Commissioner Helton") about Ms. Henry's request.

The Deputy Commissioner/General Counsel forwarded the email to the Drug Procurer[63] to determine the status of the LIC testing. The Drug Procurer, in turn, contacted the Pharmacist on April 20 to determine if an endotoxin test had been conducted or if the endotoxin test was the same as sterility testing.[64] According to a text exchange between the Drug Procurer and the Pharmacist: "No endotoxin test, it's a different test but based on USP 797 the amount we make isn't required.

---

[59] Based on this date, the Pharmacist would have had to send the LIC to the Drug Procurer before the test results came back because the execution was scheduled for the following day (April 21), and the LIC must thaw for 24 hours before they can be used. Butler Snow did not find any evidence of when the LIC were sent for Mr. Smith's execution.

[60] Testing Reports, dated Mar. 21, 31, and Apr. 8, 20, 2022, attached hereto as **Exhibit 32**.

[61] *See supra* for a discussion of TDOC's execution training protocols.

[62] Email from K. Henry to D. Inglis, dated April 20, 2022, attached hereto as **Exhibit 33**. Ms. Henry also sent a follow-up email on April 21, 2022, at 5:50:42 PM, again requesting the testing results. A copy of this email is attached hereto as **Exhibit 34**. Later that same day, Ms. Henry sent an email asking TDOC to preserve all records, documents, drugs, and drug paraphernalia that were to be used in Mr. Smith's execution. A copy of this email is attached hereto as **Exhibit 35**.

[63] Other individuals with TDOC and the Tennessee Attorney General's office received the email, either by virtue of being cc'd or via forward.

[64] Text messages between Drug Procurer and Pharmacist, dated Apr. 20-21, 2022, attached hereto as **Exhibit 36**.

Is the endotoxin test requested? Sorry I didn't have it tested."[65] The Drug Procurer indicated a belief that endotoxin testing had been done on prior occasions and that they would contact the Pharmacist on the following day to discuss the USP 797 guidelines.[66] Therefore, at least one TDOC employee was aware that no endotoxin testing had been conducted on the LIC during the evening of the day before Mr. Smith's scheduled execution.

        1.   Day of Execution: TDOC

On the morning of April 21, 2022, the Drug Procurer asked the Pharmacist whether the Lab still had samples and would be able to do the endotoxin testing that day.[67] The Pharmacist responded that the testing could not be done because they would have had to send extra samples for the Lab to do endotoxin testing.[68] Around lunchtime on April 21, TDOC employees who were to be involved in the execution gathered at Interim Commissioner Helton's residence for a final walk-through – which is customary on the scheduled day of an execution. During this time, there were also ongoing conversations between TDOC, the Tennessee Attorney General's Office, and Governor Lee's office. TDOC advised that if the LIC were not tested for endotoxins, then TDOC would need to ask Governor Lee for a reprieve. At that point, the Drug Procurer indicated that the testing was not required by USP guidelines. Even so, it was required by the current Protocol, and as such, TDOC would seek a reprieve because the Protocol was not followed. The Tennessee Attorney General's Office also recommended a reprieve.

During the afternoon of Mr. Smith's execution day, while the reprieve request was still being considered, the Execution Team needed to proceed as though the execution would go as scheduled. For instance, Execution Team members needed to take their stations, and the victims' family needed to be moved to their locations. Media representatives also were scheduled to be at RMSI for the execution. For this reason, Interim Commissioner Helton chose to move forward and

---

[65] *Id.*

[66] *Id.* The Pharmacist also testified in a deposition to having tested for endotoxins before, but as explained above, they only did endotoxin testing on the initial batch of Midazolam when they were testing the methodology.

[67] *Id.*

[68] *Id.*

continue preparing for the execution until the reprieve was issued. Around 4:30 PM CT, the Drug Procurer met the Executioner to get the LIC out of the refrigerator and transport the LIC to the Execution Chamber.[69] About 5:30 PM CT, the Execution Team began preparing the syringes to be used during the execution.

TDOC learned that the reprieve would be issued at 5:45 PM CT. Interim Commissioner Helton advised Warden Tony Mays, who told Mr. Smith about the reprieve. Mr. Smith's attorney and spiritual advisor were also present when the news was delivered. Interim Commissioner Helton also spoke with members of TDOC to assure them that they had done a good job preparing for the execution. Once the execution was called off, TDOC stopped setup of the LIC at approximately 5:51 PM CT.[70] The Execution Team had partially prepared the first (red) set of LIC (saline and Vecuronium Bromide) but had not yet mixed the compounded LIC. TDOC then undertook efforts to preserve the LIC and all documentation in the event of an investigation.[71]

2. Day of Execution: Tennessee's Attorney General's Office

Around 1:30 PM CT on April 21, 2022, members of the Tennessee Attorney General's Office met to review documents, review the Protocol, and discuss next steps. The Tennessee Attorney General's Office team concluded that they could not state that TDOC followed the Protocol in preparing for Mr. Smith's execution. Accordingly, the attorneys turned their focus to how best to respond to Mr. Smith's attorney's inquiry. They also spoke with the Pharmacist, who indicated that they had done endotoxin testing in the past but not for the LIC to be used in Mr. Smith's execution. At this point, the Pharmacist purportedly indicated that the lack of endotoxin testing was an "oversight."[72] The group also spoke with the Drug Procurer, and one member of the Tennessee Attorney General's Office spoke with an expert, who was also a pharmacist and

---

[69] Text messages between Drug Procurer and Executioner, dated Apr. 21, 2022, attached hereto as **Exhibit 37**.

[70] Drug Procurer text messages, dated Apr. 20-22, 2022, attached hereto as **Exhibit 38**.

[71] Inventory of Items Preserved from Apr. 21, 2022 Execution Prep, attached hereto as **Exhibit 39**.

[72] The Pharmacist was clear when speaking to Butler Snow that only one endotoxin test had ever been performed because it was not required under the USP guidelines based on the amount of drugs compounded. The purpose of the one endotoxin test, performed in May 2018, was to test the Pharmacy's compounding methodology.

19



explained why endotoxin testing was important. After the reprieve was issued, members of the Tennessee Attorney General's Office were invited to the executive residence for a meeting with Governor Lee regarding the execution events.

### 3. Days Following Cancelled Execution

After issuing the reprieve in connection with Mr. Smith's execution, Governor Lee's office asked for a copy of the current Protocol and other documents that would aid in determining why the LIC were not tested for endotoxins. TDOC compiled the requested documents and provided them to Governor Lee's office. At some point between April 21 and 27, the question was raised regarding whether endotoxin testing had been conducted in connection with the lethal injection executions TDOC conducted as scheduled subsequent to adopting the July 2018 Protocol. The Pharmacist apparently had informed the Drug Procurer that they had not done endotoxin testing for any of the prior executions because the test was not required under USP guidelines. The Pharmacist indicated to Butler Snow that they were surprised when the Drug Procurer asked if endotoxin testing had been performed for the LIC for Mr. Smith's execution because they had never been asked to do endotoxin testing before. The Pharmacist was also unaware that endotoxin testing was part of the Protocol. In fact, Butler Snow has found no evidence that the current Protocol was ever provided to the Pharmacy. It appears that the Pharmacist was following the USP guidelines to determine what tests to conduct on the LIC, because TDOC never sent them the Protocol. The Pharmacist had no way of knowing TDOC finalized and implemented the Protocol. The Tennessee Attorney General's Office requested documents, including all LIC testing records. On April 22, 2022, the Tennessee Attorney General's Office received 31 pages of testing results dating back to 2018, although only 17 of those had been produced previously in litigation.

On April 24, in response to an inquiry from the Governor's office, the Drug Procurer provided the following information regarding TDOC's policies for lethal injection: (1) the Protocol does not require any additional testing of the LIC beyond the tests conducted by the Lab after the Pharmacy compounds the LIC; (2) there is no policy or procedure in place to address how the LIC test results are to be maintained following TDOC's receipt; (3) there is no log book to track periodic testing, since it is not required, but all third-party test results are received and maintained


by the Drug Procurer; and (4) there are no documents evidencing TDOC's review (yearly or otherwise) of the Protocol.[73]

By April 27, it became clear that none of the LIC used and/or prepared for post-2018 executions had been tested for endotoxins. Further, TDOC learned that there were additional problems with the testing of the LIC used in Mr. Irick's execution in 2018 because there was also no potency testing completed.[74] The explanation provided by the Pharmacy Owner at the time was that the potency test conducted for the batch in May 2018 was good for the LIC provided for the scheduled execution of Mr. Irick in August 2018. Through the course of their post Mr. Smith reprieve dialogue with the Pharmacist, TDOC learned that this was in fact not true.

As stated earlier in this Report, there is no indication that TDOC provided the Pharmacy with a copy of the July 2018 Protocol, under which all of the executions covered in this Report were carried out. The Pharmacist did not conduct endotoxin testing unless it was requested, and TDOC did not specifically request endotoxin testing results until the day of Mr. Smith's execution. However, TDOC consistently only requested sterility and potency testing results from the Pharmacy in connection with each scheduled lethal injection execution.[75]

**B. Adherence to Protocol's Testing Policies Since Update in July 2018**

Since the Protocol was updated in July 2018, there have been a total of seven executions, two of which were by lethal injection, and five of which were by electrocution.[76] Butler Snow's review of TDOC's adherence to the Protocol necessitated a review of each execution carried out by TDOC since adoption of the July 2018 Protocol. Butler Snow discovered that only one sample of Midazolam was ever tested for endotoxins, and no samples of Potassium Chloride were tested

---

[73] Emails between Gov. Lee's office and TDOC, dated Apr. 21-24, 2022, attached hereto as **Exhibit 40**.

[74] See *infra* for more information.

[75] TDOC likely did not request endotoxin testing because the Drug Procurer was operating under the mistaken belief that endotoxin testing was incorporated in the sterility testing.

[76] Executions by electrocution are covered under TDOC's Electrocution Protocol (updated March 13, 2017). These executions are only discussed here because, as explained above, TDOC decided to have LIC available for all executions, regardless of the method chosen by the condemned.

21



for endotoxins. The only endotoxin test was conducted in May 2018, a few months before Mr. Irick's execution. The following is an illustration of the LIC testing results during the relevant timeframe:

## LIC Testing Results Spreadsheet

| Test Date | Drug | Test | Results | Date Received | Inmate |
|-----------|------|------|---------|---------------|--------|
| 5/22/2018 | Midazolam | Suitability | Pass | 5/10/2018 | Irick |
| 5/14/2018 | Midazolam | Container Closure Integrity | Pass | 5/10/2018 | Irick |
| 5/11/2018 | Midazolam | Potency | 97.00% | 5/10/2018 | Irick |
| 5/11/2018 | Midazolam | Bacterial Endotoxins | Pass | 5/10/2018 | Irick |
| 5/25/2018 | Midazolam | Sterility | Pass | 5/10/2018 | Irick |
| 8/6/2018 | Midazolam | Sterility | Pass | 7/21/2018 | Irick |
| 9/24/2018 | Midazolam | Potency | 94.20% | 9/22/2018 | Zagorski |
| 10/8/2018 | Midazolam | Sterility | Pass | 9/22/2018 | Zagorski |
| 11/7/2018 | Midazolam | Potency | 54.20% | 10/27/2018 | Zagorski |
| 12/4/2018 | Midazolam | Potency | 89.40% | 11/21/2018 | Miller |
| 12/5/2018 | Midazolam | Sterility | Pass | 11/21/2018 | Miller |
| 4/26/2019 | Midazolam | Potency | 104.00% | 4/25/2019 | Johnson |
| 5/9/2019 | Midazolam | Sterility | Pass | 4/25/2019 | Johnson |
| 7/17/2019 | Potassium Chloride | Potency | 112.00% | 7/16/2019 | West |
| 7/30/2019 | Potassium Chloride | Sterility | Pass | 7/16/2019 | West |
| 7/18/2019 | Midazolam | Potency | 92.40% | 7/16/2019 | West |
| 7/30/2019 | Midazolam | Sterility | Pass | 7/16/2019 | West |
| 7/31/2019 | Potassium Chloride | Suitability | Pass | 7/26/2019 | West |
| 8/12/2019 | Potassium Chloride | Potency | 94.00% | 8/6/2019 | West |
| 8/7/2019 | Potassium Chloride | Potency | 94.00% | 8/6/2019 | West |
| 8/9/2019 | Potassium Chloride | Sterility | Pass | 8/6/2019 | West |
| 11/18/2019 | Midazolam | Potency | 114.00% | 11/13/2019 | Hall |
| 11/22/2019 | Midazolam | Potency | 98.60% | 11/21/2019 | Hall |
| 12/5/2019 | Potassium Chloride | Potency | 94.70% | 12/2/2019 | Hall |
| 12/5/2019 | Midazolam | Sterility | Pass | 11/21/2019 | Hall |
| 12/16/2019 | Potassium Chloride | Sterility | Pass | 12/2/2019 | Hall |
| 1/17/2020 | Potassium Chloride | Potency | 104.00% | 1/14/2020 | Sutton |
| 1/28/2020 | Potassium Chloride | Sterility | Pass | 1/14/2020 | Sutton |
| 1/27/2020 | Midazolam | Potency | 100.00% | 1/14/2020 | Sutton |
| 1/28/2020 | Midazolam | Sterility | Pass | 1/14/2020 | Sutton |
| 7/21/2020 | Potassium Chloride | Potency | 99.50% | 7/17/2020 | Nichols |

BUTLER | SNOW

| Test Date | Drug | Test | Results | Date Received | Inmate |
|---|---|---|---|---|---|
| 7/21/2020 | Midazolam | Potency | 98.40% | 7/17/2020 | Nichols |
| 7/31/2020 | Midazolam | Sterility | Pass | 7/17/2020 | Nichols |
| 7/31/2020 | Potassium Chloride | Sterility | Pass | 7/17/2020 | Nichols |
| 4/8/2022 | Midazolam | Potency | 102.00% | 4/6/2022 | Smith |
| 4/20/2022 | Midazolam | Sterility | Pass | 4/6/2022 | Smith |
| 3/21/2022 | Potassium Chloride | Sterility | Pass | 3/18/2022 | Smith |
| 3/31/2022 | Potassium Chloride | Potency | 103.00% | 3/22/2022 | Smith |

1. Billy Ray Irick

In May 2018, the Pharmacy sent a sample of its first compounded batch of Midazolam to the external Lab for testing. That sample was tested for method suitability,[77] container closure integrity,[78] potency, bacterial endotoxins, and sterility.[79] Although not all tests are required under the USP, the Pharmacist explained that they requested these tests for their first compounded batch to ensure their compounding process was sound. The sample passed each of the tests and yielded a within-range potency of 97%. It appears that this lot was essentially a "test run," given that this was the first time the Pharmacy would be compounding Midazolam rather than ordering it in commercially manufactured form. According to the Pharmacy Owner—in text messages[80] with the Drug Procurer—passing the method suitability test indicates that the Pharmacy's method for compounding the drug is sound and translates across multiple batches. However, passing results on one batch for potency, sterility, and endotoxins does not necessarily indicate that a subsequent batch will yield the same test results. Based on the 45-day shelf life of compounded Midazolam, the batch tested in May 2018 would have surpassed its beyond-use date prior to Mr. Irick's execution date in August 2018.

---

[77] Method suitability testing is performed to determine whether any inhibitory or antimicrobial properties in a drug product will prevent the sterility test from detecting the presence of viable microorganisms.

[78] Container closure integrity testing is performed to evaluate the adequacy of a closure in maintaining a sterile barrier.

[79] Testing Reports, attached hereto as **Exhibit 41**.

[80] Text messages between Drug Procurer and Pharmacy Owner, dated Aug. 8, 2019, attached hereto as **Exhibit 42**.

A physician's prescription for Midazolam was issued for Mr. Irick on July 18, 2018,[81] and the Pharmacy compounded the Midazolam on July 20.[82]  A sample of that lot was sent for testing on or about July 21, 2018.[83]  This lot was tested for sterility on August 6, 2018 and passed,[84] and the Pharmacy Owner sent those test results to the Drug Procurer via email the same day.[85]  Text messages between the Drug Procurer and the Pharmacy Owner indicate that, at TDOC's urging, the Pharmacy Owner shipped the Midazolam to TDOC before receiving those test results.[86]

This lot of Midazolam was not tested for potency or endotoxins.  When the sterility test came back, the Drug Procurer asked the Pharmacy Owner via text message about the potency results.[87]  The Pharmacy Owner replied that the pharmacist did not request a potency verification given that our methodology and suitability passed in May with the same midazolam lot.[88]  The Drug Procurer asked whether this indicated that "the potency portion is good for that whole 50-gram batch."[89]  The Pharmacy Owner responded:

> "Our methodology is good for any batch of midazolam.  It just verifies that how we process the compound yields the intended dosing within an acceptable range.  Potency testing isn't required for every lot, however, given the sensitive nature of

---

[81] Irick Prescription, dated July 18, 2018, attached hereto as **Exhibit 43**.

[82] Email from Pharmacy Owner to Drug Procurer, dated Aug. 8, 2018, including copy of Logged Formula Worksheet, dated July 20, 2018, attached hereto as **Exhibit 44**.

[83] Testing Report, dated Aug. 6, 2018, attached hereto as **Exhibit 45**.

[84] *Id.* (25)

[85] Email from Pharmacy Owner to Drug Procurer, dated Aug. 6, 2018, including copy of Testing Report, dated Aug. 6, 2018, attached hereto as **Exhibit 46**.

[86] Text messages between Drug Procurer and Pharmacy Owner, dated July 25-26, 2018, attached hereto as **Exhibit 47**.

[87] Text messages between Drug Procurer and Pharmacy Owner, attached hereto as **Exhibit 48**.

[88] *Id.*

[89] Text messages between Drug Procurer and Pharmacy Owner, dated Aug. 7, 2018, attached hereto as **Exhibit 49**.

its intended use, I have instructed [the Pharmacist] to request it every time moving forward."[90]

The Drug Procurer accepted this explanation and did not inform the Pharmacy Owner that a potency test was nevertheless required under the Protocol. It appears that this batch of Midazolam was used in the execution of Mr. Irick on August 9, 2018.

  2. Edmund Zagorski

Edmund Zagorski ("Mr. Zagorski") was initially scheduled to be executed on October 11, 2018 by lethal injection.[91] A physician's prescription for Midazolam was issued for Mr. Zagorski on September 21, 2018.[92] Upon compounding the Midazolam, the Pharmacy sent a sample of that lot to the Lab for testing on or about September 22, which was tested for both sterility and potency.[93] While this testing was pending, the Drug Procurer asked the Pharmacy Owner "to go ahead and ship the latest batch" on September 25, which the Pharmacy Owner did.[94] The sample ultimately passed the sterility test and yielded a within-range potency of 94.2%.[95] The Pharmacy Owner sent these results to the Drug Procurer via email on October 10, 2018.[96] The sample was not tested for endotoxins.

On October 8, Mr. Zagorski apparently submitted an Affidavit Concerning Method of Execution purporting to waive his right to execution by lethal injection and electing to be executed

---

[90] *Id.*

[91] Zagorski Notification Letter, dated Sept. 27, 2018, attached hereto as **Exhibit 50**.

[92] Zagorski Prescription, dated Sept. 21, 2018, attached hereto as **Exhibit 51**.

[93] Testing Reports, dated Sept. 24 and Oct. 8, 2018, attached hereto as **Exhibit 52**.

[94] Text messages between Drug Procurer and Pharmacy Owner, dated Sept. 25, 2018, attached hereto as **Exhibit 53**.

[95] Testing Reports, dated Sept. 24 and Oct. 8, 2018, attached hereto as **Exhibit 54**.

[96] Email from Pharmacy Owner to Drug Procurer, dated Oct. 10, 2018, including Testing Report, attached hereto as **Exhibit 55**.

by electrocution instead.[97]  Given this late change, then Tennessee Governor Bill Haslam issued a reprieve on October 11, which remained in effect until October 21.[98] Mr. Zagorski ultimately confirmed his decision to be executed by electrocution, to which TDOC agreed, and his execution was rescheduled for November 1.  Nevertheless, although not explicitly required by the Protocol, TDOC made the decision from that point forward to obtain LIC for each execution in the event of a last-minute method change.  Accordingly, a second physician's prescription for Midazolam was issued for Mr. Zagorski on October 24,[99] the Pharmacy compounded the Midazolam, and sent a sample to the Lab for sterility and potency testing on or about October 27.[100]  The sample was not tested for endotoxins. By the time the potency test was completed on November 7—yielding a below-range result of 54.2%—Mr. Zagorski had already been executed by electrocution on November 1.

### 3.  David Earl Miller

David Earl Miller ("Mr. Miller") was scheduled to be executed on December 6, 2018, and TDOC notified Mr. Miller by letter dated November 21 that it planned to carry out this execution by lethal injection.[101]  A physician's prescription for Midazolam was issued for Mr. Miller on November 16,[102] and the Pharmacy compounded the Midazolam and sent a sample to the Lab for sterility and potency testing on or about November 21.[103]  Mr. Miller elected to be executed by electrocution on November 23.[104]  The sample later passed sterility testing but yielded a below-

---

[97] Letter from D. Inglis to K. Henry re: *State of Tennessee v. Edmund Zagorski*, M1996-00110-SC-DPE-DD, dated Oct. 9, 2018, attached hereto as **Exhibit 56**.

[98] Zagorski Reprieve, dated Oct. 11, 2018, attached hereto as **Exhibit 57**.

[99] Second Zagorski Prescription, attached hereto as **Exhibit 58**.

[100] Testing Report, dated Nov. 7, 2018, attached hereto as **Exhibit 59**.

[101] Miller Notification Letter, dated Nov. 21, 2018, attached hereto as **Exhibit 60**.

[102] Miller Prescription, dated Nov. 16, 2018, attached hereto as **Exhibit 61**.

[103] Testing Reports, dated Dec. 4, 5, 2018, attached hereto as **Exhibit 62**.

[104] Miller Notification Letter signed by Miller, dated Nov. 23, 2018, attached hereto as **Exhibit 63**.


range potency of 89.4%.[105] The sample was not tested for endotoxins. The Midazolam was not used, as Mr. Miller was executed by electrocution on December 6 as scheduled.

### 4. Donnie Edward Johnson

Donnie Edward Johnson ("Mr. Johnson") was scheduled to be executed on May 16, 2019 by lethal injection.[106] A physician's prescription for Midazolam was issued for Mr. Johnson on April 17, 2019,[107] the Pharmacy compounded the Midazolam, and sent a sample to the Lab for sterility and potency testing on or about April 25.[108] The potency test came back first, on April 26, with a within-range result of 104%. The Pharmacy Owner sent this result to the Drug Procurer on April 29.[109] While the sterility test was still pending, the Drug Procurer asked the Pharmacy Owner via text message if they could send the Midazolam to TDOC early, stating "[It would] be good to go ahead and get it stored since next week will be execution week and a little hectic."[110] The Pharmacy Owner agreed and shipped the Midazolam on May 8 via priority overnight.[111] The package arrived and the sterility test came back the next day—May 9—with a passing result, which the Pharmacy Owner sent to the Drug Procurer.[112] The sample was not tested for endotoxins. Mr. Johnson was executed by lethal injection on May 16 as scheduled with the compounded Midazolam received from the Pharmacy and the unexpired, commercially-manufactured

---

[105] Testing Reports, **Exhibit 64**.

[106] Johnson Notification Letter, dated Apr. 16, 2019, attached hereto as **Exhibit 65**.

[107] Johnson Prescription, dated Apr. 17, 2019, attached hereto as **Exhibit 66**.

[108] Testing Reports, dated Apr. 26 and May 9, 2019, attached hereto as **Exhibit 67**.

[109] Email from Pharmacy Owner to Drug Procurer, dated Apr. 29, 2019, including Testing Report, attached hereto as **Exhibit 68**.

[110] Text messages between Pharmacy Owner and Drug Procurer, dated May 8, 2019, attached hereto as **Exhibit 69**.

[111] Text messages between Pharmacy Owner and Drug Procurer, dated May 8, 2019, attached hereto as **Exhibit 70**.

[112] Text messages between Pharmacy Owner and Drug Procurer, dated May 9, 2019, attached hereto as **Exhibit 71**; Email from Pharmacy Owner to Drug Procurer, dated May 9, 2019, including Testing Report, attached hereto as **Exhibit 72**.



Vecuronium Bromide and Potassium Chloride that TDOC still had in its inventory. Following Mr. Johnson's execution, on May 20, 2019, Ms. Henry requested "all data regarding the lethal injection chemicals used in the execution including the results of the sterility testing of the chemicals[.]"[113]

5. Stephen West

Stephen West ("Mr. West") was scheduled to be executed on August 15, 2019 by lethal injection.[114] Because the Potassium Chloride in TDOC's inventory would expire in July 2019, TDOC needed to acquire both Midazolam and Potassium Chloride in advance of Mr. West's planned execution. As with the Midazolam in early 2018, the Pharmacy was no longer able to obtain commercially-manufactured Potassium Chloride, necessitating it to compound the drug instead. In preparation for this switch, the Pharmacist drafted separate Preparation Instructions for Potassium Chloride at the Drug Procurer's request.[115] The Pharmacy Owner and Drug Procurer exchanged drafts of these instructions on June 26, 2019, with the Drug Procurer making edits to the quantity of saline, number of syringes, and certain outlined steps.[116] The Pharmacy Owner forwarded the Drug Procurer's revised draft to the Pharmacist, who approved the same on July 2.[117] Like the Midazolam Preparation Instructions, these instructions require transfer of the compounded Potassium Chloride from the freezer to the refrigerator 24 hours prior to use and explain how to prepare the syringe, but they do not instruct on how far in advance of an execution to prepare that syringe.

---

[113] Email from K. Henry to D. Inglis, dated May 20, 2019, attached hereto as **Exhibit 73**.

[114] West Notification Letter, attached hereto as **Exhibit 74**.

[115] Text messages between Drug Procurer and Pharmacy Owner, dated June 17, 21 and 24, 2019, attached hereto as **Exhibit 75**.

[116] Emails between Drug Procurer and Pharmacy Owner, dated June 26, 2019, including Potassium Chloride Preparation Instructions, attached hereto as **Exhibit 76**.

[117] Emails between Drug Procurer, Pharmacy Owner and Pharmacist, dated June 26 and July 2, 2019, attached hereto as **Exhibit 77**.

A physician's prescription for Midazolam and Potassium Chloride was issued for Mr. West on July 12, 2019.[118]  The Pharmacy compounded the Midazolam and Potassium Chloride and sent samples to the Lab for sterility and potency testing on or about July 16.[119]

The Midazolam sample yielded a within-range potency of 92.4% on July 18, but the Potassium Chloride sample yielded an above-range potency of 112% on July 17.[120]  The Pharmacy Owner sent both results to the Drug Procurer on July 24.[121]  By separate text message, the Pharmacy Owner instructed the Drug Procurer to "scratch that batch" of Potassium Chloride in light of the above-range potency result and informed the Drug Procurer that the Pharmacy had prepared and sent another batch for testing.[122]  The Midazolam sample passed sterility testing on July 30, and the Pharmacy Owner sent those results to the Drug Procurer via email the next day.[123]

On August 1, the Pharmacy Owner informed the Drug Procurer via text message that the Pharmacy was "having issues with the potassium chloride" and that they "can't use it" because it was "falling out of solution."[124]  According to investigative interviews, when a drug is falling out of solution, it means the API is not fully dissolving into the intended liquid form during the compounding process.  The Pharmacy ultimately compounded several batches and sent a successful sample of one of those batches to the Lab for sterility and potency testing on or about

---

[118] West Prescription, dated July 12, 2019, attached hereto as **Exhibit 78**.

[119] Testing Reports, dated July 17, 30, 2019, attached hereto as **Exhibit 79**.

[120] *Id.*

[121] Email from Pharmacy Owner to Drug Procurer, dated July 24, 2019, including Testing Reports, attached hereto as **Exhibit 80**.

[122] Text messages between Pharmacy Owner and Drug Procurer, dated July 29-31, 2019, attached hereto as **Exhibit 81**.

[123] Email from Pharmacy Owner to Drug Procurer, dated July 31, 2019, including Testing Report, attached hereto as **Exhibit 82**.

[124] Text messages between Pharmacy Owner and Drug Procurer, dated Aug. 1, 2019, attached hereto as **Exhibit 83**.

August 6, 2019.[125]  It appears a separate sample was also sent for Suitability testing and passed.[126]  On August 8, while this testing was pending, the Drug Procurer asked the Pharmacy Owner via text message if they could send the LIC the following day, explaining "[the] higher ups [don't] wanna [sic] wait till [sic] Tuesday."[127]  The Pharmacy Owner agreed.  The Drug Procurer also asked if they could rely on the sterility testing from a prior batch of Potassium Chloride for sterility on the new batch.[128]  Initially, the Pharmacy Owner replied "Absolutely."  However, in response to further questioning by the Drug Procurer regarding USP guidelines for relying on testing from a prior batch, the Pharmacy Owner explained "You could rely on that as proof that our methodology is valid.  You cannot apply one lot's sterility to another lot."[129]

The Drug Procurer and Pharmacy Owner made further edits to the Pharmacy's instructions for Potassium Chloride on August 8.[130]  On August 9, the Pharmacy Owner also sent the Drug Procurer an "in-house sterility report" for the Potassium Chloride batch, which showed a passing result.[131]  The Drug Procurer continued to follow up with the Pharmacy Owner via text message in the subsequent days regarding test results.[132]  On August 12, the Pharmacy Owner emailed the potency test report for the Potassium Chloride, which showed a within-range potency of 94%.[133]

---

[125] Testing Reports, dated Aug. 7, 12, 2019, attached hereto as **Exhibit 84**.

[126] Testing Reports, dated July 31, 2019, attached hereto as **Exhibit 85**.

[127] Text messages between Drug Procurer and Pharmacy Owner, dated Aug. 8, 2019, attached hereto as **Exhibit 86**.

[128] Text messages between Drug Procurer and Pharmacy Owner, attached hereto as **Exhibit 87**.

[129] Text messages between Drug Procurer and Pharmacy Owner, dated Aug. 8, 2019, attached hereto as **Exhibit 88**.

[130] Emails between Drug Procurer and Pharmacy Owner, dated Aug. 8, 2019, including Potassium Chloride Preparation Instructions, attached hereto as **Exhibit 89**.

[131] Email from Pharmacy Owner to Drug Procurer, dated Aug. 9, 2019, including In-House Sterility Report, dated Aug. 6, 2019, attached hereto as **Exhibit 90**.  Note that the Protocol requires the Pharmacist to arrange **independent** testing of the LIC. *See* Protocol, **Exhibit 20** at 35.

[132] Text messages between Drug Procurer and Pharmacy Owner, dated Aug. 8-12, 2019, attached hereto as **Exhibit 91**.

[133] Emails from Pharmacy Owner to Drug Procurer, dated Aug. 12, 2019, including Testing Reports dated Aug. 7, 12, 2019, attached hereto as **Exhibit 92**.



The sample was not tested for endotoxins. Ultimately, Mr. West elected to be executed by electrocution, which proceeded as scheduled on August 15.

### 6. Lee Hall

Lee Hall ("Mr. Hall") was scheduled to be executed on December 5, 2019 by lethal injection.[134]  A physician's prescription for Midazolam and Potassium Chloride was issued for Mr. Hall on November 1, 2019.[135]  Shortly thereafter, Mr. Hall elected to be executed by electrocution; however, consistent with its practice, TDOC proceeded to obtain back-up LIC.  The Pharmacy compounded a batch of Midazolam and sent a sample to the Lab for sterility and potency testing on or about November 13.[136]  The potency test came back on November 18 with an above-range potency of 114%.  The Pharmacy Owner sent this result to the Drug Procurer via email on November 20.[137]

The Pharmacy compounded a second batch of Midazolam and sent a sample to the Lab for sterility and potency testing on or about November 21.[138]  The potency test on that sample came back on November 22 with a within-range potency of 98.6%.  On November 25, the Pharmacy Owner shipped two packages to the Drug Procurer—presumably the Midazolam and Potassium Chloride—and sent shipping information via text message.[139]  The Pharmacy Owner then sent the Midazolam potency result to the Drug Procurer via email on November 26.[140]

---

[134] Hall Notification Letter, dated Nov. 5, 2019, attached hereto as **Exhibit 93**.

[135] Hall Prescription, dated Nov. 1, 2019, attached hereto as **Exhibit 94**.

[136] Testing Reports, dated Nov. 18, 2019, attached hereto as **Exhibit 95**.

[137] Email from Pharmacy Owner to Drug Procurer, dated Nov. 20, 2019, including Testing Report dated Nov. 18, 2019, attached hereto as **Exhibit 96**.

[138] Testing Report, dated Nov. 22, 2019, attached hereto as **Exhibit 97**.

[139] Text messages between Drug Procurer and Pharmacy Owner, dated Nov. 25, 2019, attached hereto as **Exhibit 98**.

[140] Email from Pharmacy Owner to Drug Procurer, dated Nov. 26, 2019, attached hereto as **Exhibit 99**.

At some point, the Pharmacy also compounded a batch of Potassium Chloride and sent it to the Lab for sterility and potency testing; however, on December 2, the Pharmacy Owner texted the Drug Procurer to inform him that they had "missed the mark by 2% points" on the Potassium Chloride and were sending a new batch.[141] The Pharmacy sent a sample of that new batch to the Lab for potency and sterility testing on or about December 2.[142] The Pharmacy Owner then mailed the new Potassium Chloride to TDOC on December 3.[143] On December 5, the second batch of Midazolam passed sterility testing and the second batch of Potassium Chloride yielded a within-range potency of 94.7%.[144] The Pharmacy Owner sent both results to the Drug Procurer the same day.[145] Mr. Hall was executed via electrocution as scheduled that evening. The Pharmacy did not receive a passing sterility result on the Potassium Chloride until December 16.[146] None of the samples were tested for endotoxins.

7. Nicholas Sutton

Nicholas Sutton ("Mr. Sutton") was scheduled to be executed on February 20, 2020. A physician's prescription for Midazolam and Potassium Chloride was issued for Mr. Sutton on December 19, 2019.[147] Around that time, the Pharmacy Owner—TDOC's only contact at the Pharmacy—began transitioning out of the Pharmacy as a result of a buyout of their ownership share, with their last day scheduled for January 15, 2020.[148] The Drug Procurer and the New

---

[141] Text messages between Drug Procurer and Pharmacy Owner, dated Nov. 25 and Dec. 2, 2019, attached hereto as **Exhibit 100**.

[142] Testing Reports, dated Dec. 5, 16, 2019, attached hereto as **Exhibit 101**.

[143] Text messages between Drug Procurer and Pharmacy Owner, dated Dec. 3, 2019, attached hereto as **Exhibit 102**.

[144] Testing Reports, dated Nov. 22, Dec. 5, 16, 2019, attached hereto as **Exhibit 103**.

[145] Email from Pharmacy Owner to Drug Procurer, dated Dec. 5, 2019, including Testing Reports dated Nov. 22 and Dec. 5, 2019, attached hereto as **Exhibit 104**.

[146] Testing Reports, dated Dec. 5, 16, 2019, attached hereto as **Exhibit 105**.

[147] Sutton Prescription, dated Dec. 19, 2019, attached hereto as **Exhibit 106**.

[148] Text messages between Drug Procurer and Pharmacy Owner, dated Dec. 25, 2019 and Jan. 2, 2020, attached hereto as **Exhibit 107**.


Pharmacy Owner discussed TDOC's desire to continue working with the Pharmacy. Thereafter, the Drug Procurer began communicating directly with the Pharmacist, not the Pharmacy Owner.

The Pharmacy compounded the Midazolam and Potassium Chloride and sent samples to the Lab for sterility and potency testing on or about January 14, 2020.[149] The Potassium Chloride yielded a within-range potency of 104% on January 17.[150] On January 21, Mr. Sutton elected to be executed by electrocution.[151] The Midazolam ultimately yielded a within-range potency of 100% on January 27, and both the Midazolam and Potassium Chloride passed their sterility tests on January 28.[152] The samples were not tested for endotoxins. Butler Snow has not seen any record to indicate that the Pharmacist sent these results to TDOC prior to Mr. Sutton's execution. Mr. Sutton was executed by electrocution as scheduled on February 20, 2020.

### C. Clarity of and Adherence to the July 2018 Protocol

#### 1. Inconsistencies in the Protocol

Many individuals interviewed by Butler Snow indicated that there are inconsistencies contained with the July 2018 Protocol. The interviewees attributed any inconsistencies to revisions being made to one section or an addition of a new section without reviewing the entire document to determine if other areas have been impacted. Beyond the LIC testing failures that are the primary focus of this investigation, gaps and inconsistencies have been noted, particularly by TDOC employees, but changes have yet to be made. For instance, as noted above, one of the most significant gaps is the absence of any reference to the Drug Procurer or their responsibilities in the Protocol. It is Butler Snow's understanding that although the term "Drug Procurer" came about through litigation, the Drug Procurer responsibilities preexisted any litigation referencing the role. The current Protocol does not have any discussion of steps to be taken by the Drug Procurer when

---

[149] Testing Reports, dated Jan. 17, 27, 28, 2020, attached hereto as **Exhibit 108**.

[150] Testing Reports, dated Jan. 17, 28, 2020, attached hereto as **Exhibit 109**.

[151] Sutton Affidavit Concerning Method of Execution, attached hereto as **Exhibit 110**.

[152] Testing Reports, dated Jan. 17, 27, 28, 2020, attached hereto as **Exhibit 111**.

acquiring LIC. Furthermore, there is no discussion of how the Drug Procurer (or any other individual) should go about confirming that the required independent testing has been conducted.

Another issue with the current Protocol raised during the investigative interviews addressed the storage and accountability of the compounded LIC. For example, the Protocol states that the compounded LIC are to be stored in "an unmovable heavy gauge steel container with security grade locks."[153] The Investigative Team observed that the LIC are stored securely but not in an "unmovable heavy gauge steel container" as mandated.  As a result, the Protocol should be revised to reflect the true nature in which the LIC are stored.  There are also no LIC temperature requirements referenced in the Protocol, no LIC storage guidelines, or instructions regarding when the LIC should be removed to allow for thawing. Accordingly, TDOC relies exclusively on the instructions from the Pharmacy with regard to how the compounded LIC are to be stored.[154]

Finally, another unanswered question exists regarding how far in advance of an execution a compounded LIC should be removed from the refrigerator and prepared in a syringe. Neither the Protocol nor the Pharmacy's instructions address this issue. The compounded LIC have a very short shelf-life, and this information is seemingly essential to ensuring an execution is carried out with only viable LIC.

2.  Following the Protocol

Inconsistencies in the Protocol preclude TDOC's ability to follow the Protocol to the letter in practice, and there is no formal process for determining if and when TDOC should deviate from the Protocol. The most egregious deviation seen by Butler Snow is the failure to test the LIC for endotoxins (and potency in Mr. Irick's case). The Drug Procurer indicated that they consulted the Pharmacy Owner when drafting the July 2018 Protocol. The similarities in language used in the revised January 2018 Protocol and the Pharmacy Services Agreement relating to same corroborate the Drug Procurer's recollection; however, Butler Snow has not uncovered any written

---

[153] July 2018 Protocol, **Exhibit 20** at 35.

[154] Directions for Unpacking and Storage, **Exhibit 23**.

communications between the Drug Procurer and the Pharmacy Owner regarding changes to the Protocol between January and July 2018. Similarly, Butler Snow has found no evidence that the current Protocol was ever sent to the Pharmacy. Instead, it appears that the Drug Procurer only sent the six-page drafts of sections regarding the chemicals used, their set-up and preparation, and the sequence and administration of the chemicals during the process of preparing the initial January 2018 iteration of the Protocol.

Both the Pharmacy Owner and Drug Procurer shared a misunderstanding of endotoxin testing, specifically whether such testing is included in sterility testing, and based on this misunderstanding, it appears neither consulted the Pharmacist on this topic in the course of discussing the July 2018 Protocol. Crucially, the Pharmacy never received a copy of these revisions or a complete copy of the July 2018 Protocol from TDOC, and the Pharmacist was never informed that the Protocol requires testing for potency, sterility, and endotoxins.

Other examples include the storage of the LIC, as well as TDOC's efforts to have LIC on hand even if the condemned has chosen electrocution as the method of execution. This practice began after the execution of Mr. Zagorski, but at least one TDOC employee indicated that the decision to have LIC on hand as a backup method is not required by the Protocol. Another example is in the disposal of expired LIC. Under the Protocol, the LIC is to be *disposed of upon expiration by hazardous waste pick-up*. However, inspections are only required to be done on a semi-annual basis, and on at least one occasion, LIC were disposed of that had been expired for several months.[155] With only semi-annual inspections, it is possible that expired LIC may be sitting for months before being disposed of in accordance with the Protocol, which increases the possibility of expired LIC being used inadvertently during an execution.

At least one TDOC employee indicated that when reviewed by a person familiar with the actual process followed during an execution, the Protocol is not strictly followed because it is inaccurate. Timing of events during execution was specifically noted as an area of the Protocol that needed to be examined and revised.

---

[155] Dep. Tr. of Warden Tony Mays at 193:25-196:25, attached hereto as **Exhibit 112**.

### 3. No Checks and Balances

There are no internal policies to ensure the Protocol is followed. Deviations occur, and although such deviations may ensure compliance with USP guidelines in the context of compounded LIC, this does not change the fact that the Protocol is not being followed. Commissioners Parker and Helton both indicated that it is ultimately their responsibility to ensure the Protocol is being followed, but to do so, a more rigorous review system must be put in place to ensure accountability. Several individuals referenced TDOC's general preference to have limited documentation and a hesitance to make changes to the Protocol, but the overall sense is that the Protocol needs to be reviewed to ensure that it is consistent in all aspects.

Furthermore, there is no structured review process. Members of the Execution Team[156] are required to review the Protocol annually once they become members of the Execution Team, but there is no verification process. According to the Protocol, the Warden or his designee holds an annual class to review the Protocol, but this training was not mentioned during Butler Snow's interviews with TDOC employees. Some RMSI training records identify the topic of training as "Protocol" via "lethal injection" or "electrocution," which may be a reference to the above-referenced class. When asked, some individuals stated they review the entire Protocol multiple times a year, and many indicated that they review portions of the Protocol when needed. It is imperative that all individuals involved understand what is required under the Protocol and how to meet those requirements. See recommendations below for how to improve this process.

---

[156] Under the Protocol, the Execution Team consists of the Warden, Associate Warden of Security, Executioner, IV Team, Extraction Team, Death Watch Team, Lethal Injection Recorder, Facility Maintenance Supervisor, ITS Security Systems Technician(s), and Escort Officers. July 2018 Protocol at 32.

36


### D. TDOC Staffing Considerations

Butler Snow also attended one of the monthly lethal injection training sessions to observe the TDOC staff's involvement in the execution process. This allowed the investigative team to assess (1) the staff's expertise in carrying out lethal injection executions and (2) their ability to comply with the current Protocol. Butler Snow notes that all TDOC training participants appeared to be extremely professional, serious, dedicated and committed.

As far as the failure to test the LIC for endotoxins, there were no checks and balances in place to ensure testing occurred. Butler Snow's investigation revealed that neither the Pharmacy nor the Pharmacist ever received a full copy of the July 2018 Protocol, or even a partial copy that spoke to the testing requirements. Only one TDOC employee—the Drug Procurer—received the testing reports from the Pharmacy, and as a result, no one else had any insight into whether the LIC were prepared and tested in accordance with the Protocol. It should be noted that the Drug Procurer does not have a medical or pharmaceutical background, and as a result, they do not have any formal training that would aid them in understanding testing reports or assessing which tests are necessary for compounded LIC. It should be further noted that there is no Drug Procurer job description or list of duties stating that they are responsible for ensuring the LIC are properly tested in accordance with the current Protocol. Even so, a plain reading of the third-party lab reports indicates that only one endotoxin test occurred, and that was in May 2018. The fact of the matter is not one TDOC employee made it their duty to understand the current Protocol's testing requirements and ensure compliance with same. And, based upon information provided during investigative interviews, the Former Commissioner; Interim Commissioner; Deputy Commissioner/General Counsel; and Drug Procurer were in the best positions to ensure compliance with the Protocol.

While medical training may not be strictly necessary to perform the roles required for executions, it is certainly beneficial. Members of the Execution Team receive some medical training on how to start IVs, but other instruction on preparing and delivering the LIC during an execution came via instructions and a phone call with the Pharmacy. The Pharmacy Owner recalled that their impression from that phone call was that the members of the Execution Team they spoke


with were inexperienced in preparing syringes for injection. Neither the Executioner nor the IV Team Member recalled this phone call at the time of this Investigation. Even though the Executioner[157] has no formal healthcare training, they have participated in 13 executions for the state of Tennessee and have observed an execution in at least 1 other state. They learned how to fulfill their role primarily through on-the-job training and are very experienced at this point in time. It would be difficult to find another individual, however, with this experience and/or medical training to perform executions, because of the Hippocratic oath. Accordingly, in the event that this individual leaves TDOC, their does not appear to be anyone in place prepared or qualified to assume this role.

Additionally, placing the onus of finding LIC and verifying that the LIC are fit for use per the Protocol and USP guidelines is an enormous task to place on one individual, especially when they have other roles to fill and particularly when they are given zero guidance on how to carry out these tasks. Moreover, this method does not allow for any checks and balances whatsoever. Putting all of this responsibility on one person seems like an abdication of responsibility by TDOC leadership and the reason for the failures to comply with the current Protocol cited in this Report. See the recommendations below for how to remedy this issue.

## IV.    Investigative Findings and Recommendations

As independent investigators, Butler Snow conducted a comprehensive review of the available and relevant evidence concerning the circumstances which led Governor Lee to issue a reprieve in connection with the April 21, 2022, scheduled execution of Mr. Smith.  In addition to this issue, the investigative team also (1) examined Tennessee's Lethal Injection Protocol and any deviations from same prior to April 21 and (2) determined the extent of TDOC's staff's responsibility relating to these issues.  As previously stated, the investigative findings are primarily based upon the information gleaned through witness interviews as well as an extensive review of thousands of pages of documents and/or data.  While the interviews were very insightful, they

---

[157] The Executioner is not involved in the testing of the LIC but is aware of the requirement by virtue of the Protocol.


further showed the absence of adequate expertise, guidance, and counsel either enlisted by or provided to TDOC in connection with Tennessee's lethal injection process. Instead, TDOC operated in a task-oriented, tunnel-vision manner that failed to appreciate the interwoven nature of the lethal injection process as a whole.

A.     Investigative Findings

Based on the evidence obtained in the investigation, Butler Snow has made the following findings:

1. **Circumstances that led to testing the lethal injection chemicals for only potency and sterility but not endotoxins [in connection with] preparing for the April 21 execution**

- There is no evidence that any failure to test the lethal injection chemicals for endotoxins in connection with Mr. Smith's scheduled execution on April 21 was intentional.

- There is no evidence that, when the State of Tennessee revised its lethal injection protocol in 2018, it ever provided the pharmacy tasked with testing Tennessee's lethal injection chemicals with a copy of Tennessee's lethal injection protocol.

- There is no evidence that, when the State of Tennessee revised its lethal injection protocol in 2018, any employee ever informed the pharmacy tasked with testing Tennessee's lethal injection chemicals that it should conduct an endotoxin test on all lethal injection chemicals—until the eve of Mr. Smith's scheduled execution on April 21.

- The evidence shows that the pharmacy tasked with testing Tennessee's lethal injection chemicals only tested these chemicals for *potency and sterility*, because the pharmacy followed the United States Pharmacopeia testing guidelines, not Tennessee's lethal injection protocol.

2. **Clarity of the lethal injection process manual that was last updated in 2018, and adherence to testing policies since the update**

- There evidence shows that the lethal injection chemicals used in the August 9, 2018, execution of Mr. Billy Ray Irick ("Mr. Irick") were not tested for endotoxins. The evidence further shows that the Midazolam used during Mr. Irick's execution was not tested for potency.

- The evidence shows that, although Edmund Zagorski ("Mr. Zagorski") was executed via electrocution on November 1, 2018, the lethal injection chemicals prepared in the event


Mr. Zagorski changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins and failed the potency testing.

- The evidence shows that, although David Earl Miller ("Mr. Miller") was executed via electrocution on December 6, 2018, the lethal injection chemicals prepared in the event Mr. Miller changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins.

- The evidence shows that the lethal injection chemicals used in the May 16, 2019, execution of Mr. Donnie Edward Johnson ("Mr. Johnson") were not tested for endotoxins.

- The evidence shows that, although Stephen West ("Mr. West") was executed via electrocution on August 15, 2019, the lethal injection chemicals prepared in the event Mr. West changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins.

- The evidence shows that, although Lee Hall ("Mr. Hall") was executed via electrocution on December 5, 2019, the lethal injection chemicals prepared in the event Mr. Hall changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins.

- The evidence shows that, although Nicholas Sutton ("Mr. Sutton") was executed via electrocution on February 20, 2020, the lethal injection chemicals prepared in the event Mr. Sutton changed his mind and opted to be executed by lethal injection were not tested in accordance with Tennessee's lethal injection protocol. The lethal injection chemicals were not tested for endotoxins.

### 3. TDOC staffing considerations

- The evidence shows that TDOC leadership placed an inordinate amount of responsibility on the Drug Procurer without providing much, if any, guidance; help; or assistance. Instead, TDOC leadership viewed the lethal injection process through a tunnel-vision, result-oriented lens rather than provide the necessary guidance and counsel to ensure that Tennessee's lethal injection protocol was thorough, consistent, and followed.

### B.    Recommendations

The instant investigation has helped bring to light issues that have impacted TDOC's ability to comply with Tennessee's Lethal Injection Protocol since it was put in place in 2018. As a result,



Butler Snow makes the following recommendations for corrective action, further investigation, or training:

- Consider hiring a full-time employee or retaining a consultant with a pharmaceutical background to provide guidance in connection with the lethal injection process.

  - ➢ Conduct an exhaustive review of the current Protocol.

  - ➢ Review the current Protocol's testing requirements.

  - ➢ Establish testing guidelines for any compounded LIC with procedures for confirming that the appropriate tests are being performed.

  - ➢ Establish a procedure for storing and maintaining test results.

  - ➢ Establish a procedure for storing and maintaining LIC, including recommendations regarding suitable equipment for storage.

  - ➢ Assist with locating LIC sources and communicating pertinent information to same.

- Ensure that a copy of any current or future version of the TDOC Protocol is provided to the LIC provider.

- Evaluate the roles and outline the duties of all TDOC employees, as well as any third parties, tasked with participating in the lethal injection process.

- Consider hiring a full-time employee or retaining a consultant with a healthcare background to provide scheduled guidance and training to the Execution Team.

  - ➢ Determine whether any Execution Team members should be required to obtain any certifications and/or licenses.

- Establish a team/committee to review all relevant testing data prior to each scheduled execution to ensure that there are no deviations from the Protocol.

  - ➢ Consider incorporating deadlines to obtain testing results in sufficient time to ensure that failing LIC are not made available or used during a scheduled execution.

  - ➢ Consider annual audits to ensure compliance and to evaluate Protocol efficiencies and best practices.

41



**Appendix**

# ADDITIONAL DOCUMENTS PROVIDED/REVIEWED

| Documents from TDOC |
|---|
| 1. Prescription orders for lethal drugs |
| 2. 2017-2018 Handwritten inventory for lethal drugs |
| 3. 11/15/2018 Inventory for lethal injection supplies |
| 4. 12/20/2017 Inventory for lethal drugs |
| 5. 11/1/2019 Inventory for lethal drugs |
| 6. Research re compounding pharmacies and compounded drug products |
| 7. 12/20/2017 Inventory for lethal drugs |
| 8. Handwritten lethal drug inventory and storage pictures |
| 9. 2022 Handwritten inventory for lethal drugs |
| 10. 11/30/2020 Inventory for lethal injection supplies |
| 11. 2018-2022 [Lab] Validation and Lab Reports for drugs |
| 12. Handwritten notes re drug supplier status and maintenance |
| 13. Handwritten notes re court and lethal drug storage and suppliers |
| 14. Vendor list for Fentanyl and Midazolam manufacturers |
| 15. Cardinal Health list of restricted products to Unqualified/incarceration facility customers |
| 16. 4/25/2018 Letter from Alvogen rejecting use of its drugs in lethal injection |
| 17. Handwritten notes re status of lethal drug suppliers |
| 18. Handwritten notes re lethal drugs and suppliers |
| 19. 12/20/2017 Fax cover from [Drug Procurer] to [Pharmacy] (no enclosure) |

42

20. 11/27/2017 [Pharmacy] Specialty Pharmacy, LLC Pharmacy Services Agreement

21. [Pharmacy] 2017 invoices

22. [Pharmacy] Formula Worksheets

23. 10/2018 Medical supplies purchased from Moore Medical

24. Intravenous Training documents

25. Draft Memo re project to search for new source of Pentobarbital and case

26. Compounding pharmacy search

27. Handwritten notes re compounding pharmacy

28. Research re compounded drug products

29. Research re compounding pharmacies search

30. Compounded drugs sterility, potency and endotoxin requirements and US Pharmacopeial Convention guidelines

31. Handwritten notes re lethal drugs

32. Handwritten notes re lethal drugs

33. Research re clinical pharmacology for lethal drugs

34. Research re lethal drugs

35. Research re DEA and importing controlled substances

36. List of inmates

37. 4/11/2019 Letter from Debra Inglis to Kelley Henry (federal public defender) re Johnson Affidavit re Method of Execution

38. 8/23/2019 Email from Charlotte Davis (AAG) encl Nicholas Sutton stay pleading

39. 4/20/2022 Oscar Smith Spiritual Advisor Attendance to Execution form

40. Oscar Smith movement and execution planning

43

41.     Litigation hold re evidence intended for Oscar Smith's execution

42.     3/16/2022 Fax from [Drug Procurer] to [Pharmacist] re John Moody (no enclosure)

43.     2017 TDOC Controlled Substance Registration Certificate

44.     TDOC payments to drug suppliers

45.     TDOC Lethal Injection Manual rev 7/5/2018

46.     Public records requests

47.     Tony Parker's Third Supplemental Response to Plaintiff's First Set of Interrogatories

48.     1/24/2019 Return receipt card from Debra Inglis to Jessica Johnson (investigator)

49.     4/4/2017 Agreed (Pharmacy) Board Order for [Pharmacist]

50.     9/1/2016 Letter from (unknown) to (unknown) re authorization to dispense prescriptions for Schedule II Controlled substances

51.     2017 Hotel invoices for [Drug Procurer]

52.     Handwritten notes re condition of body after executions

53.     Handwritten notes re Protocol A

54.     5/10/22 Email, Subject Fwd: Delegated Authorities for Execution Fys 18-22

55.     6/30/2022 Email, Subject RE: Documents

56.     6/23/2022 Email, Subject Fwd: Oscar Smith's Execution

57.     6/23/2022 Email, Subject {NO SUBJECT}

58.     6/23/2022 Email, Subject {NO SUBJECT}

59.     6/3/2022 Email, Subject {NO SUBJECT}

60.     6/23/2022 Email, Subject FW: Oscar Frank Smith

44

61.      6/23/22 Email, Subject FW: Oscar Frank Smith

62.      6/22/22 Email, Subject Secured Document

63.      5/25/2022 Email, Subject [secure email]

64.      5/12/2022 Email, Subject [EXTERNAL] RE: documents

65.      5/12/2022 Email, Subject [EXTERNAL] RE: documents

66.      5/12/2022 Email, Subject [EXTERNAL] documents

67.      5/10/2022 Email, Subject FW: Reprieve

68.      5/2/2022 Email, Subject RE: [secure email]

69.      4/28/2022 Email, Subject Screenshot 2022-04-28 at 7.04.54 AM

70.      4/28/2022 Email, Subject Screenshot 2022-04-28 at 7.04.18 AM

71.      4/27/2022 Email, Subject Screenshot 2022-04-27 at 12.11.37 PM

72.      4/27/2022 Email, Subject Screenshot 2022-04-27 at 12:10.07 PM

73.      4/24/2022 Email, Subject RE: Privileged and Confidential - Document Request

74.      4/24/2022 Email, Subject RE: Privileged and Confidential - Document Request

75.      4/24/2022 Email, Subject RE: Privileged and Confidential - Document Request

76.      4/24/2022 Email, Subject RE: Privileged and Confidential - Document Request

77.      4/24/2022 Email, Subject FW: Privileged and Confidential - Document Request

78.      4/23/2022 Email, Subject RE: Privileged and Confidential - Document Request

79.      4/22/2022 Email, Subject [EXTERNAL] RE: testing docs

80.      4/22/2022 Email, Subject [EXTERNAL] testing docs

81.    4/22/2022 Email, Subject RE: Privileged and Confidential - Document Request

82.    4/21/2022 Email, Subject Privileged and confidential - Document Request

83.    4/21/2022 Email, Subject Order setting date

84.    4/21/2022 Email, Subject Reprieve

85.    4/12/2022 Email, Subject RE: [EXTERNAL] RE: Order

86.    4/12/2022 Email, Subject [EXTERNAL] RE: Order

87.    4/12/2022 Email, Subject [EXTERNAL] RE: Order

88.    4/10/2022 Email, Subject Rimmer Letter

89.    4/8/2022 Email, Subject [secure email]

90.    4/7/2022 Email, Subject [secure email]

91.    4/6/2022 Email, Subject [EXTERNAL] RE: Order

92.    3/16/2022 Email, Subject [EXTERNAL] RE: Order

93.    3/16/2022 Email, Subject [EXTERNAL] RE: Order

94.    3/16/2022 Email, Subject Order

95.    3/11/2022 Email, Subject RE: Secured Documents

96.    3/10/2022 Email, Subject RE: Secured Documents

97.    3/10/2022 Email, Subject Secured Documents

98.    2/24/2022 Email, Subject FW: 00218364 SUTTON, GARY W. order setting execution date

99.    2/10/2022 Email, Subject Training Docs

100.    1/13/2022 Email, Subject Documentation (special)

101.    1/4/2022 Email, Subject [EXTERNAL] FW: Invoice 20211130TN from [Pharmacy] Specialty Pharmacy LLC

102.    11/29/2021 Email, Subject RE: [EXTERNAL] RE: Order

103.     11/24/2021 Email, Subject RE: [EXTERNAL] RE: Order

104.     11/22/2021 Email, Subject RE: [EXTERNAL] RE: Further Discovery

105.     11/1/2021 Email, Subject RE: Docs

106.     11/19/2021 Email, Subject RE: Docs

107.     11/18/2021 Email, Subject RE: [EXTERNAL] RE: Further Discovery

108.     11/17/2021 Email, Subject RE: [EXTERNAL] RE: Further Discovery

109.     11/9/2021 Email, Subject RE: [EXTERNAL] RE: Further Discovery

110.     11/9/2021 Email, Subject RE: [EXTERNAL] RE: Further Discovery

111.     11/9/2021 Email, Subject Further Discovery

112.     11/5/2021 Email, Subject RE: [EXTERNAL] RE: Order

113.     11/5/2021 Email, Subject Re: [EXTERNAL] RE: Order

114.     11/5/2021 Email, Subject [EXTERNAL] RE: Order

115.     11/5/2021 Email, Subject FW: Rimmer 110874 Order

116.     11/5/2021 Email, Subject Order

117.     11/5/2021 Email, Subject FW: [EXTERNAL] Court News: Supreme Court
         Sets Two Execution Dates

118.     11/4/2021 Email, Subject RE: Products

119.     11/2/2021 Email, Subject RE: Products

120.     11/2/2021 Email, Subject RE: Products

121.     11/2/2021 Email, Subject RE: Products

122.     10/29/2021 Email, Subject Products

123.     10/15/2021 Email, Subject Training Documents for October

124.     10/12/2021 Email, Subject [EXTERNAL] RE: Discovery Request

125.     10/12/2021 Email, Subject Discovery Request

126.     9/29/2021 Email, Subject Re: [EXTERNAL] RE: Order

127.     9/29/2021 Email, Subject [EXTERNAL] RE: order

128.     9/29/2021 Email, Subject [EXTERNAL] FW:

129.     9/29/2021 Email, Subject [EXTERNAL] RE: Invoice 20210901 TN from [Pharmacy] Specialty Pharmacy LLC

130.     9/29/2021 Email, Subject RE: Invoice 20210901 TN from [Pharmacy] Specialty Pharmacy LLC

131.     9/23/2021 Email, Subject Documents from this month

132.     9/23/2021 Email, Subject Training documents

133.     9/20/2021 Email, Subject [EXTERNAL] RE: Twoish Things

134.     9/20/2021 Email, Subject [EXTERNAL] RE: Twoish Things

135.     9/20/2021 Email, Subject Fwd: Twoish Things

136.     9/17/2021 Email, Subject [EXTERNAL] RE: kci inventory

137.     9/17/2021 Email, Subject RE: kci inventory

138.     9/17/2021 Email, Subject RE: kci inventory

139.     9/17/2021 Email, Subject [EXTERNAL] kci inventory

140.     9/17/2021 Email, Subject [EXTERNAL] RE: midazolam inventory

141.     9/17/2021 Email, Subject RE: midazolam inventory

142.     9/17/2021 Email, Subject [EXTERNAL] midazolam inventory

143.     9/16/2021 Email, Subject [EXTERNAL] FW: Invoice 20210901TN from [Pharmacy] Specialty Pharmacy LLC

144.     9/16/2021 Email, Subject [EXTERNAL] FW: Invoice 20210906AF from [Pharmacy] Specialty Pharmacy LLC

145.     9/15/2021 Email, Subject RE: Thursday

146.     9/15/2021 Email, Subject Thursday

147.     7/28/2021 Email, Subject [EXTERNAL] RE: Discovery Items

148.     7/26/2021 Email, Subject [EXTERNAL] RE: Deposition

149.     7/15/2021 Email, Subject RE: [EXTERNAL] travel logistics

150.     7/15/2021 Email, Subject RE: [EXTERNAL] travel logistics

151.     7/15/2021 Email, Subject [EXTERNAL] travel logistics

152.     7/15/2021 Email, Subject [EXTERNAL] RE: King Depo Prep

153.     7/9/2021 Email, Subject [EXTERNAL] RE: King Depo Prep

154.     7/9/2021 Email, Subject [EXTERNAL] RE: King Depo Prep

155.     7/6/2021 Email, Subject [EXTERNAL] RE: AVAILABILITY

156.     7/6/2021 Email, Subject RE: Training logs

157.     7/6/2021 Email, Subject [EXTERNAL] RE: AVAILABILITY

158.     7/6/2021 Email, Subject [EXTERNAL] FW: AVAILABILITY

159.     7/1/2021 Email, Subject Letter from Federal Public Defenders Office

160.     6/22/2021 Email, Subject [EXTERNAL] AVAILABILITY

161.     6/4/2021 Email, Subject Updated document

162.     6/2/2021 Email, Subject Re: 2 of 2

163.     6/2/2021 Email, Subject 2 of 2

164.     6/2/2021 Email, Subject 1 of 2

165.     4/14/2021 Email, Subject confidential documents

166.     4/12/2021 Email, Subject confidential documents

167.     3/1/2021 Email, Subject Confidential

168.     1/26/2021 Email, Subject [EXTERNAL] Fw: Invoice TN20210126 from [Pharmacy] Pharmacy LLC

169.    1/14/2021 Email, Subject RE: Training Rosters

170.    1/13/2021 Email, Subject Additional rosters from today

171.    11/18/2020 Email, Subject [EXTERNAL] Fw: Invoice TN20200511 from [Pharmacy] Specialty Pharmacy LLC

172.    9/24/2020 Email, Subject FW: Letter from VP Witmer w/B. Braun Medical

173.    9/24/2020 Email, Subject FW: Letter from General Counsel Wohlfeil w/Meitheal Pharmaceuticals

174.    9/14/2020 Email, Subject Fwd: Letter from VP McDonnel w/Sandoz, Inc.

175.    8/18/2020 Email, Subject RE: Request

176.    8/13/2020 Email, Subject [EXTERNAL] requested info

177.    8/12/2020 Email, Subject {NO SUBJECT}

178.    7/28/2020 Email, Subject [EXTERNAL] Fw: Invoice TN202000728 from [Pharmacy] Specialty Pharmacy LLC

179.    7/22/2020 Email, Subject [EXTERNAL] potency

180.    4/15/2020 Email, Subject [EXTERNAL] February invoice

181.    12/20/2019 Email, Subject [EXTERNAL] New Invoice

182.    12/19/2019 Email, Subject FW: Question

183.    12/9/2019 Email, Subject [EXTERNAL] New Invoice

184.    12/5/2019 Email, Subject [EXTERNAL] Report

185.    11/26/2019 Email, Subject [EXTERNAL] Lab results

186.    11/21/2019 Email, Subject [EXTERNAL] Alternatives

187.    11/20/2019 Email, Subject [EXTERNAL] see attached

188.    10/30/2019 Email, Subject [EXTERNAL] RE: API

189.    9/19/2019 Email, Subject [EXTERNAL] Invoices

190.      8/15/2019 Email, Subject [EXTERNAL] Scanned from a Xerox [Pharmacy] Pharmacy.pdf

191.      8/12/2019 Email, Subject [EXTERNAL] 2019-18034.pdf

192.      8/12/2019 Email, Subject [EXTERNAL] ETX-190806-0007-LabReport.pdf

193.      8/9/2019 Email, Subject [EXTERNAL] results

194.      8/8/2019 Email, Subject [EXTERNAL] Suitability Test

195.      8/8/2019 Email, Subject [EXTERNAL] KCI

196.      8/8/2019 Email, Subject [EXTERNAL] RE: kci protocol

197.      8/7/2019 Email, Subject [EXTERNAL] Invoice

198.      7/31/2019 Email, Subject [EXTERNAL] Report

199.      7/29/2019 Email, Subject [EXTERNAL] RE: Declaration

200.      7/26/2019 Email, Subject RE: Declaration

201.      7/24/2019 Email, Subject [EXTERNAL] Report

202.      7/10/2019 Email, Subject RX

203.      7/2/2019 Email, Subject [EXTERNAL] FW: kci protocol

204.      6/26/2019 Email, Subject kci protocol

205.      6/26/2019 Email, Subject Proposed Alternative

206.      6/26/2019 Email, Subject [EXTERNAL] http://leucadiapharma.com/anti-capital-punishment-statement/

207.      6/26/2019 Email, Subject KCI

208.      6/26/2019 Email, Subject [EXTERNAL] KCI Protocol

209.      5/13/2019 Email, Subject FW: Midazolam

210.      5/13/2019 Email, Subject RE: Invoice Check

211.    5/9/2019 Email, Subject RE: Invoices

212.    5/9/2019 Email, Subject Invoices

213.    5/9/2019 Email, Subject report

214.    4/29/2019 Email, Subject Potency report

215.    4/2/2019 Email, Subject follow up

216.    2/26/2019 Email, Subject New Invoice

217.    2/14/2019 Email, Subject RE: Summary of Invoices

218.    11/7/2018 Email, Subject RE: Payments [secure email]

219.    11/6/2018 Email, Subject Open Invoices

220.    11/2/2018 Email, Subject Invoice

221.    10/31/2018 Email, Subject Invoice

222.    10/10/2018 Email, Subject Final Report

223.    8/27/2018 Email, Subject Our friend Wally

224.    8/24/2018 Email, Subject Fwd: Tennessee License

225.    8/23/2018 Email, Subject Fwd:

226.    8/16/2018 Email, Subject TN81618

227.    8/15/2018 Email, Subject Invoice

228.    8/8/2018 Email, Subject Log

229.    8/6/2018 Email, Subject USP 71

230.    7/25/2018 Email, Subject updated invoice

231.    7/23/2018 Email, Subject Shipping SOP

232.    7/18/2018 Email, Subject RE: sample RX

233.    7/17/2018 Email, Subject sample Rx

234.    7/16/2018 Email, Subject Protocol

235.    7/15/2018 Email, Subject Fwd: Certificates

236.    7/12/2018 Email, Subject Testing report

237.    7/9/2018 Email, Subject RE: Invoices

238.    7/9/2018 Email, Subject Invoices

239.    7/9/2018 Email, Subject {NO SUBJECT}

240.    7/5/2018 Email, Subject Invoice

241.    7/3/2018 Email, Subject FW: ACHC Accreditation Decision_60062 [Pharmacy] Specialty Pharmacy

242.    6/22/2018 Email, Subject {NO SUBJECT}

243.    6/20/2018 Email, Subject Product Inquiry

244.    4/5/2018 Email, Subject FW: Invoices

245.    1/22/2018 Email, Subject List of restricted drugs

246.    4/9/2018 Vendor Letter

247.    12/4/2017 TX Case Order

248.    5/6/2020 TPRA Final Response Letter General

249.    1/10/2017 TN DEA Lic

250.    Summary re draft of information re TDOC's search for Pentobarbital

251.    10/18/2019 *Roane v. Gonzales*_Govt's Response to Motion for Preliminary Injunction

252.    4/9/2018 Removal of Vendor Information Request

253.    2017 Receipts – [Drug Procurer]'s hotel invoices

254.    Motion Responses - Word document providing responses to questions

255.    4/9/2018 Email, Subject FW: Removal of Vendor Information Request

53

256.    2018-2019 Electric chair testing logs

257.    Draft Bill on election timeframe

258.    9/1/2017 Death Row Report

259.    7/1/2017 Delegated Authority for Tennessee's execution related services

260.    9/1/2017 D.R. Offenders with Execution Date

261.    9/1/2017 D.R. Offender Demographics

262.    9/1/2017 D.R. by Offender TOMIS ID

263.    9/1/2017 D.R. by Offender Last Name

264.    CONSULTANT SERVICES AGREEMENT

265.    CentralPharmacyLicense5661

266.    4/13/2022 handwritten inventory log of lethal drugs

267.    4/21/20.22 handwritten inventory log of lethal drugs

268.    9/7/2017 Email, Subject Updtae

269.    12/4/2017 Email confirming vecuronium is the only chemical requiring reconstitution

270.    9/6/2017 Email, Subject Touch Base

271.    9/21/2017 Email, Subject Status Update

272.    8/30/2021 Letter from Sandoz

273.    12/5/2017 Redacted email discussing supplier for lethal drugs

274.    9/7/2017 Email, Subject RE: "Updtae"

275.    9/7/2017 Email, Subject RE: "Updtae"

276.    9/7/2017 Email, Subject RE: "Updtae"

277.    10/26/2017 Email, Subject RE: Additional Info

278.    9/20/2017 Email, Subject Is there a good time for me to give you a buzz today? Thanks

279.    9/21/2017 Email, Subject Fwd: Status Update

280.    6/18/2018 Letter from Fresenius Kabi USA, LLC

281.    1/22/2018 PDF of emails

282.    2017 PDF of emails and attachments

283.    2017 PDF of emails and attachments

284.    6/18/2018 Letter from Athenex

285.    2018, 2019, 2020 and 2022 lab reports for lethal drugs

286.    Draft of Midazolam storage and preparation instructions with comment from [Drug Procurer]

287.    Blank Pharmacy Services Agreement form in notepad

288.    7/23/2018 Letter to Billy Ray Irick from Tony Mays notifying of execution date and method

289.    Potassium Chloride preparation instructions

290.    Execution Procedures for Lethal Injection, rev 7/11/2016

291.    Execution Procedures for Lethal Injection in notepad

292.    Execution Procedures for Lethal Injection, rev 6/25/2015

293.    12/11/2017 Email, Subject FW: Lemaricus Davidson (#328954) Order Granting Stay of Execution

294.    Execution Procedures for Electrocution, rev 7/11/2016

295.    Lethal Injection Execution Manual Execution Procedures for Lethal Injection, rev 7/5/2018

296.    Lethal Injection Execution Manual Execution Procedures for Lethal Injection, rev 7/5/2018

297.    Blank Affidavit Concerning Method of Execution and Affidavit to Select Defense Counsel Witness to Execution

298.     Lethal Injection Execution Manual Execution Procedures for Lethal Injection, rev 7/5/2018

299.     Handwritten inventory logs of lethal drugs from 7/27/2018 – 8/14/2019

300.     Handwritten inventory logs of lethal drugs from 5/15/2019 – 8/14/2019

301.     Lethal Injection Execution Manual Execution Procedures for Lethal Injection, rev 1/8/2018

302.     Draft Execution Procedures for Electrocution, rev 6/26/2014

303.     Draft Execution Procedures for Electrocution, rev 6/26/2014

304.     Draft Execution Procedures for Electrocution, rev 6/26/2014

305.     Execution Procedures for Electrocution, rev 3/13/2017

306.     Redacted Execution Procedures for Electrocution, rev 3/13/2017

307.     Execution Procedures for Lethal Injection, rev 9/22/2014

308.     Execution Procedures for Lethal Injection, rev 9/22/2014

309.     Execution Procedures for Lethal Injection, rev 9/18/2014

310.     Execution Procedures for Lethal Injection, rev 9/18/2014

311.     Execution Procedures for Lethal Injection

312.     Execution Procedures for Lethal Injection

313.     Redacted Execution Procedures for Electrocution

314.     Draft Execution Procedures for Electrocution, rev 6/26/2014

315.     Draft Execution Procedures for Electrocution, rev 6/26/2014

316.     Draft Execution Procedures for Electrocution

317.     Draft Execution Procedures for Electrocution

318.     Draft Execution Procedures for Electrocution

319.     Draft Execution Procedures for Electrocution

320.    Draft of amendment to TCA 40-23-114 - relative to election of the method of execution

321.    Draft of amendment to TCA 40-23-114 - relative to election of the method of execution

322.    PDF of Draft of amendment to TCA 40-23-114 with notes - relative to election of the method of execution with the Warden's primary role and Affidavit Concerning Method of Execution from TDOC's Execution Procedures for Lethal Injection

323.    11/15/2018 Order for supplies

324.    11/3/2020 Order for supplies

325.    3/1/2022 Email, Subject RE: 3680_001.pdf

326.    Orders setting execution dates for Donald Ray Middlebrooks, Gary Wayne Sutton and Byron Lewis Black

327.    12/11/2019 Order Denying Motion and Order Staying execution re Abu Ali AbdurRahman

328.    11/16/2018 Order setting execution date re Abu Ali AbdurRahman

329.    7/1/2019 Order setting execution date re Abu Ali AbdurRahman

330.    Orders setting execution dates and sealed order for transport re Byron Lewis Black

331.    2/24/2020 Order setting execution date re Byron Lewis Black

332.    11/1/2019 Potassium Chloride and Midazolam prescriptions for Leroy Hall

333.    11/5/2019 Letter to Lee Hall from Tony Mays notifying of execution date and method

334.    9/26/2019 Letter from Kelly A. Gleason to Debra Inglis and Tony Mays requesting to be present when method of execution is presented to Hall

335.    11/1/2019 Lidocaine HCL 2% prescription for Leroy Hall

336.    Visit logs, outlook scheduled meetings for visits, Special Visit Requests, Request and Affidavit re disposition of belongings, personal property

57

inventories and letters re presence at execution on 12/5/2019 for Lee Hall (53 pages)

337.   Redacted TDOC Incident Report, Execution Recorder Checklist, Death row watch logs and Record of staff visits for Lee Hall (51 pages)

338.   Unredacted TDOC Incident Report, Execution Recorder Checklist, Death row watch logs and Record of staff visits for Lee Hall (51 pages)

339.   11/16/2018 Order setting execution date for Lee Hall

340.   7/10/2018 Amended Order setting execution date for Billy Ray Irick

341.   8/8/2018 Response to Motion for Leave to Serve Subpoena Duces Tecum Instanter re Billy Ray Irick

342.   7/18/2018 Prescription for Midazolam for Billy Ray Irick

343.   7/23/2018 Letter to Billy Ray Irick from Tony Mays notifying of execution date and method

344.   5/22/2018 Lab report for Midazolam suitability re Billy Ray Irick

345.   7/24/2018 Letter to Tennessee Attorney General and Billy Ray Irick's attorneys enclosing the 7/23/2018 execution notification letter

346.   8/6/2018 Lab report for Midazolam sterility re Billy Ray Irick

347.   8/6/2018 Order denying Billy Ray Irick's motion to vacate execution date

348.   Dissent to 8/6/2018 Order

349.   Tennessee's Brief in Opposition to Billy Ray Irick's application for stay of execution

350.   Tennessee's Response to Billy Ray Irick's Petition for Writ of Habeas Corpus and Application for a stay of execution

351.   5/25/2018 Lab report for Midazolam potency, endotoxins and sterility re Billy Ray Irick

352.   5/14/2018 Lab report for Midazolam container closure integrity re Billy Ray Irick

353.   8/6/2018 Gov. Haslam's statement that clemency not appropriate for Billy Ray Irick

354.   4/11/2019 Letter from Debra Inglis to Kelley J. Henry re presenting the Affidavit re Method of Execution and notification letter to Donnie Johnson

355.   5/9/2019 Lab report for Midazolam potency and sterility re Donnie Johnson

356.   4/17/2019 Midazolam prescription for Donnie Johnson

357.   5/1/2019 Letter to Donnie Johnson from Tony Mays notifying of execution date and method

358.   4/11/2019 Letter from Debra Inglis to Kelley J. Henry re presenting the Affidavit re Method of Execution and notification letter to Donnie Johnson

359.   4/26/2019 Lab report for Midazolam potency re Donnie Johnson

360.   11/16/2018 Order setting execution date re Donnie Johnson

361.   4/16/2019 Letter to Donnie Johnson from Tony Mays notifying of execution date and method

362.   11/21/2018 Letter to David Miller from Tony Mays notifying of execution date and method with waiver election

363.   11/9/2018 Letter to Stephen Kissinger from [Drug Procurer] in response to correspondence

364.   11/16/2018 Midazolam prescription for David Miller

365.   11/21/2018 Letter to David Miller from Tony Mays notifying of execution date and method with waiver election

366.   11/21/2018 Letter to David Miller from Tony Mays notifying of method of execution by lethal injection due to waiver not being provided by deadline

367.   3/15/2018 Order granting amicus brief and denying Tennessee's Motion to set an execution date prior to 6/1/2018 re David Miller

368.   3/15/2018 Order setting execution date for David Miller

369.   11/21/2018 Letter to David Miller from Tony Mays notifying of execution date and method with waiver election

370.  11/6/2018 Letter to Stephen Kissinger from Tony Mays enclosing
      Affidavit Concerning Method of Execution for lethal injection waiver to be
      presented to David Miller

371.  11/16/2018 Midazolam prescription for David Miller

372.  Blank Affidavit to Select Defense Counsel Witness to Execution

373.  11/27/2018 signed and completed Affidavit to Select Defense Counsel
      Witness to Execution re David Miller and 11/27/2018 Letter from Tony
      Mays to David Miller and Kissinger acknowledging receipt of Miller's
      election waiving lethal injection and notifying that Miller will be executed
      via electrocution.

374.  Copy of envelope to Tony Mays from David Miller

375.  11/23/2018 Handwritten note from David Miller waiving lethal injection
      and electing electrocution

376.  11/8/2018 Letter to Tony Mays from Stephen Kissinger requesting
      information re David Miller

377.  12/9/2019 Potassium Chloride and Midazolam prescription for Sutton

378.  2/4/2020 Letter to Nicholas Sutton from Tony Mays notifying of execution
      date and method, Sutton waived lethal injection

379.  2/4/2020 Letter to Nicholas Sutton from Tony Mays notifying of execution
      date and method via execution

380.  1/21/2020 Affidavit Concerning Method of Execution and Affidavit to
      Select Defense Counsel Witness to Execution re Nicholas Sutton

381.  2/3/2020 Email, Subject Fwd: Sutton Update

382.  Day of Execution - Electrocution Execution Recorder Checklist for
      Nicholas Sutton (11 pages)

383.  Death watch logs for Nicholas Sutton (40 pages)

384.  Letters notifying individuals of selection to witness the execution,
      correspondence to Nicholas Sutton's attorney, correspondence regarding
      attending execution, Inmate Inquiry form, Inventories of property,
      notification letter, Affidavit Concerning Method of Execution, Cremation
      form, Volunteer Application and certification for reverend, Outlook

scheduled meetings with visitors, Visit request forms, Release form and Staff visit logs re Nicholas Sutton (81 pages)

385.   11/16/2018 Order for execution for Nicholas Sutton

386.   Letter to Stephen West from Tony Mays notifying of execution date and method

387.   5/4/2019 Email, Subject RE: contact information – re Stephen West

388.   7/12/2019 Potassium Chloride and Midazolam prescription for Stephen West

389.   7/15/2019 Letter to Stephen West from Tony Mays notifying of execution date and method

390.   7/18/2019 Lab report for Midazolam potency re Stephen West

391.   7/30/2019 Lab report for Midazolam sterility and potency re Stephen West

392.   7/15/2019 Affidavit to Select Defense Counsel Witness to Execution and Affidavit Concerning Method of Execution re Stephen West

393.   7/12/2019 Potassium Chloride and Midazolam prescription for Stephen West

394.   7/17/2019 Lab report for potassium chloride potency re Stephen West

395.   Redacted Letters notifying individuals of selection to witness the execution, correspondence to Stephen West's attorney, Outlook scheduled meetings with visitors, correspondence regarding attending execution and inventory of personal belongings re Stephen West (66 pages)

396.   Letters notifying individuals of selection to witness the execution, correspondence to Stephen West's attorney, Outlook scheduled meetings with visitors, correspondence regarding attending execution and inventory of personal belongings re Stephen West (66 pages)

397.   Redacted TDOC Incident Report, Day of Execution - Electrocution Execution Recorder Checklist and Staff visit logs re Stephen West (22 pages)

398.   TDOC Incident Report, Day of Execution - Electrocution Execution Recorder Checklist and Staff visit logs re Stephen West (22 pages)

399.   Redacted Death watch logs for Stephen West (42 pages)

61

400. Death watch logs for Stephen West (42 pages)

401. 11/16/2018 Order for execution for Stephen West

402. 8/6/2019 Sixth Circuit order affirming district court's order and denying Stephen West's motion for a stay of execution

403. 11/16/2018 Order for execution for Charles Wright

404. 10/22/2018 Order for execution for Edmund Zagorski

405. 10/11/2018 Reprieve from Gov. Haslam until 10/21/2018 for Edmund Zagorski

406. 9/11/2018 Email, Subject Zagorski forms

407. Excel spreadsheet of Midazolam test results for sterility and potency for Edmund Zagorski

408. 9/27/2018 Letter to Edmund Zagorski from Tony Mays notifying of execution date and method

409. 10/9/2018 Letter to Kelley Henry from Debra Inglis advising Affidavit ineffective and execution will proceed by lethal injection re Edmund Zagorski

410. 10/9/2018 Letter to Kelley Henry from Debra Inglis advising Affidavit ineffective and execution will proceed by lethal injection re Edmund Zagorski

411. 10/10/2018 Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order re Edmund Zagorski

412. 9/21/2018 Midazolam prescription for Edmund Zagorski

413. 10/24/2018 Midazolam prescription for Edmund Zagorski

414. 10/24/2018 Midazolam prescription for Edmund Zagorski

415. PDF of TCA Sec 39-16-201, policies and procedures for visits, visitation application and forms, highlights re electronic devices

416. PDF of TCA Sec 39-16-201, policies and procedures for visits, visitation application and forms

417.   9/27/2018 Letter to Edmund Zagorski from Tony Mays notifying of execution date and method

418.   9/24/2018 Lab report for Midazolam potency re Edmund Zagorski

419.   8/30/2018 Letter from Kelley Henry re request for Edmund Zagorski not to be presented with an Affidavit Concerning Method of Execution

420.   10/8/2018 Lab report for Midazolam sterility and potency re Edmund Zagorski

421.   9/27/2018 Affidavit Concerning Method of Execution re Edmund Zagorski

422.   TDOC policies and procedures re Attorney Access to Inmates and blank release

423.   7/22/2020 Email, Subject [EXTERNAL] potency – re Harold Wayne Nichols

424.   7/1/2020 Potassium chloride and midazolam prescriptions for Harold Wayne Nichols

425.   7/2/2020 Letter to Harold Wayne Nichols from Tony Mays notifying of execution date and method with waiver election

426.   1/15/2020 order setting execution for Harold Wayne Nichols

427.   11/3/2021 order setting execution for Harold Wayne Nichols

428.   11/3/2020 Potassium chloride and Midazolam prescriptions for Pervis Payne

429.   11/3/2020 Letter to Pervis Payne from Tony Mays notifying of execution date and method with waiver election, Affidavit Concerning Method of Execution and Affidavit to Select Defense Counsel Witness to Execution

430.   11/3/2020 Letter to Pervis Payne from Tony Mays notifying of execution date and method with waiver election

431.   2/24/2020 Order setting execution for Pervis Payne

432.   4/11/2020 Letter to Michael Rimmer from Tony Mays notifying of execution date and method with waiver election

433.   4/16/2021 Judgment affirming conviction and sentence and appeal documents re Michael Rimmer

434.    3/16/2022 Potassium Chloride and Midazolam prescriptions for Oscar Smith

435.    3/16/2022 Potassium Chloride and Midazolam signed prescriptions for Oscar Smith

436.    12/21/2020 Letter from Amy Harwell to Tony Mays re Oscar Smith's objection to signing the Affidavit Regarding Method of Execution

437.    1/5/2021 Order staying Oscar Smith's execution date due to COVID-19

438.    3/21/2022 Letter to Oscar Smith from Tony Mays notifying of execution date and method with waiver election

439.    Inventory of items preserved from 4/21/2022 execution preparation and chemical preparation forms re Oscar Smith

440.    4/20/2022 Lab reports of Midazolam sterility and potency re Oscar Smith

441.    3/31/2022 Lab report of potassium chloride potency re Oscar Smith

442.    3/31/2022 Lab report of potassium chloride sterility re Oscar Smith

443.    4/20/2022 Non-Disclosure Agreement, Spiritual Advisor Attendance to Execution of Death Sentence re Oscar Smith

444.    1/15/2020 order setting execution date for Oscar Smith

445.    4/17/2020 order setting execution date for Oscar Smith

446.    Orders setting execution dates re Oscar Smith

447.    *Workman v Bredesen* case, 486 F.3d 896 (2007)

448.    Opinion affirming trial court's judgment, trial court did not err in dismissing Plaintiff's claims (3/28/2017) re Stephen West

449.    *West v Schofield* case, 460 S.W.3d 113 (2015)

450.    Ohio Execution Protocol Litigation - Opinion affirming district court's granting of preliminary injunction enjoining Ohio's execution of 3 inmates to allow further litigation re midazolam's efficacy before Ohio executes 3 inmates (4/6/2017)

451.      Ohio Execution Protocol Litigation - Opinion affirming district court's denial of Henness' request to stay his execution (9/11/2019)

452.      *Heckler v Chaney* case, 470 U.S. 821 (1985)

453.      *Glossip v Gross* Resp Brief, Oklahoma's brief re whether a 3-drug lethal injection protocol creates a substantial risk of severe pain due to Midazolam use as first drug (4/8/2015)

454.      *Glossip v Gross* case, 135 S.Ct. 2726 (2015)

455.      *Cook v Food and Drug Administration* case, 733 F.3d 1 (2013)

456.      *Bray v Lombardi* case, 2017 WL 574909 (2/14/2017)

457.      *AbdurRahman v Bredesen* case, 181 S.W.3d 292 (10.17.2005)

458.      Method of Execution Act of 2015, A.C.A. Sect 5-4-617 - re Arkansas law

459.      6/4/2018 Email, Subject FW: Shults, No. CV-17-544 – re Arkansas law

460.      3/29/2018 - Wood Concurring Dissenting Opinion - Arkansas Supreme Court dissent from majority's conclusion that the identity of drug manufacturers is not protected under the confidentiality provisions of the Method of Execution Act

461.      3/29/2018 - Majority Opinion - Arkansas Supreme Court opinion finding that the identity of drug manufacturers is not protected under the confidentiality provisions of the Method of Execution Act

462.      3/29/2018 - Kemp Concurring Dissenting Opinion - Arkansas Supreme Court opinion concurring in part and dissenting in part to majority's opinion

463.      April 2017 redacted text messages re acquiring lethal drugs produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

464.      6/5/2018 Deposition transcript of Tony Parker in *Adbur Rahman v. Parker* – Chancery Court proceedings

465.      6/4/2018 Deposition transcript of Tony Mays in *Adbur Rahman v. Parker* – Chancery Court proceedings

466.      7/7/2018 Plaintiffs' Response to Motion for Protective Order in *Adbur Rahman v. Parker* – Chancery Court proceedings

65

467.  8/13/2017 Redacted TDOC Lethal Injection Update PowerPoint presentation advising on the current death row inmates, laws re executions and efforts made to procure chemical to compound lethal drugs for executions produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

468.  2/20/2018 Plaintiffs' First Set of Interrogatories to Defendants in *Adbur Rahman v. Parker* – Chancery Court proceedings

469.  2/20/2018 Plaintiffs' First Request for Production of Documents in *Adbur Rahman v. Parker* – Chancery Court proceedings

470.  Redacted April and July 2017 emails re procuring Pentobarbital produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

471.  Picture of the first page of article "Using pain to assess neurologic response" produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

472.  5/7/2018 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel in *Adbur Rahman v. Parker* – Chancery Court proceedings

473.  6/29/2018 Memorandum and Order Granting in Part and Denying in Part Plaintiffs' Motion to Amend in *Adbur Rahman v. Parker* – Chancery Court proceedings

474.  5/24/2018 Memorandum and Order Denying Motion for Protective Order Seeking to Quash Parker and Mays Depositions But Issuing Limitations on Time and Scope of Depositions; and Additional Orders on Deadlines on Expert Disclosures and Defendants' Summary Judgment Filing in *Adbur Rahman v. Parker* – Chancery Court proceedings

475.  7/3/2018 Orders: (1) Denying Plaintiffs' 7/2/2018 Motion to Reconsider; (2) Permitting Offer of Proof at Trial; and (3) Denying Defendants' Motion to Strike Second Amended Complaint and Submit Corrected Version in Accordance with the Court's Order in *Adbur Rahman v. Parker* – Chancery Court proceedings

476.  6/25/2018 Notice of Filing Exhibit in Support of Plaintiffs' Motion and Memorandum of Law Regarding Defendants New Unwritten Protocol Using Compounded High Risk Sterile Injectables Under Seal in *Adbur Rahman v. Parker* – Chancery Court proceedings

477.  6/11/2018 Notice of Filing (Deposition of Commissioner Parker and Warden Mays) in *Adbur Rahman v. Parker* – Chancery Court proceedings

478. Redacted handwritten notes re procuring Pentobarbital produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

479. 5/4/2018 Memorandum and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss in *Adbur Rahman v. Parker* – Chancery Court proceedings

480. 5/29/2018 Defendants' Motion for Summary Judgment in *Adbur Rahman v. Parker* – Chancery Court proceedings

481. September 2017 redacted emails re ordering Midazolam, Vecuronium and Potassium Chloride for a 3-drug protocol produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

482. 6/25/2018 Plaintiffs' Motion and Memorandum of Law Regarding Defendants New Unwritten Protocol Using Compounded High-Risk Sterile Injectables filed in *Adbur Rahman v. Parker* – Chancery Court proceedings

483. Draft of Defendants Answer to the Amended Petition for Declaratory Judgment in *Adbur Rahman v. Parker* – Chancery Court proceedings

484. Drafts of language for request for admissions in *Adbur Rahman v. Parker* – Chancery Court proceedings

485. 6/2/2018 Email, Subject Fw: Plaintiffs Motion to Compel Deposition Testimony re *Adbur Rahman v. Parker* – Chancery Court proceedings

486. 5/29/2018 Defendants' Statement of Undisputed Material Facts in Support of Motion for Summary Judgment in *Adbur Rahman v. Parker* – Chancery Court proceedings

487. 5/29/2018 Defendants' Memorandum of Law in Support of Motion for Summary Judgment in *Adbur Rahman v. Parker* – Chancery Court proceedings

488. Draft of Defendants' Answer to Amended Complaint with redlines in *Adbur Rahman v. Parker* – Chancery Court proceedings

489. 3/29/2018 Defendants' Motion to Compel Complaint for Declaratory Judgment in *Adbur Rahman v. Parker* – Chancery Court proceedings

490. 3/29/2018 Memorandum of Law in Support of Motion to Dismiss Complaint for Declaratory Judgment in *Adbur Rahman v. Parker* – Chancery Court proceedings

491.  6/21/2018 Deposition transcript of Debbie Inglis in *Adbur Rahman v. Parker* – Chancery Court proceedings

492.  2/20/2018 Complaint for Declaratory Judgment in *Adbur Rahman v. Parker* – Chancery Court proceedings

493.  5/8/2018 Defendants' Answer to Amended Complaint in *Adbur Rahman v. Parker* – Chancery Court proceedings

494.  Draft of proposed answers to Plaintiffs' amended complaint in *Adbur Rahman v. Parker* – Chancery Court proceedings

495.  Amended Complaint for Declaratory Judgment in *Adbur Rahman v. Parker* – Chancery Court proceedings

496.  6/13/2018 Memorandum and Orders on: (1) Plaintiffs' Motion to Compel; (2) Plaintiffs' Notice to Extend Summary Judgment Response time; (3) Altering and Amending 6/12/2018 Memorandum and Orders; and (4) 6/20/2018 Telephone Conference in *Adbur Rahman v. Parker* – Chancery Court proceedings

497.  7/17/2018 Memorandum and Order Regulating (Pursuant to Tenn. Code Ann. § 10-7-504(h)) Plaintiffs' Offer of Proof in *Adbur Rahman v. Parker* – Chancery Court proceedings

498.  7/26/2018 Order Dismissing With Prejudice Plaintiffs' Challenge to Tennessee Lethal Injection Protocol and Memorandum of Findings of Fact and Conclusions of Law in *Adbur Rahman v. Parker* – Chancery Court proceedings

499.  5/14/2018 Issued Subpoenas to take the depositions of Debbie Inglis and [Drug Procurer] in *Adbur Rahman v. Parker* – Chancery Court proceedings

500.  USP 38 - Compounding for Animal Patients produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

501.  January 2018 FDA Compounding Guidance - Compounded Drug Products That are Essentially Copies of a Commercially Available Drug Product Under Section 503A of the Federal Food, Drug, and Cosmetic Act produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

502.  6/25/2018 Email re search to procure Pentobarbital and April 2017 text messages re acquiring lethal drugs produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

503.    Redacted training rosters for electrocution, lethal injection, Practice, protocol review/training and training materials produced in in *Adbur Rahman v. Parker* – Chancery Court proceedings

504.    Redacted IV training results and certificates of completion, redacted training rosters for execution, protocol review/training, Death Watch, Practice, Training, electrocution, lethal injection and training materials produced in *Adbur Rahman v. Parker* – Chancery Court proceedings

505.    7/30/2018 filed Plaintiffs Notice of Appeal in in *Adbur Rahman v. Parker* – Chancery Court proceedings

506.    7/30/2018 Motion to Vacate Execution Date for Billy Ray Irick

507.    8/6/2018 Order Denying the Motion to Vacate Execution Date for Billy Ray Irick

508.    8/6/2018 Dissenting Order to majority's opinion

509.    7/30/2018 Motion to Proceed In Forma Pauperis

510.    Picture of thermometer reading in *King v. Parker* – Middle District of Tennessee proceedings

511.    6/24/2019 email from Scott Sutherland to Inglis and [Drug Procurer] enclosing the Amended Complaint and requesting information in *King v. Parker* – Middle District of Tennessee proceedings

512.    Draft of a declaration from TDOC Employee in *King v. Parker* – Middle District of Tennessee proceedings

513.    Declaration from President of Pharmacy Z signed 7/29/2019 in *King v. Parker* – Middle District of Tennessee proceedings

514.    Draft of Declaration from President of Pharmacy Z in *King v. Parker* – Middle District of Tennessee proceedings

515.    Declaration from RMSI Officer signed 7/30/2019 in *King v. Parker* – Middle District of Tennessee proceedings

516.    Draft of Declaration from RMSI Officer in *King v. Parker* – Middle District of Tennessee proceedings

517.    Draft of Declaration from RMSI Mental Health Professional in in *King v. Parker* – Middle District of Tennessee proceedings

518.     Draft of Declaration from RMSI Employee in *King v. Parker* – Middle District of Tennessee proceedings

519.     Draft of Tony Parker's Answer to Amended Complaint in *King v. Parker* – Middle District of Tennessee proceedings

520.     Draft of Tony May's Answer to Complaint with comments from [Drug Procurer] in *King v. Parker* – Middle District of Tennessee proceedings

521.     Declaration from RMSI Mental Health Professional signed 7/29/2019 in *King v. Parker* – Middle District of Tennessee proceedings

522.     9/7/2017 emails regarding procuring lethal drugs, possible insufficiency of Midazolam as an analgesic produced in *King v. Parker* – Middle District of Tennessee proceedings

523.     Redacted handwritten notes re procuring Pentobarbital in *King v. Parker* – Middle District of Tennessee proceedings

524.     8/13/2017 TDOC Lethal Injection Update PowerPoint presentation advising on the current death row inmates, laws re executions and efforts made to procure chemical to compound lethal drugs for executions produced in *King v. Parker* – Middle District of Tennessee proceedings

525.     Spreadsheet re TDOC employee's involvement with procuring the lethal drugs and discoverable records in *King v. Parker* – Middle District of Tennessee proceedings

526.     1/25/2019 Amended Complaint for Injunctive Relief in *King v. Parker* – Middle District of Tennessee proceedings

527.     7/5/2019 Tony May's Answer to Amended Complaint in *King v. Parker* – Middle District of Tennessee proceedings

528.     7/5/2019 Tony Parker's Answer to Amended Complaint in *King v. Parker* – Middle District of Tennessee proceedings

529.     2/11/2020 and 8/4/2020 redacted lethal injection chemical ledgers produced in *King v. Parker* – Middle District of Tennessee proceedings

530.     12/20/2019, 2/11/2020 and 7/28/2020 redacted Lethal injection chemical Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

531. Redacted lethal drug prescriptions for Irick, Zagorski, Miller, Johnson, West, Hall, Sutton and Nichols produced in *King v. Parker* – Middle District of Tennessee proceedings

532. 1/8/2020 Tony Parker's Response to Plaintiff's 1st Set of Interrogatories in *King v. Parker* – Middle District of Tennessee proceedings

533. Redacted dashboard of invoices and payments to pharmacy for lethal drugs produced in *King v. Parker* – Middle District of Tennessee proceedings

534. Sections of policies and procedures for the Execution team, Victim Services, Execution Perimeter Security cover page, and Execution Forms produced in *King v. Parker* – Middle District of Tennessee proceedings

535. Lethal injection procedures (page 1-50), rev. 7/5/2018 produced in *King v. Parker* – Middle District of Tennessee proceedings

536. 8/19/2020 Defendants' Response to Plaintiff's Request for Production of Documents in *King v. Parker* – Middle District of Tennessee proceedings

537. Draft of information to supplement responses to Interrogatory 8 in *King v. Parker* – Middle District of Tennessee proceedings

538. 8/19/2020 Tony Mays' Supplemental Response to Plaintiff's 1st Set of Interrogatories in *King v. Parker* – Middle District of Tennessee proceedings

539. Draft of information to supplement responses to Interrogatory 8 in *King v. Parker* – Middle District of Tennessee proceedings

540. 8/19/2020 Tony Parker's Supplemental Response to Plaintiff's 1st Set of Interrogatories in *King v. Parker* – Middle District of Tennessee proceedings

541. Redacted lethal drug prescription orders for Irick, Zagorski, Miller, Johnson, West, Hall, Sutton and Nichols produced in *King v. Parker* – Middle District of Tennessee proceedings

542. Tony Parker's Supplemental Response to Plaintiff's 1st Set of Interrogatories in *King v. Parker* – Middle District of Tennessee proceedings

543. Tony May's Supplemental Response to Plaintiff's 1st Set of Interrogatories in *King v. Parker* – Middle District of Tennessee proceedings

544. Draft of proposed supplemental responses to Interrogatories number 8, 9 and 10 in *King v. Parker* – Middle District of Tennessee proceedings

545. Redacted 11/27/2017 executed Pharmacy Services Agreement and 2/20/2018 provider agreement for services rendered by doctor during execution produced in *King v. Parker* – Middle District of Tennessee proceedings

546. 2017 emails re Pentobarbital, new 3-drug protocol including Midazolam, Vecuronium and Potassium Chloride, handwritten notes re procuring Pentobarbital and Pentobarbital property information produced in *King v. Parker* – Middle District of Tennessee proceedings

547. Notes providing names of "Individuals Listed Pages 12-29" and "35-38" in *King v. Parker* – Middle District of Tennessee proceedings

548. 12/19/2019 Email, Subject RE Question in *King v. Parker* – Middle District of Tennessee proceedings

549. Draft of Tony Parker's Supplemental Response to Plaintiff's 1st Set of Interrogatories in *King v. Parker* – Middle District of Tennessee proceedings

550. Draft of Tony May's Supplemental Response to Plaintiff's 1st Set of Interrogatories in *King v. Parker* – Middle District of Tennessee proceedings

551. 12/20/2019 Email, Subject TN Invoice 20191220.xlxs produced in *King v. Parker* – Middle District of Tennessee proceedings

552. 12/19/2019 Email, Subject FW: Question produced in *King v. Parker* – Middle District of Tennessee proceedings

553. 12/9/2019 Email, Subject [EXTERNAL] New Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

554. 12/5/2019 Email, Subject [EXTERNAL] Report produced in *King v. Parker* – Middle District of Tennessee proceedings

555. 11/26/2019 Email, Subject [EXTERNAL] Lab results produced in *King v. Parker* – Middle District of Tennessee proceedings

556. 11/21/2019 Email, Subject [EXTERNAL] Alternatives produced in *King v. Parker* – Middle District of Tennessee proceedings

557. 11/20/2019 Email, Subject [EXTERNAL] see attached produced in *King v. Parker* – Middle District of Tennessee proceedings

558. 10/30/2019 Email, Subject [EXTERNAL] RE: API produced in *King v. Parker* – Middle District of Tennessee proceedings

559. 9/19/2019 Email, Subject [EXTERNAL] Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

560. 8/15/2019 Email, Subject [EXTERNAL] Scanned from a Xerox [Pharmacy] Pharmacy.pdf produced in *King v. Parker* – Middle District of Tennessee proceedings

561. 8/12/2019 Email, Subject [EXTERNAL] 2019-18034.pdf produced in *King v. Parker* – Middle District of Tennessee proceedings

562. 8/12/2019 Email, Subject [EXTERNAL] ETX-190806-0007-LabReport.pdf produced in *King v. Parker* – Middle District of Tennessee proceedings

563. 8/9/2019 Email, Subject [EXTERNAL] results produced in *King v. Parker* – Middle District of Tennessee proceedings

564. 8/8/2019 Email, Subject [EXTERNAL] Suitability Test produced in *King v. Parker* – Middle District of Tennessee proceedings

565. 8/8/2019 Email, Subject [EXTERNAL] KCI produced in *King v. Parker* – Middle District of Tennessee proceedings

566. 8/8/2019 Email, Subject [EXTERNAL] RE: kcl protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

567. 8/7/2019 Email, Subject [EXTERNAL] Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

568. 7/31/2019 Email, Subject [EXTERNAL] Report produced in *King v. Parker* – Middle District of Tennessee proceedings

569. 7/29/2019 Email, Subject [EXTERNAL] RE: Declaration produced in *King v. Parker* – Middle District of Tennessee proceedings

570. 7/26/2019 Email, Subject RE: Declaration produced in *King v. Parker* – Middle District of Tennessee proceedings

571. 7/24/2019 Email, Subject [EXTERNAL] Report produced in *King v. Parker* – Middle District of Tennessee proceedings

572.   7/10/2019 Email, Subject RX produced in *King v. Parker* – Middle District of Tennessee proceedings

573.   7/2/2019 Email, Subject [EXTERNAL] FW: kcl protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

574.   6/26/2019 Email, Subject kcl protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

575.   6/26/2019 Email, Subject Proposed Alternative produced in *King v. Parker* – Middle District of Tennessee proceedings

576.   6/26/2019 Email, Subject [EXTERNAL] http://leucadiapharma.com/anti-capital-punishment-statement/ produced in *King v. Parker* – Middle District of Tennessee proceedings

577.   6/26/2019 Email, Subject KCI produced in *King v. Parker* – Middle District of Tennessee proceedings

578.   6/26/2019 Email, Subject [EXTERNAL] KCI Protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

579.   5/13/2019 Email, Subject FW: Midazolam produced in *King v. Parker* – Middle District of Tennessee proceedings

580.   5/13/2019 Email, Subject RE: Invoice Check produced in *King v. Parker* – Middle District of Tennessee proceedings

581.   5/9/2019 Email, Subject RE: Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

582.   5/9/2019 Email, Subject Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

583.   5/9/2019 Email, Subject report produced in *King v. Parker* – Middle District of Tennessee proceedings

584.   4/29/2019 Email, Subject Potency report produced in *King v. Parker* – Middle District of Tennessee proceedings

585.   4/2/2019 Email, Subject follow up produced in *King v. Parker* – Middle District of Tennessee proceedings

586.   2/26/2019 Email, Subject New invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

587.    2/14/2019 Email, Subject RE: Summary of Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

588.    11/7/2018 Email, Subject RE: Payments [secure email] produced in *King v. Parker* – Middle District of Tennessee proceedings

589.    11/6/2018 Email, Subject Open invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

590.    11/2/2018 Email, Subject Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

591.    10/31/2018 Email, Subject Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

592.    10/10/2018 Email, Subject Final Report produced in *King v. Parker* – Middle District of Tennessee proceedings

593.    8/27/2018 Email, Subject Our friend Wally produced in *King v. Parker* – Middle District of Tennessee proceedings

594.    8/24/2018 Email, Subject Fwd: Tennessee License produced in *King v. Parker* – Middle District of Tennessee proceedings

595.    8/23/2018 Email, Subject Fwd: produced in *King v. Parker* – Middle District of Tennessee proceedings

596.    8/16/2018 Email, Subject TN 81618 produced in *King v. Parker* – Middle District of Tennessee proceedings

597.    8/15/2018 Email, Subject Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

598.    8/8/2018 Email, Subject Log produced in *King v. Parker* – Middle District of Tennessee proceedings

599.    8/6/2018 Email, Subject USP 71 produced in *King v. Parker* – Middle District of Tennessee proceedings

600.    7/25/2018 Email, Subject updated invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

601.    7/23/2018 Email, Subject Shipping SOP produced in *King v. Parker* – Middle District of Tennessee proceedings

602.    7/18/2018 Email, Subject RE: sample RX produced in *King v. Parker* –
        Middle District of Tennessee proceedings

603.    7/17/2018 Email, Subject sample RX produced in *King v. Parker* – Middle
        District of Tennessee proceedings

604.    7/16/2018 Email, Subject Protocol produced in *King v. Parker* – Middle
        District of Tennessee proceedings

605.    7/15/2018 Email, Subject Fwd: Certificates produced in *King v. Parker* –
        Middle District of Tennessee proceedings

606.    7/12/2018 Email, Subject Testing report produced in *King v. Parker* –
        Middle District of Tennessee proceedings

607.    7/9/2018 Email, Subject RE: Invoices produced in *King v. Parker* – Middle
        District of Tennessee proceedings

608.    7/9/2018 Email, Subject Invoices produced in *King v. Parker* – Middle
        District of Tennessee proceedings

609.    7/9/2018 Email, Subject {No Subject} produced in *King v. Parker* –
        Middle District of Tennessee proceedings

610.    7/5/2018 Email, Subject Invoice produced in *King v. Parker* – Middle
        District of Tennessee proceedings

611.    7/3/2018 Email, Subject FW: ACHC Accreditation Decision_60062
        [Pharmacy] Specialty Pharmacy produced in *King v. Parker* – Middle
        District of Tennessee proceedings

612.    6/22/2018 Email, Subject {No Subject} produced in *King v. Parker* –
        Middle District of Tennessee proceedings

613.    6/20/2018 Email, Subject Product Inquiry produced in *King v. Parker* –
        Middle District of Tennessee proceedings

614.    4/5/2018 Email, Subject FW: Invoices produced in *King v. Parker* –
        Middle District of Tennessee proceedings

615.    1/22/2018 Email, Subject List of restricted drugs produced in *King v.
        Parker* – Middle District of Tennessee proceedings

616.    87-page PDF containing duplicate copies of 65 emails above produced in
        *King v. Parker* – Middle District of Tennessee proceedings

76

617.    Draft document providing responses to Interrogatories and Requests for Production produced in *King v. Parker* – Middle District of Tennessee proceedings

618.    Tony Parker's Second Supplemental Response to Plaintiff's 1st Set of Interrogatories produced in *King v. Parker* – Middle District of Tennessee proceedings

619.    2020 - 2021 Unredacted training rosters for strap down electrocution and lethal injection, electrocution, lethal injection, protocol review and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

620.    2020-2021 training rosters for strap down electrocution and lethal injection, electrocution, lethal injection, protocol review and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

621.    5/7/2021 Email from Robert Mitchell to Inglis and Young re depositions requested from Plaintiffs and supplementing discovery responses produced in *King v. Parker* – Middle District of Tennessee proceedings

622.    7/29/2020 redacted training roster for lethal injection and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

623.    Draft of Tony May's 3rd Supplemental Response to Plaintiff's Interrogatories produced in *King v. Parker* – Middle District of Tennessee proceedings

624.    Redacted compounding formulas for Sodium Hydroxide 1%, Edetate Disodium 1%, Hydrochloric Acid 1%, Midazolam and Potassium Chloride produced in *King v. Parker* – Middle District of Tennessee proceedings

625.    Screen shot of text messages re ordering lethal drugs and expiration date produced in *King v. Parker* – Middle District of Tennessee proceedings

626.    Screen shot of text messages re inventory of lethal drugs and expiration dates produced in *King v. Parker* – Middle District of Tennessee proceedings

627.    Screen shot of text messages re trip to Nashville (for deposition) produced in *King v. Parker* – Middle District of Tennessee proceedings

628.    Screen shot of text messages re emailed inventories for lethal drugs, status of ordering Vecuronium and potassium chloride and formulas produced in *King v. Parker* – Middle District of Tennessee proceedings

629.   Screen shot of text messages re travel to Nashville (for deposition) produced in *King v. Parker* – Middle District of Tennessee proceedings

630.   Screen shot of text messages re lethal drug and timeframe for its proper use produced in *King v. Parker* – Middle District of Tennessee proceedings

631.   Screen shot of text messages re pick up from airport produced in *King v. Parker* – Middle District of Tennessee proceedings

632.   Screen shot of text messages re temperature for lethal drug produced in *King v. Parker* – Middle District of Tennessee proceedings

633.   Screen shot of text messages re status of ordering lethal drugs and order of vecuronium produced in *King v. Parker* – Middle District of Tennessee proceedings

634.   Screen shot of text messages re wanting to discuss latest lawsuit produced in *King v. Parker* – Middle District of Tennessee proceedings

635.   Screen shot of text messages re formulas being proprietary and status of lethal drug orders, potassium chloride has come in, availability of vecuronium unclear produced in *King v. Parker* – Middle District of Tennessee proceedings

636.   Same Text messages all compiled in a pdf (not in chronological order) produced in *King v. Parker* – Middle District of Tennessee proceedings

637.   Same Text messages all compiled in a pdf in chronological order produced in *King v. Parker* – Middle District of Tennessee proceedings

638.   12/20/2019 Email, Subject [EXTERNAL] New Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

639.   12/5/2019 Email, Subject [EXTERNAL] Report produced in *King v. Parker* – Middle District of Tennessee proceedings

640.   11/26/2019 Email, Subject [EXTERNAL] Lab results produced in *King v. Parker* – Middle District of Tennessee proceedings

641.   11/21/2019 Email, Subject [EXTERNAL] Alternatives produced in *King v. Parker* – Middle District of Tennessee proceedings

642.   11/20/2019 Email, Subject [EXTERNAL] see attached produced in *King v. Parker* – Middle District of Tennessee proceedings

643.    10/30/2019 Email, Subject [EXTERNAL] RE: API produced in *King v. Parker* – Middle District of Tennessee proceedings

644.    9/19/2019 Email, Subject [EXTERNAL] Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

645.    8/15/2019 Email, Subject [EXTERNAL] Scanned from a Xerox [Pharmacy] Pharmacy.pdf produced in *King v. Parker* – Middle District of Tennessee proceedings

646.    8/12/2019 Email, Subject [EXTERNAL] 2019-18034.pdf produced in *King v. Parker* – Middle District of Tennessee proceedings

647.    8/12/2019 Email, Subject [EXTERNAL] ETX-190806-0007-LabReport.pdf produced in *King v. Parker* – Middle District of Tennessee proceedings

648.    8/9/2019 Email, Subject [EXTERNAL] results produced in *King v. Parker* – Middle District of Tennessee proceedings

649.    8/8/2019 Email, Subject [EXTERNAL] Suitability Test produced in *King v. Parker* – Middle District of Tennessee proceedings

650.    8/8/2019 Email, Subject [EXTERNAL] KCI produced in *King v. Parker* – Middle District of Tennessee proceedings

651.    8/8/2019 Email, Subject [EXTERNAL] RE: kci protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

652.    8/7/2019 Email, Subject [EXTERNAL] Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

653.    7/31/2019 Email, Subject [EXTERNAL] Report produced in *King v. Parker* – Middle District of Tennessee proceedings

654.    7/24/2019 Email, Subject [EXTERNAL] Report produced in *King v. Parker* – Middle District of Tennessee proceedings

655.    7/10/2019 Email, Subject RX produced in *King v. Parker* – Middle District of Tennessee proceedings

656.    7/2/2019 Email, Subject [EXTERNAL] FW: kci protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

657.    6/26/2019 Email, Subject kci protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

658.    6/26/2019 Email, Subject Proposed Alternative produced in *King v. Parker* – Middle District of Tennessee proceedings

659.    6/26/2019 Email, Subject [EXTERNAL] http://leucadiapharma.com/anti-capital-punishment-statement/ produced in *King v. Parker* – Middle District of Tennessee proceedings

660.    6/26/2019 Email, Subject KCI produced in *King v. Parker* – Middle District of Tennessee proceedings

661.    6/26/2019 Email, Subject [EXTERNAL] KCI Protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

662.    5/13/2019 Email, Subject FW: Midazolam produced in *King v. Parker* – Middle District of Tennessee proceedings

663.    5/13/2019 Email, Subject RE: Invoice Check produced in *King v. Parker* – Middle District of Tennessee proceedings

664.    5/9/2019 Email, Subject RE: Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

665.    5/9/2019 Email, Subject Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

666.    5/9/2019 Email, Subject report produced in *King v. Parker* – Middle District of Tennessee proceedings

667.    4/29/2019 Email, Subject Potency report produced in *King v. Parker* – Middle District of Tennessee proceedings

668.    4/2/2019 Email, Subject follow up produced in *King v. Parker* – Middle District of Tennessee proceedings

669.    2/26/2019 Email, Subject New Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

670.    2/14/2019 Email, Subject RE: Summary of Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

671.    11/7/2018 Email, Subject RE: Payments [secure email] produced in *King v. Parker* – Middle District of Tennessee proceedings

672.    11/6/2018 Email, Subject Open Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

673. 11/2/2018 Email, Subject Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

674. 10/31/2018 Email, Subject Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

675. 10/10/2018 Email, Subject Final Report produced in *King v. Parker* – Middle District of Tennessee proceedings

676. 8/16/2018 Email, Subject TN81618 produced in *King v. Parker* – Middle District of Tennessee proceedings

677. 8/15/2018 Email, Subject Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

678. 8/8/2018 Email, Subject Log produced in *King v. Parker* – Middle District of Tennessee proceedings

679. 8/6/2018 Email, Subject USP 71 produced in *King v. Parker* – Middle District of Tennessee proceedings

680. 7/25/2018 Email, Subject updated invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

681. 7/23/2018 Email, Subject Shipping SOP produced in *King v. Parker* – Middle District of Tennessee proceedings

682. 7/18/2018 Email, Subject RE: sample RX produced in *King v. Parker* – Middle District of Tennessee proceedings

683. 7/17/2018 Email, Subject sample Rx produced in *King v. Parker* – Middle District of Tennessee proceedings

684. 7/16/2018 Email, Subject Protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

685. 7/12/2018 Email, Subject Testing report produced in *King v. Parker* – Middle District of Tennessee proceedings

686. 7/9/2018 Email, Subject RE: Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

687. 7/9/2018 Email, Subject Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

688.    7/5/2018 Email, Subject Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

689.    7/3/2018 Email, Subject FW: ACHC Accreditation Decision_60062 [Pharmacy] Specialty Pharmacy produced in *King v. Parker* – Middle District of Tennessee proceedings

690.    6/22/2018 Email, Subject {NO SUBJECT} produced in *King v. Parker* – Middle District of Tennessee proceedings

691.    12/5/2017 Email, Subject RE: More Info produced in *King v. Parker* – Middle District of Tennessee proceedings

692.    12/4/2017 Email, Subject RE: {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

693.    12/4/2017 Email, Subject RE {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

694.    12/4/2017 Email, Subject Agreement produced in *King v. Parker* – Middle District of Tennessee proceedings

695.    11/28/2017 Email, Subject RE {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

696.    11/28/2017 Email, Subject Re: More Info produced in *King v. Parker* – Middle District of Tennessee proceedings

697.    11/28/2017 Email, Subject RE: {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

698.    11/28/2017 Email, Subject {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

699.    11/27/2017 Email, Subject Re: Update produced in *King v. Parker* – Middle District of Tennessee proceedings

700.    11/15/2017 Email, Subject Agreement produced in *King v. Parker* – Middle District of Tennessee proceedings

701.    11/14/2017 Email, Subject Re: Agreement produced in *King v. Parker* – Middle District of Tennessee proceedings

702.    11/14/2017 Email, Subject FW: TN drugs produced in *King v. Parker* – Middle District of Tennessee proceedings

703.    11/14/2017 Email, Subject Info produced in *King v. Parker* – Middle
        District of Tennessee proceedings

704.    11/9/2017 Email, Subject RE: DEA License produced in *King v. Parker* –
        Middle District of Tennessee proceedings

705.    11/9/2017 Email, Subject Question produced in *King v. Parker* – Middle
        District of Tennessee proceedings

706.    11/7/2017 Email, Subject Update produced in *King v. Parker* – Middle
        District of Tennessee proceedings

707.    11/1/2017 Email, Subject RE: Additional Info produced in *King v. Parker*
        – Middle District of Tennessee proceedings

708.    11/1/2017 Email, Subject More Info produced in *King v. Parker* – Middle
        District of Tennessee proceedings

709.    11/1/2017 Email, Subject Re: Additional Info produced in *King v. Parker* –
        Middle District of Tennessee proceedings

710.    10/31/2017 Email, Subject Invoice produced in *King v. Parker* – Middle
        District of Tennessee proceedings

711.    10/26/2017 Email, Subject RE: Additional Info produced in *King v. Parker*
        – Middle District of Tennessee proceedings

712.    10/20/2017 Email, Subject Can you send the inventory and invoice info?
        produced in *King v. Parker* – Middle District of Tennessee proceedings

713.    10/18/2017 Email, Subject Re: Question produced in *King v. Parker* –
        Middle District of Tennessee proceedings

714.    10/17/2017 Email, Subject Re: Question produced in *King v. Parker* –
        Middle District of Tennessee proceedings

715.    Attachments providing dosing information for lethal drugs, quantities
        needed and available and costs produced in *King v. Parker* – Middle
        District of Tennessee proceedings

716.    12/28/2017 Email, Subject Updated Invoice produced in *King v. Parker* –
        Middle District of Tennessee proceedings

717.    12/28/2017 Email, Subject New Invoice produced in *King v. Parker* –
        Middle District of Tennessee proceedings

718. 12/15/2017 Email, Subject RE: Info produced in *King v. Parker* – Middle District of Tennessee proceedings

719. 12/14/2017 Email, Subject RE: Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

720. 12/12/2017 Email, Subject RE: Call produced in *King v. Parker* – Middle District of Tennessee proceedings

721. 12/12/2017 Email, Subject RE: Call produced in *King v. Parker* – Middle District of Tennessee proceedings

722. 12/11/2017 Email, Subject Re: Status produced in *King v. Parker* – Middle District of Tennessee proceedings

723. 12/11/2017 Email, Subject {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

724. 12/11/2017 Email, Subject {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

725. 12/11/2017 Email, Subject RE: Question produced in *King v. Parker* – Middle District of Tennessee proceedings

726. 12/11/2017 Email, Subject RE: Can you confirm {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

727. 12/11/2017 Email, Subject RE: Can you confirm {Redacted} produced in *King v. Parker* – Middle District of Tennessee proceedings

728. 12/6/2017 Email, Subject Re: Update produced in *King v. Parker* – Middle District of Tennessee proceedings

729. 12/5/2017 Email, Subject RE: More Info produced in *King v. Parker* – Middle District of Tennessee proceedings

730. Redacted 2/11/2020 and 8/4/2020 lethal drugs inventory produced in *King v. Parker* – Middle District of Tennessee proceedings

731. Redacted 12/30/2017 – 11/26/2019 lethal drugs inventory produced in *King v. Parker* – Middle District of Tennessee proceedings

732. Manual for the Glock Transition Course produced in *King v. Parker* – Middle District of Tennessee proceedings

84

733.    Lesson plan for the Glock Transition Course, FY 2017/2018 produced in
        *King v. Parker* – Middle District of Tennessee proceedings

734.    Lesson plan for the Glock Transition Course, FY 2017/2018 produced in
        *King v. Parker* – Middle District of Tennessee proceedings

735.    PowerPoint presentation on the Glock produced in *King v. Parker* – Middle
        District of Tennessee proceedings

736.    PowerPoint presentation on the Glock produced in *King v. Parker* – Middle
        District of Tennessee proceedings

737.    Program Curriculum for Revolver training, 4/23/2019 produced in *King v.
        Parker* – Middle District of Tennessee proceedings

738.    Firearms Skills Sheet for Revolver/Shotgun produced in *King v. Parker* –
        Middle District of Tennessee proceedings

739.    PowerPoint presentation on the Revolver produced in *King v. Parker* –
        Middle District of Tennessee proceedings

740.    PowerPoint on pre-service firearms training program covering policies and
        procedures produced in *King v. Parker* – Middle District of Tennessee
        proceedings

741.    Program curriculum for firearms policies and procedures, rev 7/18/2016
        produced in *King v. Parker* – Middle District of Tennessee proceedings

742.    Program curriculum for range familiarization, rev 7/5/2016 produced in
        *King v. Parker* – Middle District of Tennessee proceedings

743.    Unredacted spreadsheet of staff commissioned as personal protection
        officers, as of 12/17/2019 produced in *King v. Parker* – Middle District of
        Tennessee proceedings

744.    Unredacted copies of TDOC Annual Weapons Qualification Cards
        produced in *King v. Parker* – Middle District of Tennessee proceedings

745.    TDOC policies and procedures for Standard Firearms Qualification
        Training, effective 4/1/2019 produced in *King v. Parker* – Middle District
        of Tennessee proceedings

746.    Midazolam storage and preparation instructions and Potassium Chloride
        preparation instructions produced in *King v. Parker* – Middle District of
        Tennessee proceedings

747.    LIC Administration and IV Training and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

748.    2017 redacted rosters for Execution, Death watch, Practice, Protocol Review, and Training and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

749.    2020 redacted training rosters for Execution, Review of Protocol, Lethal Injections, Electrocution and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

750.    2019 - 2020 redacted training rosters for Electrocution, Lethal Injection, Protocol and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

751.    2019 redacted training rosters for protocol, Lethal Injection and Strap down and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

752.    2019 redacted training rosters for Lethal Injection, Spike with bag and Establish IV and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

753.    2019 redacted training rosters for lethal injection and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

754.    2018 - 2019 redacted training rosters for lethal injection and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

755.    9/25/2018 lethal injection training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

756.    2018 redacted training rosters for protocol review, lethal injection, LIC Administration and IV Training and execution and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

757.    Redacted printout of payments made for lethal drugs and supplies to pharmacy produced in *King v. Parker* – Middle District of Tennessee proceedings

758.    Redacted printout of payments made for lethal drugs and supplies to pharmacy produced in *King v. Parker* – Middle District of Tennessee proceedings

86

759.  Redacted 12/20/2019, 2/11/2020 and 7/28/2020 pharmacy Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

760.  Redacted dashboard printout of payments to pharmacy and redacted pharmacy Invoices from 10/26/2017, 11/1/2017, 11/27/2017, 12/14/2017, 12/28/2017, 7/5/2018, 7/5/2018, 8/7/2019, 8/7/2019, 8/16/2018, 10/31/2018, 2/26/2019, and 12/6/2019 produced in *King v. Parker* – Middle District of Tennessee proceedings

761.  Redacted 12/20/2017 Prescription for Midazolam 800 vials, Vecuronium Bromide 400 vials and Potassium Chloride 120 vials produced in *King v. Parker* – Middle District of Tennessee proceedings

762.  July 2018 redacted training rosters for lethal injection and Protocol review and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

763.  Redacted 2017 emails re procuring lethal drugs, 2015 and 2017 training rosters and materials and Execution Procedures for Electrocution, rev 3/13/2017 produced in *King v. Parker* – Middle District of Tennessee proceedings

764.  7/10/2018 redacted training roster for execution protocol produced in *King v. Parker* – Middle District of Tennessee proceedings

765.  6/13/2018 redacted training roster for lethal injection practice and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

766.  10/15/2018 Letter to Kelley Henry at the Federal Public Defender's Office providing 87 pages of records related to the 9/28/2018 request produced in *King v. Parker* – Middle District of Tennessee proceedings

767.  Redacted 2018 training rosters for lethal injection and electric chair and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (87 pages)

768.  10/8/2018 Letter to Kelley Henry at the Federal Public Defender's Office responding to request for records related to the 9/28/2018 request produced in *King v. Parker* – Middle District of Tennessee proceedings

769.  9/28/2018 Letter requesting records under the TPRA related to executions via lethal injection and electrocution produced in *King v. Parker* – Middle District of Tennessee proceedings

770.  Redacted 2007 - 2018 testing logs for electric chair and annual electrocution equipment inspection letters produced in *King v. Parker* – Middle District of Tennessee proceedings (16 pages)

771.  Redacted 2018 training rosters for electrocution practice, electrocution protocol review, lethal injection protocol, lethal injection practice and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (106 pages)

772.  10/18/2018 Letter from Kelley Henry at the Federal Public Defender's Office requesting records under the TPRA related to executions via lethal injection and electrocution and 10/29/2018 Letter providing records in response produced in *King v. Parker* – Middle District of Tennessee proceedings

773.  Redacted emails, Victim forms and letters re attendance at execution, Outlook notifications for inmate meetings, Electrocution Chronological Execution Report, TDOC Incident Report and dashboard printouts, Offender Attributes printout, Personal Property Inventory, Summary of Death report, Execution day planning docs, Zagorski's Telephone Call Log, Death Row Offender Info, Tool Inventory and checks, Key Log, Post-Inspection Form and Tool Control Form produced in *King v. Parker* – Middle District of Tennessee proceedings (137 pages)

774.  Redacted Emails, Victim forms and letters re attendance at execution, Outlook notifications for inmate meetings, Electrocution Chronological Execution Report, TDOC Incident Report and dashboard printouts, Offender Attributes printout, Personal Property Inventory, Summary of Death report, Execution day planning docs, Zagorski's Telephone Call Log, Death Row Offender Info, Tool Inventory and checks, Key Log, Post-Inspection Form and Tool Control Form produced in *King v. Parker* – Middle District of Tennessee proceedings (121 pages)

775.  Redacted emails, Victim forms and letters re attendance at execution, Media info and forms for attendance at execution, filings and orders, Zagorski execution elections, execution notification drafts and final copies produced in *King v. Parker* – Middle District of Tennessee proceedings (207 pages)

776.  Emails, Victim forms and letters re attendance at execution, Media info and forms for attendance at execution, filings and orders, Zagorski execution elections, execution notification drafts and final copies produced in *King v. Parker* – Middle District of Tennessee proceedings

777.  Emails, execution attendance letters, media attendance and applications, Zagorski's execution election letter and affidavit to have counsel at

execution, letters from Zagorski's counsel, records re preparation for execution, Victim Services letters, Outlook meeting records for visits, Electrocution chronological report records, TDOC Incident Report, Discipline records, Memo re last meal, offender info, personal property inventory, Offender information, tool inventory and tool check record produced in *King v. Parker* – Middle District of Tennessee proceedings

778.  Redacted training rosters for electrocution practice and lethal injection, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (32 pages)

779.  11/9/2018 Letter from Jessica Johnson, investigator in the Federal Defender Services requesting records related to Zagorski's 11/1/2018 execution and records related to drugs intended for use in David Earl Miller's execution on 12/6/2018 produced in *King v. Parker* – Middle District of Tennessee proceedings

780.  Redacted Death Watch logs for Zagorski and redacted Record of staff visits produced in *King v. Parker* – Middle District of Tennessee proceedings (37 pages)

781.  Death Watch logs for Zagorski and Record of Staff Visits for use in *King v. Parker* – Middle District of Tennessee proceedings

782.  Redacted Death Watch logs for Zagorski produced in *King v. Parker* – Middle District of Tennessee proceedings (75 pages)

783.  Death Watch logs for Zagorski produced in *King v. Parker* – Middle District of Tennessee proceedings

784.  11/14/2018 Letter responding to request advising records will be compiled produced in *King v. Parker* – Middle District of Tennessee proceedings

785.  11/27/2018 Letter advising that requested records are ready and the cost for same produced in *King v. Parker* – Middle District of Tennessee proceedings

786.  11/7/2017 Email, Subject produced in *King v. Parker* – Middle District of Tennessee proceedings

787.  11/28/2017 Email, Subject [Pharmacy] Pharmacy produced in *King v. Parker* – Middle District of Tennessee proceedings

788.  11/28/2017 Email, Subject Registering to do business with TN produced in *King v. Parker* – Middle District of Tennessee proceedings

89

789.    11/27/2017 Email, Subject Re: Update produced in *King v. Parker* – Middle District of Tennessee proceedings

790.    11/27/2017 Email, Subject RE: Update produced in *King v. Parker* – Middle District of Tennessee proceedings

791.    11/28/2017 Email, Subject Re: [Pharmacy] Pharmacy produced in *King v. Parker* – Middle District of Tennessee proceedings

792.    12/4/2017 Email, Subject Re: [Pharmacy] Pharmacy produced in *King v. Parker* – Middle District of Tennessee proceedings

793.    11/28/2017 Email, Subject RE: Registering to do business with TN produced in *King v. Parker* – Middle District of Tennessee proceedings

794.    11/28/2017 Email, Subject RE: Registering to do business with TN produced in *King v. Parker* – Middle District of Tennessee proceedings

795.    10/18/2017 Email, Subject Re: Question produced in *King v. Parker* – Middle District of Tennessee proceedings

796.    10/17/2017 Email, Subject Re: Question produced in *King v. Parker* – Middle District of Tennessee proceedings

797.    10/17/2017 Email, Subject Re: Question produced in *King v. Parker* – Middle District of Tennessee proceedings

798.    10/18/2017 Email, Subject Re: Question produced in *King v. Parker* – Middle District of Tennessee proceedings

799.    11/28/2017 Email, Subject Re: More Info produced in *King v. Parker* – Middle District of Tennessee proceedings

800.    11/9/2017 Email, Subject RE: DEA License produced in *King v. Parker* – Middle District of Tennessee proceedings

801.    11/9/2017 Email, Subject RE: DEA License produced in *King v. Parker* – Middle District of Tennessee proceedings

802.    10/18/2017 Email, Subject RE: Applicant for licensure as a [Pharmacist] in TN produced in *King v. Parker* – Middle District of Tennessee proceedings

803.    11/14/2017 Email, Subject Re: Agreement produced in *King v. Parker* – Middle District of Tennessee proceedings

11/14/2017 Email, Subject RE: Agreement produced in *King v. Parker* – Middle District of Tennessee proceedings

804.

10/26/2017 Email, Subject Re: Additional Info produced in *King v. Parker* – Middle District of Tennessee proceedings

805.

10/27/2017 Email, Subject RE: Additional Info produced in *King v. Parker* – Middle District of Tennessee proceedings

806.

11/1/2017 Email, Subject RE: Additional Info produced in *King v. Parker* – Middle District of Tennessee proceedings

807.

11/9/2017 Email, Subject Question produced in *King v. Parker* – Middle District of Tennessee proceedings

808.

10/18/2017 Email, Subject Fwd: Question produced in *King v. Parker* – Middle District of Tennessee proceedings

809.

11/8/2017 Email, Subject Fwd: DEA License produced in *King v. Parker* – Middle District of Tennessee proceedings

810.

11/14/2017 Email, Subject FW: TN drugs produced in *King v. Parker* – Middle District of Tennessee proceedings

811.

10/18/2017 Email, Subject Applicant for licensure as a [Pharmacist] in TN produced in *King v. Parker* – Middle District of Tennessee proceedings

812.

12/4/2017 Email, Subject Agreement produced in *King v. Parker* – Middle District of Tennessee proceedings

813.

10/26/2017 Email, Subject Additional Info produced in *King v. Parker* – Middle District of Tennessee proceedings

814.

10/26/2017 Email, Subject Re: Additional Info produced in *King v. Parker* – Middle District of Tennessee proceedings

815.

Redacted emails from 1/3/2018 re Pharmacy's Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

816.

Redacted emails from 12/5/2017 – 1/3/2018 re Pharmacy's Invoices, confidentiality of pharmacy under TCA 10-7-504(h), shipments of drugs, scheduling a time to talk on the telephone and Pharmacy's Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings

817.

2/20/2018 Agreement between TDOC and redacted unknown party, Emails, Electric chair testing logs and training logs and materials produced in *King v. Parker* – Middle District of Tennessee proceedings (61 pages)

818.

6/5/2018 Letter from Kelley Henry requesting records related to executions, lethal injections and electrocutions produced in *King v. Parker* – Middle District of Tennessee proceedings

819.

Unredacted 5/15/2018 and 5/16/2018 Training rosters for Protocol review and Lethal Injection and training materials for use in the *King v. Parker* – Middle District of Tennessee proceedings

820.

6/12/2018 Letter from Debra Inglis responding to 6/5/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

821.

6/20/2018 Letter from Debra Inglis providing records in response to 6/5/2018 request produced in *King v. Parker* – Middle District of Tennessee proceedings

822.

823.    Redacted 5/15/2018 and 5/16/2018 Training rosters for Protocol review and Lethal Injection and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (13 pages)

824.    Redacted March 2018 Training rosters for Electric chair, Death Watch, Lethal Injection, and Protocol Review and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (21 pages)

825.    6/8/2018 Letter from Debra Inglis enclosing records in response to 2/2/2018, 3/7/2018, 4/7/2018 and 5/4/2018 requests, Redacted Agreement between TDOC and medical provider, March 2016 - August 2018 Electric chair testing logs, 2018 redacted training rosters and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (93 pages)

826.    4/2/2018 Letter from Debra Inglis providing records in response to requests on 2/2/2018 and 3/7/2018 produced in *King v. Parker* – Middle District of Tennessee proceedings

827.    Redacted Billy Ray Irick Affidavit Concerning Method of Execution and Affidavit to Select Defense Counsel Witness to Execution and redacted July 2018 Training rosters for electrocution and lethal injection and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (21 pages)

828. Billy Ray Irick Affidavit Concerning Method of Execution and Affidavit to Select Defense Counsel Witness to Execution and unredacted July 2018 Training rosters for electrocution and lethal injection and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

829. 7/10/2018 Letter from Debra Inglis enclosing records in response to 7/3/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings (22 pages)

830. 7/3/2018 Letter from Kelley Henry requesting records related to lethal injection and electrocution produced in *King v. Parker* – Middle District of Tennessee proceedings

831. 7/30/2018 Letter from Debra Inglis responding to 7/16/2018 request for records and enclosing TDOC rules and regulations revision chart produced in *King v. Parker* – Middle District of Tennessee proceedings (8 pages)

832. 7/16/2018 Letter from Michael Chavis requesting records re TDOC's rules and regulations and 7/25/2018 Letter from Debra Inglis responding to the 7/16/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

833. 7/16/2018 Letter from Michael Chavis requesting records re TDOC's rules and regulations produced in *King v. Parker* – Middle District of Tennessee proceedings

834. 8/15/2018 Letter from Debra Inglis enclosing records in response to the 7/26/2018 request with redacted records enclosed produced in *King v. Parker* – Middle District of Tennessee proceedings (55 pages)

835. 8/15/2018 Payment receipt for records request produced in *King v. Parker* – Middle District of Tennessee proceedings

836. 8/6/2018 Letter from Debra Inglis in response to 7/16/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

837. 7/26/2018 Letter from Kelley Henry requesting records re lethal injection, electrocution and executions produced in *King v. Parker* – Middle District of Tennessee proceedings

838. Redacted July 2018 training rosters for lethal injection, Protocol training, execution training and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (27 pages)

93

839.	Unredacted July 2018 training rosters for lethal injection, protocol training, execution training and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

840.	Unredacted July 2018 training rosters for lethal injection and protocol and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

841.	Redacted July 2018 training rosters for lethal injection and protocol and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (29 pages)

842.	8/21/2018 Letter from Debra Inglis responding to requests for records on 8/8/2018 and 8/15/2018 produced in *King v. Parker* – Middle District of Tennessee proceedings

843.	7/18/2018 Billy Ray Irick Prescription for Midazolam produced in *King v. Parker* – Middle District of Tennessee proceedings

844.	TDOC Incident Report re Billy Ray Irick's execution via lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

845.	Death watch logs for Billy Ray Irick produced in *King v. Parker* – Middle District of Tennessee proceedings

846.	Court filings and orders re Billy Ray Irick produced in *King v. Parker* – Middle District of Tennessee proceedings

847.	Victim Services forms and letters re attending Irick's execution, Media information and forms for attending Irick's execution and Elections to attend Irick's execution produced in *King v. Parker* – Middle District of Tennessee proceedings

848.	Irick Motion, Emails, Inmate Inquiry, Visitation records and Order produced in *King v. Parker* – Middle District of Tennessee proceedings

849.	Irick Execution day logistics records, Irick TDOC Segregation Unit Record for Death Sentenced Inmates, Death Row Offender Info, Key Log, Post Inspection Form, Weekly Tool Inventory, Tool Checks and Control forms produced in *King v. Parker* – Middle District of Tennessee proceedings

850.	Midazolam storage and preparation instructions and Pharmacy Invoice information produced in *King v. Parker* – Middle District of Tennessee proceedings

851.      Unredacted July and August 2018 Training rosters for Lethal Injection and training materials for use in *King v. Parker* – Middle District of Tennessee proceedings

852.      9/14/2018 Letter from Michael Chavis renewing his previous request for certain records re Irick's execution produced in *King v. Parker* – Middle District of Tennessee proceedings

853.      9/4/2018 Letter from Debra Inglis responding to 8/15/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

854.      8/15/2018 Letter from Michael Chavis requesting certain records re Irick's execution produced in *King v. Parker* – Middle District of Tennessee proceedings

855.      9/11/2018 Draft letter from Debra Inglis providing records in response to 8/15/2018 request produced in *King v. Parker* – Middle District of Tennessee proceedings

856.      9/21/2018 Draft letter from Debra Inglis responding to 9/14/2018 and 8/15/2018 requests for records produced in *King v. Parker* – Middle District of Tennessee proceedings

857.      Victim Notification Services - What to Expect on Execution Day produced in *King v. Parker* – Middle District of Tennessee proceedings (7 pages)

858.      9/24/2018 Letter from Debra Inglis enclosing records in response to 8/15/2018 and 9/14/2018 requests for records and enclosing Victim Notification Services brochure re What to Expect on Execution Day produced in *King v. Parker* – Middle District of Tennessee proceedings

859.      TDOC Critical Incident Stress Management info for family members and friends after an execution produced in *King v. Parker* – Middle District of Tennessee proceedings

860.      9/11/2018 Letter from Debra Inglis providing records in response to 8/15/2018 request produced in *King v. Parker* – Middle District of Tennessee proceedings

861.      Redacted June and July 2018 training rosters for lethal injection practice, protocol training and review, electrocution and execution training and training materials and Irick's Affidavits Concerning Method of Execution and selection of attorney to witness the execution produced in *King v. Parker* – Middle District of Tennessee proceedings (141 pages)

862.     9/4/2018 Letter from Debra Inglis providing records in response to requests on 8/8/2018 and 8/15/2018 produced in *King v. Parker* – Middle District of Tennessee proceedings

863.     8/8/2018 Letter from Paul Bottei requesting records re lethal drugs for Irick's execution produced in *King v. Parker* – Middle District of Tennessee proceedings

864.     Redacted Media Info and forms for Irick's execution and elections to witness Irick's execution produced in *King v. Parker* – Middle District of Tennessee proceedings (41 pages)

865.     Redacted July and August 2018 training rosters for lethal injection and training materials, Irick Death Watch logs, Irick Midazolam prescription, Midazolam storage and preparation instructions, TDOC Incident Report, Affidavits re selection of defense counsel to witness execution and method of execution, notification letter re execution, Irick's Day of Execution - Lethal Injection Execution Recorder Checklist, Chemical preparation records and Victim Services forms and letters re attendance at execution produced in *King v. Parker* – Middle District of Tennessee proceedings (150 pages)

866.     Execution documents for Billy Ray Irick produced in *King v. Parker* – Middle District of Tennessee proceedings (17 pages)

867.     Redacted 9/18/2019 training rosters for Lethal injection practice and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (14 pages)

868.     10/15/2019 Letter from Debra Inglis providing records in response to 9/24/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

869.     9/24/2019 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

870.     11/6/2019 Letter from Evelyn Caicedo requesting records re Execution Procedures for Electrocution produced in *King v. Parker* – Middle District of Tennessee proceedings

871.     11/13/2019 Letter from [Drug Procurer] responding to 11/6/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

872.   11/22/2019 Letter from [Drug Procurer] providing records in response to 11/6/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

873.   Execution Procedures for Electrocution, rev. 3/13/2017 produced in *King v. Parker* – Middle District of Tennessee proceedings (88 pages)

874.   Lethal Injection Execution Manual Execution Procedures for Lethal Injection, rev 7/5/2018 produced in *King v. Parker* – Middle District of Tennessee proceedings (99 pages)

875.   1/2/2019 Letter from Jessica Johnson requesting records re procurement of lethal injection chemicals produced in *King v. Parker* – Middle District of Tennessee proceedings

876.   1/3/2019 Letter from Debra Inglis responding to 1/2/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

877.   1/18/2018 Letter from Debra Inglis providing records in response to 1/2/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings (29 pages)

878.   Records re Invoices and payments to [Pharmacy], [Pharmacy] Invoices, 7/1/2018 Letter re approval of vouchers for payment with redacted info produced in *King v. Parker* – Middle District of Tennessee proceedings

879.   1/2/2019 Email from Neysa Taylor to Debbie Inglis enclosing a 1/2/2019 public records request addressed to the Tennessee Department of Finance from Jessica Johnson produced in *King v. Parker* – Middle District of Tennessee proceedings

880.   2/15/2019 draft letter from Debra Inglis providing records in response to 2/11/2019 and 10/31/2018 request produced in *King v. Parker* – Middle District of Tennessee proceedings

881.   2/5/2019 Letter from Debra Inglis responding to 1/2/2019 and 1/29/2019 requests sent to the Department of Health and responding to 1/31/2019 request for additional information produced in *King v. Parker* – Middle District of Tennessee proceedings

882.   2/8/2019 Letter from Debra Inglis providing a response to the 1/8/2019 request and enclosing redacted [Pharmacy] Invoices and TDOC payment records produced in *King v. Parker* – Middle District of Tennessee proceedings (6 pages)

883.     1/3/2019 Letter from Debra Inglis responding to the 1/2/2019 request addressed to the Tennessee Department of Finance produced in *King v. Parker* – Middle District of Tennessee proceedings

884.     1/10/2019 Letter from Debra Inglis responding to the 1/2/2019 request addressed to the Tennessee Department of Finance produced in *King v. Parker* – Middle District of Tennessee proceedings

885.     Redacted TDOC records re [Pharmacy] Invoices and payments produced in *King v. Parker* – Middle District of Tennessee proceedings (3 pages)

886.     2/22/2019 Letter from Debra Inglis responding to 2/11/2019 Letter and enclosing Redacted TDOC records re [Pharmacy] Invoices and payments produced in *King v. Parker* – Middle District of Tennessee proceedings (4 pages)

887.     1/2/2019 Letter from Jessica Johnson to TDOC requesting records re procurement of lethal injection chemicals produced in *King v. Parker* – Middle District of Tennessee proceedings

888.     1/2/2019 Letter from Jessica Johnson to Tennessee Department of Finance requesting records re procurement of lethal injection chemicals produced in *King v. Parker* – Middle District of Tennessee proceedings

889.     2/11/2019 Letter from Jessica Johnson following up to original request on 1/2/2019 produced in *King v. Parker* – Middle District of Tennessee proceedings

890.     Redacted Death Watch logs for Stephen West produced in *King v. Parker* – Middle District of Tennessee proceedings (28 pages)

891.     Redacted August 2019 - November 2019 training rosters for Strap Down training, Lethal Injection, Electrocution, Protocol Review, and training materials, Media info and forms re attendance at execution, Outlook notifications for meetings, Victim Services notices and letters, elections to attend execution, TDOC Incident Report of West's death, Day of Execution - Electrocution Execution Recorder Checklist, Record of Staff Visits and Death Watch Logs produced in *King v. Parker* – Middle District of Tennessee proceedings (147 pages)

892.     Redacted August 2019 Training Rosters for Lethal Injection and Electric Chair and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (33 pages)

893.     Redacted May 2019 - August 2019 Training Rosters for Electrocution, Lethal Injection and Spike IV Bag and Establish IV and training materials

produced in *King v. Parker* – Middle District of Tennessee proceedings (139 pages)

894. 11/14/2019 Letter from Debra Inglis responding to 11/14/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

895. 12/17/2019 Letter from Debra Inglis providing records in response to 11/14/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

896. Redacted TDOC Incident Report re death of West, Day of Execution - Electrocution Execution Recorder Checklist and Record of Staff Visits produced in *King v. Parker* – Middle District of Tennessee proceedings (22 pages)

897. 12/9/2019 Letter from Debra Inglis responding to 12/9/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

898. 11/14/2019 Letter from Jessica Johnson requesting records re lethal injection records and West electrocution records produced in *King v. Parker* – Middle District of Tennessee proceedings

899. Redacted 10/29/2018 Training rosters for Electrocution practice and Lethal Injection and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (32 pages)

900. 1/31/2019 Letter from Debra Inglis responding to 1/22/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

901. Redacted October 2018 - January 2019 Training rosters for Electrocution practice, Lethal Injection and Electric Chair and training materials and Electric Chair testing logs, [Pharmacy] invoice and payment info produced in *King v. Parker* – Middle District of Tennessee proceedings (128 pages)

902. Redacted December 2017 - 2018 lethal drug inventory logs produced in *King v. Parker* – Middle District of Tennessee proceedings (3 pages)

903. 1/22/2019 Letter from Kelley Henry requesting records re lethal injection, electrocution and executions and 1/25/2019 Letter from Debra Inglis responding to 1/22/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

904. Redacted Electric Chair testing logs for 2018, Unredacted November 2018 - January 2019 training rosters for Electric Chair, Lethal Injection and Electrocution and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

905. 2/13/2019 Email from [Drug Procurer] to [Drug Procurer] enclosing unredacted 12/30/2017 – 11/20/2018 lethal drug inventories produced in *King v. Parker* – Middle District of Tennessee proceedings

906. 2/19/2019 Letter from Debra Inglis in response to 2/8/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

907. Record of staff visits, Zagorski's Medical Examiner's Report and Labs, Irick's Medical Examiner's Report and Labs, TDOC Incident Report for Miller's death, Email requesting Miller's autopsy report, Miller's TDOC Summary of Death, Letter Requesting Miller's autopsy report, and Media Info and selection records produced in *King v. Parker* – Middle District of Tennessee proceedings (130 pages)

908. Redacted Death Watch logs for Miller produced in *King v. Parker* – Middle District of Tennessee proceedings (42 pages)

909. Redacted Media Info and selection records, Miller execution attendance elections, Miller's affidavit re selection of attorney at execution, letters from Miller's attorney, Emails, Notification letter re execution, Outlook notifications for visits, Offender info, Miller TDOC Incident Reports re Miller's execution, Miller's Day of Execution - Electrocution Execution Recorder Checklist, Inmate Inquiry, Miller Summary of Death, TDOC Health Services Morbidity and Mortality Summary, Miller filings and Orders, Visitor and visitation records, TDOC Incident record, 12/6/2018 handwritten note re staying Miller's execution, Miller Incident reports and USPS Return Receipts produced in *King v. Parker* – Middle District of Tennessee proceedings (172 pages)

910. Miller Incident report, USPS Return Receipts, Redacted Record of Staff Visits and redacted lethal drug inventories from September 2018 - December 2018 produced in *King v. Parker* – Middle District of Tennessee proceedings (37 pages)

911. Media info and selections to attend execution, Miller Death Watch logs, Victim Services letters and elections to attend execution, Miller's Affidavit re selecting counsel to attend execution, Outlook notifications of visits, Memo re Miller's legal visits, Emails, Offender Info, TDOC Incident Reports, Day of Execution - Electrocution Execution Recorder Checklist, Inmate Inquiry, Orders and filings and Miller visitor and visitation records produced in *King v. Parker* – Middle District of Tennessee proceedings (192 pages)

912.     2/8/2019 Email from Debbie Inglis to [Drug Procurer] forwarding an email from Kelley Henry clarifying records requested produced in *King v. Parker* – Middle District of Tennessee proceedings

913.     2/19/2019 Email from [Drug Procurer] to Janet Santana regarding records requested produced in *King v. Parker* – Middle District of Tennessee proceedings

914.     Unredacted Record of staff visits, Zagorski's Medical Examiner's Report and Labs, Irick's Medical Examiner's Report and Labs, TDOC Incident Report for Miller's death, Email requesting Miller's autopsy report, Miller's TDOC Summary of Death, Letter Requesting Miller's autopsy report, and Media Info and selection records produced in *King v. Parker* – Middle District of Tennessee proceedings

915.     Unredacted Death Watch logs for Miller produced in *King v. Parker* – Middle District of Tennessee proceedings

916.     Unredacted Media Info and selection records, Miller execution attendance elections, Miller's affidavit re selection of attorney at execution, letters from Miller's attorney, Emails, Notification letter re execution, Outlook notifications for visits, Offender info, Miller TDOC Incident Reports re Miller's execution, Miller's Day of Execution - Electrocution Execution Recorder Checklist, Inmate Inquiry, Miller Summary of Death, TDOC Health Services Morbidity and Mortality Summary, Miller filings and Orders, Visitor and visitation records, TDOC Incident record, 12/6/2018 handwritten note re staying Miller's execution, Miller Incident reports and USPS Return Receipts produced in *King v. Parker* – Middle District of Tennessee proceedings

917.     4/15/2019 Letter from Debra Inglis responding to 3/28/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

918.     Redacted electric chair testing log, Redacted February 2019 - March 2019 Training Rosters for Injection and Electrocution and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (48 pages)

919.     Unredacted electric chair testing log, Unredacted February 2019 - March 2019 Training Rosters for Injection and Electrocution and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

920.     4/1/2019 Letter from Debra Inglis responding to 3/28/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

921.  3/28/2018 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

922.  Redacted April 2019 - May 2019 Training Rosters for Lethal Injection, Electrocution, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings

923.  2/26/2019 [Pharmacy] Invoice for Bacteriostatic water, Sodium Chloride and Lactated Ringers produced in *King v. Parker* – Middle District of Tennessee proceedings

924.  Redacted November 2018 - March 2019 Training Rosters for Electrocution, Lethal Injection, 2018 - 2019 electric chair testing logs, 2/26/2019 [Pharmacy] Invoice and May 9, 2019 lethal drug inventory produced in *King v. Parker* – Middle District of Tennessee proceedings

925.  5/8/2019 Letter from Debra Inglis responding to 5/6/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

926.  5/23/2019 Letter from Debra Inglis responding to 5/6/2019 request with cost produced in *King v. Parker* – Middle District of Tennessee proceedings

927.  5/6/2019 Letter from Jessica Johnson requesting records re lethal injection and electrocution produced in *King v. Parker* – Middle District of Tennessee proceedings

928.  6/14/2019 Letter from Debra Inglis responding 6/10/2019 request and enclosing Dec 2017 - Nov 2018 redacted lethal drugs inventory produced in *King v. Parker* – Middle District of Tennessee proceedings (9 pages)

929.  Redacted Dec 2017 - Nov 2018 lethal drugs inventory produced in *King v. Parker* – Middle District of Tennessee proceedings (7 pages)

930.  Unredacted Dec 2017 - Nov 2018 lethal drugs inventory for use in *King v. Parker* – Middle District of Tennessee proceedings

931.  6/10/2019 Letter from Jessica Johnson requesting records re lethal drug inventories produced in *King v. Parker* – Middle District of Tennessee proceedings

932.  6/5/2019 Email from [Drug Procurer] to Janet Santana responding to 5/20/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

933. Redacted Record of Staff Visits, Donnie Johnson Day of Execution - Lethal Injection Execution Recorder Checklist, Chemical prep sheets and TDOC Incident Report for Charles Walton Wright produced in *King v. Parker* – Middle District of Tennessee proceedings (18 pages)

934. Inmate card, Media Info and selections for execution, Elections to attend execution, Victim Services forms and letters, Johnson's Affidavit to Select Defense Counsel Witness to Execution, Emails, Method of execution notification letter, Affidavit Concerning Method of Execution, Outlook notifications for meetings, TDOC Offender Info, TDOC Incident Reports, Visitor and Visitation records, Letters to Gov. Lee re clemency, Death Watch logs, May 9, 2019 Inventory of Midazolam and Record of Staff Visits produced in *King v. Parker* – Middle District of Tennessee proceedings (188 pages)

935. 5/22/2019 Email from [Drug Procurer] to Debbie Inglis with draft response to Kelly Henry's 5/20/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

936. Unredacted 5/9/2019 lethal drug inventory for Midazolam for use in *King v. Parker* – Middle District of Tennessee proceedings

937. 6/5/2019 Letter from Debra Inglis to Kelley Henry responding to 5/20/2019 request with cost produced in *King v. Parker* – Middle District of Tennessee proceedings

938. 4/24/2019 Email from Melissa Hood to Debbie Inglis enclosing 4/16/2019 Letter from the Eleos Institute re upgrading state's electric chair produced in *King v. Parker* – Middle District of Tennessee proceedings

939. Redacted Inmate card, Media Info and selections for execution, Elections to attend execution, Victim Services forms and letters, Johnson's Affidavit to Select Defense Counsel Witness to Execution, Emails, Method of execution notification letter, Affidavit Concerning Method of Execution, Outlook notifications for meetings, TDOC Offender Info, TDOC Incident Reports, Visitor and Visitation records, Execution day planning records, Phone call logs and Letters to Gov. Lee re clemency produced in *King v. Parker* – Middle District of Tennessee proceedings (182 pages)

940. Unredacted Inmate card, Media Info and selections for execution, Elections to attend execution, Victim Services forms and letters, Johnson's Affidavit to Select Defense Counsel Witness to Execution, Emails, Method of execution notification letter, Affidavit Concerning Method of Execution, Outlook notifications for meetings, TDOC Offender Info, TDOC Incident Reports, Visitor and Visitation records, Execution day planning records,

Phone call logs and Letters to Gov. Lee re clemency for use in *King v. Parker* – Middle District of Tennessee proceedings

941.     Redacted Johnson Death Watch logs produced in *King v. Parker* – Middle District of Tennessee proceedings (48 pages)

942.     Unredacted Johnson Death Watch logs for use in *King v. Parker* – Middle District of Tennessee proceedings

943.     Redacted TDOC internal record of Johnson's execution, Summary of Death, Execution day planning records, record of staff visits, Johnson Day of Execution - Lethal Injection Execution Recorder Checklist, Chemical prep records and TDOC Incident Report for Charles Walton Wright produced in *King v. Parker* – Middle District of Tennessee proceedings (35 pages)

944.     Unredacted TDOC internal record of Johnson's execution, Summary of Death, Execution day planning records, record of staff visits, Johnson Day of Execution - Lethal Injection Execution Recorder Checklist, Chemical prep records and TDOC Incident Report for Charles Walton Wright for use in *King v. Parker* – Middle District of Tennessee proceedings

945.     Redacted April 2019 - August 2019 Training rosters for lethal injection, electrocution, Spike IV Bag and Establish IV, Strap down and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (325 pages)

946.     Unredacted April 2019 - August 2019 Training rosters for lethal injection, electrocution, Spike IV Bag and Establish IV, Strap down and training materials for use in *King v. Parker* – Middle District of Tennessee proceedings

947.     8/6/2019 Letter from Debra Inglis responding to 8/1/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

948.     8/30/2019 Letter from Debra Inglis providing records in response to 8/1/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

949.     8/1/2019 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

950.     11/16/2020 Email from Richard Tennent to [Drug Procurer] enclosing 11/16/2020 request for records re COVID-19 policies and procedures in

place at Riverbend produced in *King v. Parker* – Middle District of Tennessee proceedings

951. 11/24/2020 Letter from [Drug Procurer] responding to 11/16/2020 request for records and enclosing TDOC Memos and protocols re COVID-19 produced in *King v. Parker* – Middle District of Tennessee proceedings

952. 11/16/2020 Letter from Richard Tennent requesting records re COVID-19 policies and procedures in place at Riverbend produced in *King v. Parker* – Middle District of Tennessee proceedings

953. 1/15/2020 Email from [Drug Procurer] to Janet Santana responding to 12/13/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

954. November 2019 - December 2019 redacted training rosters for electrocution and lethal injection and training materials, redacted emails from/about [Pharmacy] re invoices, payments, lethal drug shipments, procuring lethal drugs and lab reports produced in *King v. Parker* – Middle District of Tennessee proceedings (67 pages)

955. October 2019 - November 2019 redacted training rosters for lethal injection, electrocution and lethal injection protocol reviews, electrocution, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (52 pages)

956. Redacted Record of Staff Visits produced in *King v. Parker* – Middle District of Tennessee proceedings (10 pages)

957. Media Info and selections to view execution of Stephen West, letters re attendance at execution, Outlook notifications for visitations, West' Personal Property inventory and Storage Request, Death Watch logs, TDOC Incident Report and Day of Execution - Electrocution Execution Recorder Checklist produced in *King v. Parker* – Middle District of Tennessee proceedings (120 pages)

958. 12/13/2019 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

959. 12/18/2019 Letter from Debra Inglis responding to request for records on 12/13/2019 produced in *King v. Parker* – Middle District of Tennessee proceedings

960.    1/31/2020 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

961.    Redacted 12/20/2019 Invoice from [Pharmacy] produced in *King v. Parker* – Middle District of Tennessee proceedings

962.    12/20/2019 Invoice from [Pharmacy] for Midazolam and KCl produced in *King v. Parker* – Middle District of Tennessee proceedings

963.    Redacted February 2020 Training rosters for Electrocution and training materials, redacted drug logs and redacted 12/20/2019 Invoice from [Pharmacy] produced in *King v. Parker* – Middle District of Tennessee proceedings (9 pages)

964.    Redacted January 2020 - February 2020 Training rosters for Protocol, lethal injection, electrocution, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (116 pages)

965.    2/4/2020 Letter from Debra Inglis responding to 1/31/2020 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

966.    2/24/2020 Letter from Debra Inglis providing records in response to 1/31/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

967.    Unredacted February 2020 - March 2020 Training rosters for electrocution, lethal injection, Review of Protocol, and training materials and Day of Execution - Electrocution Execution Recorder Checklist for use in *King v. Parker* – Middle District of Tennessee proceedings

968.    3/2/2020 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

969.    Redacted February 2020 - March 2020 Training rosters for electrocution, review of protocol, lethal injection, and training materials, and redacted August 2019 - February 2020 drug inventory logs produced in *King v. Parker* – Middle District of Tennessee proceedings (21 pages)

970.    3/9/2020 Letter from Debra Inglis responding to 3/2/2020 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

971.    3/23/2020 Letter from Debra Inglis providing records in response to 3/2/2020 request produced in *King v. Parker* – Middle District of Tennessee proceedings

972.    Redacted August 2019 - February 2020 Electric chair testing logs produced in *King v. Parker* – Middle District of Tennessee proceedings

973.    Unredacted August 2019 - February Electric chair testing logs produced in *King v. Parker* – Middle District of Tennessee proceedings

974.    6/3/2020 Email from [Drug Procurer] to Debbie Inglis with draft response to 5/29/2020 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

975.    Redacted 5/28/2020 training roster for Lethal Injections, Aug 2019 - Feb 2020 Electric Chair testing log, 2/11/2020 Lethal drug inventory and 2/11/2020 [Pharmacy] Invoice for KCI and Midazolam produced in *King v. Parker* – Middle District of Tennessee proceedings (5 pages)

976.    Redacted January 2020 - March 2020 and May 2020 training rosters for Protocol, Lethal Injection, Electrocution, Review of Protocol, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (144 pages)

977.    5/29/2020 Email from Debbie Inglis to [Drug Procurer] forwarding 5/29/2020 Request for Records re lethal injection and electrocution produced in *King v. Parker* – Middle District of Tennessee proceedings

978.    6/8/2020 Letter from Debra Inglis responding to 5/29/2020 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

979.    5/29/2020 Letter from Michael Chavis requesting records re lethal injection and electrocution produced in *King v. Parker* – Middle District of Tennessee proceedings

980.    Redacted June 2020 - July 2020 training rosters for lethal injection, electrocution and Protocol and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (22 pages)

981.    8/7/2020 Email from Debbie Inglis to [Drug Procurer] re responding to records request produced in *King v. Parker* – Middle District of Tennessee proceedings

982.    Redacted 7/29/2020 training roster for lethal injection and training materials, 7/28/2020 [Pharmacy] Invoice the annual service fee, lethal

drugs and supplies produced in *King v. Parker* – Middle District of Tennessee proceedings

983.  8/10/2020 Email from Melissa Hood to [Drug Procurer] encl unredacted 7/29/2020 training roster for lethal injection and training materials for use in *King v. Parker* – Middle District of Tennessee proceedings

984.  Unredacted 7/29/2020 training roster for lethal injection and training materials for use in *King v. Parker* – Middle District of Tennessee proceedings (16 pages)

985.  7/29/2020 Letter from Michael Chavis requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

986.  3/14/2022 Draft letter from Debra Inglis to Kelley Henry providing records in response to 2/11/2022 request produced in *King v. Parker* – Middle District of Tennessee proceedings

987.  2/11/2022 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

988.  Redacted Nov 2021 - January 2022 Training rosters for protocol, strap down, electrocution, and lethal injection, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (36 pages)

989.  Redacted Nov 2021 - January 2022 Training rosters for protocol, strap down, electrocution, and lethal injection, and training materials, 11/30/2021 [Pharmacy] Invoice, Lethal drugs inventory log, and November 2021 emails re ordering lethal drugs and status of delivery produced in *King v. Parker* – Middle District of Tennessee proceedings (23 pages)

990.  1/3/2022 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

991.  11/30/2021 Redacted [Pharmacy] Invoice for Sodium Chloride and Vecuronium produced in *King v. Parker* – Middle District of Tennessee proceedings

992.  Redacted 12/1/2021 Drug inventory log for Vecuronium Bromide produced in *King v. Parker* – Middle District of Tennessee proceedings

993.  Unredacted 12/1/2021 Drug inventory log for Vecuronium Bromide for use in *King v. Parker* – Middle District of Tennessee proceedings

994. Draft 1/25/2022 Letter from Debra Inglis to Kelley Henry responding to 1/3/2022 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

995. Draft 1/31/2022 Letter from Debra Inglis to Kelley Henry providing records in response to 1/3/2022 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

996. Redacted Feb 2022 - Mar 2022 training rosters for lethal injection, redacted email re training requirements for sterile compounding and inventory of lethal drugs, discovery responses, Midazolam and KCI inventory log, training rosters, ordering lethal drugs and supplies, shipments of lethal drugs and supplies, pharmaceutical letters re misuse of products, Redacted Tennessee Board of Pharmacy license and DEA license, [Pharmacy] Invoices, Feb 2020 - Dec 2021 lethal drug inventory logs, potassium chloride and midazolam logs, and Feb 2020 - Oct 2021 Electric chair testing logs produced in *King v. Parker* – Middle District of Tennessee proceedings (61 pages)

997. Redacted June 2021 - Nov 2021 and Jan 2022 - Feb 2022 training rosters for Protocol, lethal injection, electrocution, strap down team, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (132 pages)

998. Redacted June 2021 training rosters for electrocution (and page 2 of lethal injection) and lethal injection training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (20 pages)

999. Redacted July 2020 - June 2021 training rosters for protocol review, lethal injection, electrocution and lethal injection strap down, electrocution, lethal injection, electrocution and lethal injection protocol review and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (139 pages)

1000. Draft 3/11/2022 Letter from Debra Inglis responding to 3/2/2022 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1001. Draft March 2022 Letter from Debra Inglis responding to 3/2/2022 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1002. 3/2/2022 Letter from Michael Chavis requesting records re lethal injection, electrocution, and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

1003.   April 2021 - February 2022 Redacted Electric Chair Testing Logs produced in *King v. Parker* – Middle District of Tennessee proceedings

1004.   3/18/2022 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution produced in *King v. Parker* – Middle District of Tennessee proceedings

1005.   Redacted 3/8/2022 training rosters for lethal injection and training materials, Redacted Sept 2021 - Feb 2022 Electric Chair testing log, and redacted 3/16/2022 email re an order produced in *King v. Parker* – Middle District of Tennessee proceedings (13 pages)

1006.   Draft 3/25/2022 Letter from Debra Inglis responding to 3/18/2022 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1007.   4/26/2022 Email from [Drug Procurer] to [Drug Procurer] attaching picture of unredacted 4/13/2022 lethal drugs inventory log produced in *King v. Parker* – Middle District of Tennessee proceedings

1008.   Unredacted 4/13/2022 lethal drugs inventory log produced in *King v. Parker* – Middle District of Tennessee proceedings

1009.   Unredacted 4/21/2022 inventory logs for drugs and supplies in the refrigerator and cabinet for use in *King v. Parker* – Middle District of Tennessee proceedings

1010.   Unredacted 4/21/2022 lethal drugs inventory log for use in *King v. Parker* – Middle District of Tennessee proceedings

1011.   Redacted March 2021 - June 2021 training rosters for lethal injection, protocol, electrocution, and training materials, pharmaceutical letters re misuse of product, 8/13/2020 Email re suppliers' inventory of lethal drugs after compounding and attached logs produced in *King v. Parker* – Middle District of Tennessee proceedings (67 pages)

1012.   Redacted Feb 20, 2020 - Jan 26, 2021 electric chair testing logs, Feb 2020 - August 2020 lethal drug inventory logs, [Pharmacy] invoices, training rosters May 2020 - July 2020, Oct 2020 and Dec 2020 - March 2021 for protocol review, electrocution, Lethal injection, electrocution strap down, lethal injection strap down, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (134 pages)

1013.   6/28/2021 Letter from Kelley Henry requesting records re lethal injection, electrocution and execution and 7/1/2021 Letter from Debra Inglis

110

responding to 6/28/2021 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1014.   7/7/2021 Letter from Debra Inglis providing records in response to 6/28/2021 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1015.   2/14/2018 RMSI Death Watch Post Orders, Protester sign-in sheet for David Miller, List of Protesters, surveillance pictures of protesters produced in *King v. Parker* – Middle District of Tennessee proceedings (16 pages)

1016.   1/31/2019 Letter from [Drug Procurer] responding 1/1/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1017.   1/29/2019 email from Korey Cooper to [Drug Procurer] attaching, 2/4/2018 redacted and unredacted RMSI Death Watch Post Orders, 1/20/2017 letter from Manday Strickland requesting records re protest at Irick's execution, surveillance pictures of protesters and Protester sign-in sheet for David Miller produced in *King v. Parker* – Middle District of Tennessee proceedings

1018.   Redacted 1/3/2018 emails re [Pharmacy] invoices, 2/20/2018 TDOC agreement with provider, 1/22/2018 email re [Pharmacy] invoice, 2018 - 2019 lethal drug inventory logs, TDOC Tennessee Board of Pharmacy license, July and August 2018, Oct 2018,  February 2019 and August 2019 [Pharmacy] invoices, Screenshot of TDOC payments to [Pharmacy], 2018 accounts payable records, 11/27/2017 Pharmacy Services Agreement, TDOC - RMSI's Procurement, Preparation, Introduction of the Lethal Injection Chemical, and Procedures of Accountability policies and procedures, rev 7/5/2018, Midazolam storage and preparation instructions, and Potassium Chloride preparation instructions produced in *King v. Parker* – Middle District of Tennessee proceedings (61 pages)

1019.   8/28/2019 draft of letter from Debra Inglis responding to 8/23/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1020.   10/4/2019 Letter from Debra Inglis providing records in response to 8/23/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1021.   10/4/2019 draft of letter from Debra Inglis providing records in response to 8/23/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1022.    12/14/2018 Letter from Debra Inglis responding to 12/6/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1023.    1/15/2019 Letter from Debra Inglis providing cost for records in response to 12/6/2018 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1024.    Redacted Dec 2017 - 2018 lethal drug inventory logs, TDOC [Pharmacy] vendor payments, 2017 - 2018 [Pharmacy] invoices, 11/27/2017 Pharmacy Services Agreement, 2017-2018 Emails re procuring lethal drugs, supplier payments, protocols, supplies received, the use of other potential lethal drugs, and Pharmaceutical letters re misuse of products produced in *King v. Parker* – Middle District of Tennessee proceedings (121 pages)

1025.    Redacted 12/30/2017 - 2018 lethal drug inventory logs produced in *King v. Parker* – Middle District of Tennessee proceedings (3 pages)

1026.    12/14/2018 draft letter from Debra Inglis responding to 12/6/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1027.    1/15/2019 Letter from Debra Inglis responding to 12/6/2018 request for records with costs produced in *King v. Parker* – Middle District of Tennessee proceedings

1028.    Redacted 7/5/2018, 8/16/2018 and 10/31/2018 [Pharmacy] Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings (3 pages)

1029.    12/6/2018 Letter from Seamus Kelly requesting records re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

1030.    Redacted 2016-2018 electric chair and equipment inspection and testing logs produced in *King v. Parker* – Middle District of Tennessee proceedings (5 pages)

1031.    Redacted 10/2018 – 12/2018 Training rosters for electrocution protocol, electric chair, and training materials, redacted 2017 -2018 invoices, and electrocution policies and procedures, rev. 7/11/2016 produced in *King v. Parker* – Middle District of Tennessee proceedings (150 pages)

1032.    12/12/2018 Letter from Debra Inglis responding to 10/22/2018 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

112

1033.   TDOC Electrocution policies and procedures, rev. 3/13/2017 produced in *King v. Parker* – Middle District of Tennessee proceedings (88 pages)

1034.   Redacted emails and letters re attendance at Zagorski's execution, Internal and External media list for execution, media elections to attend execution, letters/emails from Zagorski's attorney re execution, Zagorski execution affidavits, execution notification letter, Victim services emails and correspondence, Microsoft outlook notifications for visits, emails re visitation, Zagorski note and memo re no family attending execution and last meal, TDOC offender info, and Zagorski request not to have autopsy performed after execution produced in *King v. Parker* – Middle District of Tennessee proceedings (187 pages)

1035.   10/22/2018 Letter from Seamus Kelly requesting records re electric chair and Zagorski's upcoming execution produced in *King v. Parker* – Middle District of Tennessee proceedings

1036.   Redacted 11/2016 – 10/2018 Training rosters for electrocution practice, protocol for execution, electrocution and lethal injection, execution, electrocution death watch, electric chair, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (133 pages)

1037.   4/29/2020 Letter from Rivkin requesting records re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

1038.   5/6/2020 Letter from [Drug Procurer] encl records in response to 4/9/2020 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1039.   Redacted 2/11/2020, 12/20/2019 and 12/6/2019 [Pharmacy] invoices, 9/2019 – 12/2019 emails re [Pharmacy] invoices/payments, lab results, lethal drug sources, procuring lethal drugs, 9/2019 – 2/2020 lethal drug inventory logs produced in *King v. Parker* – Middle District of Tennessee proceedings (14 pages)

1040.   Redacted lethal inventory log for 9/2019 – 12/2019 produced in *King v. Parker* – Middle District of Tennessee proceedings

1041.   12/11/2020 Letter from [Drug Procurer] in response to 12/9/2020 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1042.   5/22/2020 Letter from [Drug Procurer] in response to 4/29/2020 follow up request produced in *King v. Parker* – Middle District of Tennessee proceedings

1043.   6/8/2020 letter from [Drug Procurer] in response to 4/29/2020 additional follow up request produced in *King v. Parker* – Middle District of Tennessee proceedings

1044.   Redacted 9/29/2021 email re lethal drug and supply orders, 7/26/2021 lethal drug inventory, Midazolam and potassium chloride Inventory and Use logs produced in *King v. Parker* – Middle District of Tennessee proceedings (8 pages)

1045.   10/9/2021 letter from Rivkin requesting records re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

1046.   Redacted 7/2020 – 12/2020 Training rosters for electrocution, electrocution and lethal injection protocol review, lethal injection, electrocution and lethal injection strap down team, and training materials, redacted 8/2020 – 11/2020 emails re lethal drugs inventory, sterile compounding training requirements, payments, invoices, attaching inventory logs for midazolam and potassium chloride, info re payments made to [Pharmacy] and invoices, pharmaceutical letters re misuse of products and 2/2020 redacted lethal drug inventory log produced in *King v. Parker* – Middle District of Tennessee proceedings (122 pages)

1047.   Redacted 7/2020 – 12/2020 Training rosters for electrocution, electrocution and lethal injection protocol review, lethal injection, electrocution and lethal injection strap down team, and training materials, redacted 8/2020 – 11/2020 emails re lethal drugs inventory, sterile compounding training requirements, payments, invoices, attaching inventory logs for midazolam and potassium chloride, info re payments made to [Pharmacy] and invoices, pharmaceutical letters re misuse of products and 2/2020 redacted lethal drug inventory log produced in *King v. Parker* – Middle District of Tennessee proceedings (122 pages)

1048.   Redacted  Training rosters for electrocution, lethal injection, electrocution and lethal injection protocol review, electrocution and lethal injection strapdown, redacted 8/2020 – 11/2020 emails re lethal drugs inventory, sterile compounding training requirements, payments, invoices, attaching inventory logs for midazolam and potassium chloride, info re payments made to [Pharmacy] and invoices, pharmaceutical letters re misuse of products and 2/2020 redacted lethal drug inventory log produced in *King v. Parker* – Middle District of Tennessee proceedings (129 pages)

1049.   TDOC Electrocution policies and procedures, rev. 3/13/2017, Redacted 7/29/2020 Training rosters for lethal injection and training materials, redacted 7/28/2020 [Pharmacy] Invoice, Redacted 1/2020 – 7/2020 - training rosters for lethal injection, electrocution, protocol, and training

114

materials produced in *King v. Parker* – Middle District of Tennessee proceedings (150 pages)

1050. TDOC policies and procedures re Death Watch, Execution Team, Death Watch Supervisor and Control Monitor, rev. 3/13/2017 produced in *King v. Parker* – Middle District of Tennessee proceedings (11 pages)

1051. 1/15/2021 Letter from [Drug Procurer] in response to 12/9/2020 request for records and enclosing TDOC Lethal Injection Execution Manual, rev 7/5/2018, and TDOC Electrocution Execution Manual, rev. 3/13/2017 produced in *King v. Parker* – Middle District of Tennessee proceedings (146 pages)

1052. 12/9/2020 request for records from Rivkin re lethal injection and electrocution produced in *King v. Parker* – Middle District of Tennessee proceedings

1053. Redacted 2/20/2020 – 11/12/2020 electric chair testing logs produced in *King v. Parker* – Middle District of Tennessee proceedings

1054. 12/9/2020 letter from Rivkin requesting records re lethal injection and electrocution produced in *King v. Parker* – Middle District of Tennessee proceedings

1055. 1/4/2021 Letter from [Drug Procurer] responding to 12/9/2020 request for records with cost info produced in *King v. Parker* – Middle District of Tennessee proceedings

1056. Redacted 1/26/2021 [Pharmacy] Invoice produced in *King v. Parker* – Middle District of Tennessee proceedings

1057. 6/10/2021 Letter from [Drug Procurer] providing records in response to 6/4/2021 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1058. 6/10/2021 Draft of letter from [Drug Procurer] providing records in response to 6.4.21 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1059. 6/4/2021 request for records from Rivkin re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

1060. 8/12/2020 Letter from Rivkin requesting records re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

115

1061.   8/17/2020 Letter from [Drug Procurer] responding to 8/12/2020 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1062.   8/27/2020 draft letter from [Drug Procurer] following up to 8/12/2020 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1063.   Redacted 7/28/2020 Invoice from [Pharmacy] and 2/11/2020 and 8/4/2020 Lethal drugs inventory log produced in *King v. Parker* – Middle District of Tennessee proceedings

1064.   Redacted 2/11/2020 and 8/4/2020 Lethal drugs inventory log produced in *King v. Parker* – Middle District of Tennessee proceedings

1065.   12/11/2020 Letter from [Drug Procurer] responding to 12/9/2020 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1066.   8/18/2020 Letter from Rivkin follow up request for records re lethal drugs produced in *King v. Parker* – Middle District of Tennessee proceedings

1067.   Redacted 7/22/2020 email re midazolam and kcl potency results and 7/28/2020 Invoice from [Pharmacy] produced in *King v. Parker* – Middle District of Tennessee proceedings

1068.   7/22/2020 email from [Pharmacist] re midazolam and kcl potency results and 7/28/2020 Invoice from [Pharmacy] produced in *King v. Parker* – Middle District of Tennessee proceedings

1069.   8/27/2020 letter from [Drug Procurer] following up to 8/12/2020 request for records and enclosing redacted 7/22/2020 email re midazolam and kcl potency results and 7/28/2020 Invoice from [Pharmacy] produced in *King v. Parker* – Middle District of Tennessee proceedings

1070.   10/9/2019 Letter requesting records re communications between TDOC and Idaho state actors re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

1071.   10/24/2019 Letter from Debra Inglis responding to 10/9/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1072.   Redacted Jan 2017 - Dec 2017 training rosters re Execution, Electrocution and Lethal Injection protocol review, Death Watch, Practice, Protocol

Review, Lethal Injection, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (107 pages)

1073.   6/19/2018 Letter from [Drug Procurer] providing records in partial response to records request produced in *King v. Parker* – Middle District of Tennessee proceedings

1074.   5/9/2018 Letter from [Drug Procurer] responding to records request with info re records that are confidential and cost produced in *King v. Parker* – Middle District of Tennessee proceedings

1075.   7/17/2018 Draft letter from [Drug Procurer] responding to records request with info re records that are confidential and cost produced in *King v. Parker* – Middle District of Tennessee proceedings

1076.   4/12/2018 letter from [Drug Procurer] responding to records request produced in *King v. Parker* – Middle District of Tennessee proceedings

1077.   6/27/2018 request for records re lethal injection and 7/17/2018 response with info re records that are confidential and cost produced in *King v. Parker* – Middle District of Tennessee proceedings

1078.   2/23/2018 request for records re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

1079.   Redacted Jan 2017 - Dec 2017 training rosters re Execution, Electrocution and Lethal Injection protocol review, Death Watch, Practice, Protocol Review, Lethal Injection, and training materials produced in *King v. Parker* – Middle District of Tennessee proceedings (107 pages)

1080.   1/5/2018 Letter from [Drug Procurer] in response to 12/13/2017 request for records and 12/13/2017 and 10/16/2017 records request re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

1081.   Subpoena to Tony Parker re Ohio Execution Protocol Litigation requesting records re execution documents for Irick and Johnson produced in *King v. Parker* – Middle District of Tennessee proceedings

1082.   Redacted Record of Staff Visits, Day of Execution - Lethal Injection Execution Recorder, and TDOC Incident Report for Charles Walton Wright produced in *King v. Parker* – Middle District of Tennessee proceedings (18 pages)

1083.   Redacted Johnson inmate card, Media information and selections for execution, victim services and attendance at execution emails and letters, Affidavits re defense counsel to witness execution and method of

execution, Method of Execution letter, Microsoft Outlook notifications re visits, TDOC Offender info and Incident Reports for execution, TDOC visitation records, spiritual advisor at execution selection, records re TDOC preparation for execution, Johnson clemency records, Death Watch logs, 5/9/2019 lethal drug inventory log, Johnson mug shot, and record of staff visits produced in *King v. Parker* – Middle District of Tennessee proceedings. (188 pages)

1084.    Affidavit of Records Custodian signed by [Drug Procurer] produced in *King v. Parker* – Middle District of Tennessee proceedings

1085.    Redacted Media information and selections for execution of Irick, and letter to counsel requesting info re attorneys on site during death watch produced in *King v. Parker* – Middle District of Tennessee proceedings (41 pages)

1086.    Redacted July 2018 - August 2018 training rosters re lethal injection and training materials, Death Watch logs, lethal drugs prescription for Irick, Midazolam storage and preparation instructions, TDOC Incident Report, Affidavits re defense counsel selection to attend execution and method of execution, Method of execution letter, Day of Execution - Lethal Injection Execution Recorder Checklist, Victim services forms and letters re execution and  attendance at execution produced in *King v. Parker* – Middle District of Tennessee proceedings (150 pages)

1087.    Redacted Media information and selections for execution of Irick, and letter to counsel requesting info re attorneys on site during death watch produced in *King v. Parker* – Middle District of Tennessee proceedings (41 pages)

1088.    Affidavit of Records Custodian signed by [Drug Procurer] produced in *King v. Parker* – Middle District of Tennessee proceedings

1089.    2018 - 2019 Redacted electric chair testing logs produced in *King v. Parker* – Middle District of Tennessee proceedings

1090.    Redacted Jan 2018 -  emails re [Pharmacy] Invoices, Provider Agreement, July 2018 - November 2018  Lethal drugs inventory logs, May 9, 2019 Midazolam Inventory, Tennessee Board of Pharmacy license, February 2019 - August 2019 [Pharmacy] Invoices, Vendor records, Pharmacy Services Agreement, TDOC policies and procedures re Procurement, Preparation, Introduction of the lethal Injection Chemical and Procedures of Accountability, rev. 7/5/2018, Midazolam storage and preparation instructions and KCL preparation instructions produced in *King v. Parker* – Middle District of Tennessee proceedings (61 pages)

1091.   8/26/2019 Letter from Debra Inglis responding to 8/22/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1092.   Draft of 8/26/2019 Letter from Debra Inglis responding to 8/22/2019 request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1093.   Draft of 1/13/2020 Letter from Debra Inglis responding to 1/9/2020 follow up request for records produced in *King v. Parker* – Middle District of Tennessee proceedings

1094.   11/22/2019 Letter from Debra Inglis providing records in response to 11/1/2019 request, July 2018 - Aug 2019 lethal drug inventory logs, vendor invoices and payments, Feb 2019 - Aug 2019 [Pharmacy] Invoices produced in *King v. Parker* – Middle District of Tennessee proceedings (15 pages)

1095.   Draft of 9/25/2019 letter from Debra Inglis providing records in response to 8/22/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1096.   11/22/2019 Draft letter from Debra Inglis providing records in response to 11/1/2019 request produced in *King v. Parker* – Middle District of Tennessee proceedings

1097.   11/15/2019 Letter from Debra Inglis responding to 11/1/2019 request for additional records produced in *King v. Parker* – Middle District of Tennessee proceedings

1098.   9/17/2019 Letter from Debra Inglis responding to 8/22/2019 request for records with cost produced in *King v. Parker* – Middle District of Tennessee proceedings

1099.   8/22/2019 Letter requesting records re lethal injection produced in *King v. Parker* – Middle District of Tennessee proceedings

1100.   9/20/2018 filed Motion to Stay Proceedings based on Colorado River Abstention Doctrine and Memo of Law in Support produced in *King v. Parker* – Middle District of Tennessee proceedings

1101.   8/21/2018 Complaint for Injunctive Relief produced in *King v. Parker* – Middle District of Tennessee proceedings

1102.   Outline of new website

1103.  United States Pharmacopeial Convention guidance

1104.  [Pharmacy]'s current Texas pharmacy license expiring 4/30/2024

1105.  Unsigned Pharmacy Services Agreement between [Pharmacy] and TDOC

1106.  [Pharmacy]'s 6/26/2018 Application to Add License Modifier to Tennessee Board of Pharmacy, attaching [Pharmacist]-in-Charge compounding information, [Pharmacy]'s ownership and management information, Texas Board of Pharmacy disciplinary action and inspection reports, DEA License and List of Reference books

1107.  12/8/2017 Letter to Texas State Board of Pharmacy from [Pharmacy] re the pharmacy's suspension of sterile compounding.

1108.  April 2018 [Pharmacy] Application to Change Pharmacy License Classification to Compounding Sterile Preparations.

1109.  11/27/2017 signed Pharmacy Services Agreement between [Pharmacy] and TDOC.

1110.  7/18/2018 Billy Ray Irick Prescription for Midazolam

1111.  List of sterile compounding pharmacies in Tennessee

1112.  Redacted formula for Midazolam

1113.  Formula for Midazolam

1114.  12/8/2017 Letter to Texas State Board of Pharmacy from [Pharmacy] re the pharmacy's suspension of sterile compounding.

1115.  April 2018 [Pharmacy] Application to Change Pharmacy License Classification to Compounding Sterile Preparations.

1116.  Blank order form for Midazolam, Vecuronium Bromide and Potassium Chloride

1117.  2016 Texas State Board of Pharmacy Notice of Inspection

1118.  2014 Texas Board of Pharmacy Agreed Order for Sun City Compounding, LLC signed by [Former Pharmacy Owner]

1119.  Information regarding Beyond Use Dates on compounded sterile preparations

1120.   Blank sample pharmacy agreement between Riverbend Maximum Security and a [Pharmacist], rev 6/25/2015

1121.   6/15/2018 Email from [Former Pharmacy Owner] to [Drug Procurer] enclosing Beyond Use Dating for Sterile Compounding information

1122.   [Pharmacy]'s Texas pharmacy license expiring 4/30/2018

1123.   2016 Texas State Board of Pharmacy Notice of Inspection

1124.   5/22/2018 Midazolam method suitability test result

1125.   5/11/2018 Midazolam potency, bacterial endotoxins and sterility test results

1126.   5/14/2018 Midazolam container closure integrity test result

1127.   Dashboard reflecting 2017-2019 [Pharmacy] Invoices and payments

1128.   Redacted [Pharmacy] Invoices

1129.   2017 - 2019 [Pharmacy] Invoices

1130.   [Pharmacy]'s current Texas pharmacy license expiring 4/30/2024

1131.   [Pharmacy]'s Tennessee pharmacy license expiring 7/31/2022

1132.   [Pharmacy]'s current DEA license expiring 2/28/2023

1133.   2/26/2020 Letter from Hikma Pharmaceuticals objecting to the use of its products in capital punishment and requesting confirmation that TDOC is not in possession of any Hikma/West Ward products

1134.   8/15/2019 Letter from Sandoz objecting to the use of its products in capital punishment and demanding the return of any products in TDOC's possession

1135.   8/2/2018 Letter from Sandoz objecting to the use of its products in capital punishment and demanding the return of any products in TDOC's possession

1136.   8/15/2019 Letter from Sandoz objecting to the use of its products in capital punishment and demanding the return of any products in TDOC's possession

1137.   Redacted text messages from Oct 2017 - April 2018 re lethal drugs procurement *produced in response to public records request* (17 pages)

1138.   Draft 6/10/2019 Letter from Tennessee Office of the Attorney General responding to 6/4/2019 request for records *produced in response to public records request*

1139.   Redacted 12/2017 Order for Midazolam, Vecuronium Bromide and Potassium Chloride *produced in response to public records request*

1140.   11/13/2019 Draft letter from [Drug Procurer] responding to 11/6/2019 request for records with costs *produced in response to public records request*

1141.   11/22/2019 Draft letter from [Drug Procurer] responding to 11/6/2019 request for records with costs *produced in response to public records request*

1142.   Redacted lethal drug procurement handwritten notes *produced in response to public records request* (6 pages)

1143.   Unredacted April 2017 - April 2018 text messages between [Drug Procurer] and [Former Pharmacy Owner] re lethal drugs procurement *produced in response to public records request* (23 pages)

1144.   Unredacted September 2019 - December 2019 lethal drug inventory logs *produced in response to public records request*

1145.   Redacted July 2018 Training rosters for lethal injection, protocol review, and training materials *produced in response to public records request* (25 pages)

1146.   Redacted April 2017 - April 2018 text messages between [Drug Procurer] and [Former Pharmacy Owner] re lethal drugs procurement *produced in response to public records request* (23 pages)

1147.   8/13/2018 Letter from Debra Inglis requesting the return of documents provided in response to public record requests that have led to the discovery of individuals/entities involved in the lethal execution process *produced in response to public records request*

1148.   4/15/2019 Letter from Debra Inglis responding to 3/28/2019 request for records with costs *produced in response to public records request*

1149.   2/18/2022 Draft Letter from Debra Inglis responding to 2/11/2022 request for records *produced in response to public records request*

1150.    4/4/2022 Draft Letter from Debra Inglis responding to 3/18/2022 request for records *produced in response to public records request*

1151.    3/3/2022 Draft Letter from Debra Inglis responding to 3/2/2022 request for records *produced in response to public records request*

1152.    6/8/2020 Draft Letter from Debra Inglis responding to 5/29/2020 request for records with cost *produced in response to public records request*

1153.    March 2022 Draft Letter from Debra Inglis responding to 3/2/2022 request for records *produced in response to public records request*

1154.    2/12/2018 Draft Letter from [Drug Procurer] responding to request for records received 2/6/2018 and asking for the requester to narrow the scope *produced in response to public records request*

1155.    Redacted Feb 2017 - Sept 2017 emails re lethal drug procurement, 9/1/2016 Authorization to dispense Prescriptions for Schedule II Controlled Substances, Declaration regarding chemical products intended use, Aug 2015 and Feb 2017 - July 2017 redacted training rosters re lethal injection, Electrocution, Death Watch, Execution protocols for lethal injection and electrocution, and training materials, and Execution Procedures for Electrocution, rev Mar 13, 2017 *produced in response to public records request*

1156.    Unredacted July 2018 - August 2019 lethal drug inventory logs *produced in response to public records request* (10 pages)

1157.    Redacted 7/10/2018 Training roster for Execution Protocol *produced in response to public records request*

1158.    Redacted 6/13/2018 Training roster for lethal injection and training materials *produced in response to public records request* (10 pages)

1159.    Unredacted 6/13/2018 Training roster for lethal injection and training materials *produced in response to public records request* (10 pages)

1160.    Redacted 4/13/2022 lethal drugs inventory *produced in response to public records request*

1161.    Unredacted 12/20/2017 order for Midazolam, Vecuronium Bromide and Potassium Chloride, TDOC DEA licenses and Unredacted 2017 [Pharmacy] Invoices for lethal drugs signed as received by TDOC staff *produced in response to public records request* (8 pages)

1162.   11/3/2021 request for records re lethal injection, electrocution and execution *produced in response to public records request*

1163.   Redacted April 2021 - Oct 2021 Electric chair testing logs, July 2021 - Nov 2021 Training rosters re Protocol Review, Lethal Injection, Electrocution, Strap down team, and training materials, redacted July 2021 - emails re training logs, docs needed for discovery responses, lethal drugs and supply procurement, Tennessee Board of Pharmacy license, DEA license, Inventory and Use logs for Potassium Chloride, Midazolam, and 7/26/2021 lethal drug inventory logs *produced in response to public records request* (127 pages)

1164.   Unredacted 7/26/2021 lethal drug inventory log *produced in response to public records request*

1165.   Unredacted 7/26/2021 lethal drug inventory log *produced in response to public records request*

1166.   11/15/2021 letter from Debra Inglis responding to 11/3/2021 request for records *produced in response to public records request*

1167.   1/12/2022 Request for records re lethal injection *produced in response to public records request*

1168.   1/31/2022 Email from [Drug Procurer] to Robert Reburn enclosing responsive docs to records request *produced in response to public records request*

1169.   Redacted Nov 2021 - emails re lethal drugs and supplies procurement, redacted 11/30/2021 [Pharmacy] Invoice and redacted lethal drugs inventory log *produced in response to public records request*

1170.   3/1/2022 Email from [Drug Procurer] enclosing 3/1/2022 email from [Drug Procurer] to Robert Reburn with docs responsive to records request *produced in response to public records request*

1171.   Redacted Nov 2021 - Emails re lethal drugs procurement, Redacted Oct 2021 - Feb 2022 Training rosters re protocol, Electrocution, Lethal Injection, Strap down Team, and training materials *produced in response to public records request*

1172.   2/9/2022 Email from Robert Reburn to [Drug Procurer] forwarding follow up request for records *produced in response to public records request*

1173.   Redacted lethal drugs inventory log *produced in response to public records request*

124

1174. 3/8/2022 Email from Robert Reburn to [Drug Procurer] forwarding 3/8/2022 request for records re lethal injection *produced in response to public records request*

1175. 4/13/2022 Email from [Drug Procurer] to Robert Reburn enclosing responsive docs to request for records *produced in response to public records request*

1176. Redacted March 2022 - April 2022 Emails re lethal drugs and supplies procurement *produced in response to public records request*

1177. 4/6/2022 request for records re lethal injection *produced in response to public records request*

1178. Unredacted March 2022 - April 2022 Emails between [Drug Procurer] and [Pharmacist] re lethal drugs and supplies procurement *produced in response to public records request*

1179. 5/3/2022 Email from Robert Reburn to [Drug Procurer] forwarding request for records *produced in response to public records request*

1180. Redacted April 2022 - May 2022 Emails re lethal drugs procurement and supplies, executions, and Oscar Smith reprieve, sterile compounding info, Redacted 4/12/2022 [Pharmacy] Invoice, Tennessee Board of Pharmacy license and DEA license, 4/21/2022 text message inquiring about whether chemicals needed to be maintained in the event of a challenge, 5/11/2022 email attaching text messages re Smith's reprieve, 4/21/2022 text messages re lethal drugs and preserving the drugs, April 2022 text messages re lethal drugs and testing reports, 4/21/2022 text messages re halting lethal drugs preparation, 5/11/2022 Inventory & Use logs for Midazolam and Potassium Chloride, and 4/13/2022 and 4/21/2022 lethal drugs inventory logs *produced in response to public records request*

1181. 5/12/2022 request for records re lethal drugs *produced in response to public records request*

1182. 5/31/2022 Email from Robert Reburn to [Drug Procurer] forwarding 5/12/2022 records request re lethal drugs *produced in response to public records request*

1183. 6/8/2022 Email from Robert Reburn to [Drug Procurer] forwarding follow up request for records *produced in response to public records request*

1184. Redacted text messages re lethal drugs preparation, 4/21/2022 lethal drugs inventory logs, Smith Reprieve, 10/22/2018 entered Order setting

125

Zagorski's execution date and 5/12/2022 redacted emails re training *produced in response to public records request*

1185. April 13, 2022 unredacted lethal drugs inventory log *produced in response to public records request*

1186. 3/23/2022 Email from [Drug Procurer] to Dorinda Carter enclosing records responsive to request *produced in response to public records request*

1187. Redacted 3/16/2022 emails re lethal drugs procurement, 11/30/2021 [Pharmacy] Invoice and lethal drugs inventory log *produced in response to public records request*

1188. 3/22/2022 Email from Dorinda Carter to [Drug Procurer] forwarding 3/16/2022 request for records re lethal drugs *produced in response to public records request*

1189. Unredacted Jan 2022 - April 2022 emails between [Drug Procurer] and [Pharmacist] re [Pharmacy] invoices and lethal drugs procurement, 11/30/2021 and 4/12/2022 [Pharmacy] Invoices and 4/13/2022 lethal drugs inventory log *produced in response to public records request*

1190. Subpoena to Tony Parker re Ohio Execution Protocol Litigation requesting records re execution documents for Irick and Johnson *produced in response to public records request*

1191. Redacted Record of Staff Visits, Day of Execution - Lethal Injection Execution Recorder, and TDOC Incident Report for Charles Walton Wright *produced in response to public records request*

1192. Redacted Johnson inmate card, Media information and selections for execution, victim services and attendance at execution emails and letters, Affidavits re defense counsel to witness execution and method of execution, Method of Execution letter, Microsoft Outlook notifications re visits, TDOC Offender info and Incident Reports for execution, TDOC visitation records, spiritual advisor at execution selection, records re TDOC preparation for execution, Johnson clemency records, Death Watch logs, 5/9/2019 lethal drug inventory log, Johnson mug shot, and record of staff visits *produced in response to public records request.*

1193. Affidavit of Records Custodian signed by [Drug Procurer] *produced in response to public records request*

1194. Redacted Media information and selections for execution, and letter to counsel requesting info re attorneys on site during death watch *produced in response to public records request*

126

1195.    Redacted July 2018 - August 2018 training rosters re lethal injection and
training materials, Death Watch logs, lethal drugs prescription for Irick,
Midazolam storage and preparation instructions, TDOC Incident Report,
Affidavits re defense counsel selection to attend execution and method of
execution, Method of execution letter, Day of Execution - Lethal Injection
Execution Recorder Checklist, Victim services forms and letters re
execution and attendance at execution *produced in response to public
records request*

1196.    Redacted Media information and selections for execution, and letter to
counsel requesting info re attorneys on site during death watch *produced in
response to public records request*

1197.    Affidavit of Records Custodian signed by [Drug Procurer] *produced in
response to public records request*

1198.    2018 - 2019 Redacted electric chair testing logs *produced in response to
public records request*

1199.    12/3/2018 email from Neysa Taylor forwarding request for electric chair
testing records *produced in response to public records request*

1200.    Text messages re lethal drugs and prep *produced in response to public
records request* (7 pages)

1201.    Text messages re lethal drugs and prep *produced in response to public
records request* (7 pages)

1202.    Text messages re lethal drugs and prep *produced in response to public
records request* (3 pages)

1203.    Text messages re lethal drugs and prep *produced in response to public
records request*

1204.    Text messages re lethal drugs and prep *produced in response to public
records request*

1205.    Text messages re lethal drugs and prep *produced in response to public
records request*

1206.    Text message re preserving evidence *produced in response to public
records request*

1207.    Letter responding to TPRA re records for scheduled execution of Smith
*produced in response to public records request*

1208.    Training logs and materials, 4/21/2022 drug inventory, 4/12/2022 [Pharmacy] invoice for drugs, emails between [Drug Procurer] and [Pharmacist] *produced in response to public records request* (44 pages)

1209.    Training logs and materials, 4/21/2022 drug inventory, 4/12/2022 [Pharmacy] invoice for drugs, emails between [Drug Procurer] and [Pharmacist] *produced in response to public records request* (44 pages)

1210.    Open records requests from media, TDOC policies and procedures re TPRA, form for requesting records and blank forms. *produced in response to public records request*

1211.    Training logs and materials *produced in response to public records request* (114 pages)

1212.    Training logs and materials *produced in response to public records request* (112 pages)

1213.    Emails and text messages re Smith on death watch and status of execution *produced in response to public records request* (26 pages)

1214.    Reprieve docs, emails and text messages *produced in response to public records request* (7 pages)

1215.    Reprieve docs, emails and text messages *produced in response to public records request* (7 pages)

1216.    Template for responses to media seeking TPRA re Smith *produced in response to public records request*

1217.    TPRA request for records re Smith's execution *produced in response to public records request*

1218.    4/26/2022 Letter from counsel for Harold Wayne Nichols req recs related to Smith's 4/21/2022 execution date, permission to inspect and photograph items and request re Nichols' pending execution *produced in response to public records request*

1219.    4/29/2022 Letter from Inglis responding to Federal Public Defender's request seeking records re Oscar Smith's execution *produced in response to public records request*

1220.    4/25/2022 Letter from Federal Public Defender's seeking records re Oscar Smith's execution *produced in response to public records request*

1221. 4/29/2022 Letter from Inglis responding to Federal Public Defender's request seeking records re Oscar Smith's execution *produced in response to public records request*

1222. 4/29/2022 Letter from Inglis responding to Federal Public Defender's request *produced in response to public records request*

1223. Debbie Inglis emails preserved per Order *produced in response to public records request* (100 pages)

1224. 4/20/2022 -4/21/2022 Text messages re drugs *produced in response to public records request*

1225. 4/20/2022 -4/21/2022 Text messages re drugs *produced in response to public records request*

1226. 4/20/2022 -4/21/2022 Text messages re drugs *produced in response to public records request*

1227. Delegation Authority Amendments for Execution related services in 2019 *produced in response to public records request* (14 pages)

1228. Delegation Authority Amendments for Execution related services in 2018 *produced in response to public records request* (9 pages)

1229. Delegated Authority for Execution related services in 2022 *produced in response to public records request* (7 pages)

1230. Delegated Authority for Execution related services in 2021 *produced in response to public records request* (7 pages)

1231. Delegated Authority for Execution related services in 2020 *produced in response to public records request* (7 pages)

1232. Redacted Inmate clothing card *produced in response to public records request*

1233. Inmate clothing card *produced in response to public records request*

1234. Redacted Death watch logs *produced in response to public records request* (5 pages)

1235. Death watch logs *produced in response to public records request* (5 pages)

1236. Redacted Death watch logs *produced in response to public records request* (5 pages)

1237. Death watch logs *produced in response to public records request* (5 pages*)*

1238. Redacted Death watch logs *produced in response to public records request* (6 pages)

1239. Death watch logs *produced in response to public records request* (6 pages)

1240. Redacted Record of staff visits *produced in response to public records request* (7 pages)

1241. Record of staff visits *produced in response to public records request* (7 pages)

1242. Redacted TDOC disciplinary record, Inmate Grievance records, Emails re execution day parking and email re other offenders *produced in response to public records request* (8 pages)

1243. TDOC disciplinary record, Inmate Grievance records, Emails re execution day parking and email re other offenders *produced in response to public records request* (8 pages)

1244. Redacted Electric chair testing log *produced in response to public records request*

1245. Electric chair testing log *produced in response to public records request*

1246. Redacted Visitation records *produced in response to public records request* (22 pages)

1247. Visitation records *produced in response to public records request* (22 pages)

1248. TDOC execution day parking document *produced in response to public records request* (6 pages)

1249. TDOC offender info *produced in response to public records request*

1250. Inmate inquiry forms and property inventories *produced in response to public records request* (10 pages)

1251. Redacted Refusal of medical services and TDOC medical history form *produced in response to public records request* (4 pages)

1252. Refusal of medical services and TDOC medical history form *produced in response to public records request* (4 pages)

1253. Redacted Spiritual advisor records *produced in response to public records request* (44 pages)

1254. Spiritual advisor records *produced in response to public records request* (44 pages)

1255. Last meal request *produced in response to public records request*

1256. Redacted Email encl Smith's Method of Execution and notification letter *produced in response to public records request* (3 pages)

1257. Email encl Smith's Method of Execution and notification letter *produced in response to public records request* (3 pages)

1258. Smith orders and filings *produced in response to public records request* (64 pages)

1259. Redacted Sheriff attendance at execution records *produced in response to public records request (*7 pages)

1260. Sheriff attendance at execution records *produced in response to public records request (*7 pages)

1261. Redacted Attorney general attendance at execution records *produced in response to public records request* (3 pages)

1262. Attorney general attendance at execution records *produced in response to public records request* (3 pages)

1263. Redacted Email encl letters to be mailed to victims' family members re execution *produced in response to public records request* (44 pages)

1264. Email encl letters to be mailed to victims' family members re execution *produced in response to public records request* (44 pages)

1265. Redacted Letters to Smith's counsel, Affidavit to Select Defense Counsel Witness to Execution and emails re legal visits *produced in response to public records request* (14 pages)

1266. Letters to Smith's counsel, Affidavit to Select Defense Counsel Witness to Execution and emails re legal visits *produced in response to public records request* (14 pages)

1267. Redacted Records re media and communications personnel on execution day *produced in response to public records request* (13 pages)

1268. Records re media and communications personnel on execution day *produced in response to public records request* (13 pages)

1269. Text messages re chemicals and execution preparation *produced in response to public records request* (3 pages)

1270. Delegations of Authority for execution related services, training logs and materials, drug inventory logs, drug invoice, pharmacy records, emails re drugs, media lottery recs for witnessing execution, emails re visits from counsel, victim service records, letters re election to attend execution, Smith orders and filings, Affidavit Concerning Method of Execution, notification letter, last meal inquiry form, spiritual advisor forms and records, Inmate Inquiry forms, personal property log, Tool Inventory, TDOC Offender info, visitation records, TDOC disciplinary records, Inmate Grievances, Death watch logs, Inmate clothing card and record of staff visits *produced in response to public records request* (361 pages)

1271. [Pharmacy] Midazolam inventory, 3/7/2018 – 4/5/2022 *produced in response to public records request* (4 pages)

1272. Midazolam inventory, 3/7/2018 – 4/5/2022 and Potassium Chloride inventory, 7/8/2019 – 10/11/2021 *produced in response to public records request* (12 pages)

1273. Reprieve records and emails, text messages re drugs *produced in response to public records request* (15 pages)

1274. 4/21/2022 emails attaching Zagorski order setting execution date and Zagorski reprieve *produced in response to public records request*

1275. Sterile compounding records *produced in response to public records request* (18 pages)

1276. Spiritual advisor records, NDA for spiritual advisor, letters, inmate inquiry forms, inmate personal property logs, TDOC offender info, visitation records, TDOC disciplinary records, Inmate Grievance records, Death watch logs and Record of staff visits *produced in response to public records request* (96 pages)

1277. Training materials and logs, lethal drug inventories, invoice for drugs, Tennessee Pharmacy license, DEA card, emails re drug orders, media lottery drawing records, letter to counsel re execution, emails re legal visits, Victim services records, Smith orders and filings, Affidavits re

132

counsel attending execution and method of execution, notification letter and last meal inmate inquiry *produced in response to public records request* (147 pages)

1278. Delegations of Authority for execution related services, training logs and materials *produced in response to public records request* (118 pages)

1279. Delegations of Authority for execution related services, training logs and materials *produced in response to public records request* (118 pages)

1280. 5/13/2022 draft letter from Debra Inglis providing records in response to 5/12/2022 request re Oscar Smith's scheduled execution

1281. 5/13/2022 draft letter from Debra Inglis providing records in response to 4/22/2022 request re Oscar Smith's scheduled execution *produced in response to public records request*

1282. Finley, Keefe, Kruesi, Loller, Timms and Vaughan responsive docs to TPRA requests for Oscar Smith and executions enclosing redacted May-April 2022 emails re Smith's reprieve, statement on Smith's temporary reprieve, Governor's reprieve, redacted April 2022 emails re Zagorski's order setting execution date and reprieve, redacted Delegated Authority Amendment FY 2019 dtd 2/22/2019, Delegated Authority FY 2019 dtd 2/22/2018, Delegated Authority Amendment FY 2019 dtd 8/20/2018, Delegated Authority Amendment FY 2018 dtd 2/27/2018, Delegated Authority FY 2018 dtd 3/17/2017, Delegated Authority FY 2022 dtd 4/14/2021, Delegated Authority FY 2021 dtd 1/16/2020, Delegated Authority FY 2020 dtd 2/22/2019, redacted 4/20/2022 – 4/21/2022 text messages re lethal chemical preservation, execution, execution preparation, and lab reports for Smith, lethal drug lab results *produced in response to public records request* (161 pages)

1283. Finley, Keefe, Kruesi, Loller, Timms and Vaughan responsive docs to TPRA requests for Oscar Smith and executions enclosing redacted May-April 2022 emails re Smith's reprieve, statement on Smith's temporary reprieve, Governor's reprieve, redacted April 2022 emails re Zagorski's order setting execution date and reprieve, redacted Delegated Authority Amendment FY 2019 dtd 2/22/2019, Delegated Authority FY 2019 dtd 2/22/2018, Delegated Authority Amendment FY 2019 dtd 8/20/2018, Delegated Authority Amendment FY 2018 dtd 2/27/2018, Delegated Authority FY 2018 dtd 3/17/2017, Delegated Authority FY 2022 dtd 4/14/2021, Delegated Authority FY 2021 dtd 1/16/2020, Delegated Authority FY 2020 dtd 2/22/2019, redacted 4/20/2022 – 4/21/2022 text messages re lethal chemical preservation, execution, execution preparation, and lab reports for Smith, lethal drug lab results *produced in response to public records request* (161 pages)

133

1284.    5/13/2022 draft letter from Debra Inglis providing test results re Midazolam and Potassium Chloride for Oscar Smith's execution *produced in response to public records request*

1285.    5/13/2022 draft letter from Debra Inglis responding to 5/11/2022 request for records *produced in response to public records request*

1286.    5/13/2022 draft letter from Debra Inglis providing records in response to 4/21/2022 request re Oscar Smith's scheduled execution *produced in response to public records request*

1287.    5/13/2022 draft letter from Debra Inglis providing records in response to 4/22/2022 request re executions *produced in response to public records request*

1288.    5/13/2022 letter from Debra Inglis responding to 4/25/2022 request for records with cost *produced in response to public records request*

1289.    5/13/2022 draft letter from Debra Inglis responding to 4/25/2022 request for records with cost *produced in response to public records request*

1290.    5/13/2022 draft letter from Debra Inglis providing records in response to 4/25/2022 request for records *produced in response to public records request*

1291.    Redacted April 2021 - Feb 2022  Electric chair testing logs, redacted Feb 2022 - April 2022 Training rosters re electrocution, lethal injection, protocol, and training materials, April 2022 lethal drug inventory log, 4/12/2022 redacted [Pharmacy] invoice, Tennessee Board of Pharmacy and DEA license, March - April 2022 redacted emails re lethal drugs and supplies procurement, Media selections and Info for Smith's execution, Smith's Affidavit re defense counsel selection at execution, April 2022 emails re Smith attorney visitation, Victim services letters and emails re attendance at Smith's execution *produced in response to public records request* (428 pages)

1292.    Victim services letters re attendance at Smith's execution, Orders and filings re Oscar Smith, Affidavit re method of execution, letter re method of execution, last meal request, Smith's Spiritual Advisor NDA and records *produced in response to public records request* (75 pages)

1293.    Redacted letters, inmate inquiries, forms and emails re religious accommodations, visitations and attendance for Smith's execution, inmate inquiries re disposition of Smith's belongings after death, Smith's property and tool inventory, TDOC offender info, Microsoft outlook notification for

134

visits, TDOC disciplinary records, Smith Grievance docs, Death Watch logs, Smith clothing card, Record of Staff Visits, and USP Pharmaceutical Compounding bulletin *produced in response to public records request* (122 pages)

1294. USP Pharmaceutical Compounding bulletin, Midazolam storage and preparation instructions, Potassium Chloride preparation instructions, emails re Smith's reprieve, statement on Smith's temporary reprieve, Governor's reprieve, redacted 4/20/2022 – 4/21/2022 text messages re lethal chemical preservation, execution, execution preparation, and lab reports for Smith, Inventory and Use for Midazolam and Potassium Chloride, sterile compounding guidelines, 4/21/2022 emails re Zagorski's order setting execution and reprieve *produced in response to public records request* (83 pages)

1295. Records in response to Federal Public Defender's request for records per TPRA for Smith and lethal drug lab results *produced in response to public records request*

1296. Pharmaceutical compounding, Midazolam and Potassium Chloride protocols, emails, Reprieve info, text messages, drug inventories, sterile compounding docs *produced in response to public records request*

1297. Memorandum re religious accommodations, letters re upcoming execution, Inmate inquiry forms, emails, Smith's personal property logs, Tool inventories, TDOC offense info, visitation records, TDOC Disciplinary records, Grievance records, Death watch records, TDOC clothing card, Record of staff visits, pharmaceutical compounding *produced in response to public records request*

1298. Letters re attendance at execution, Orders and filings, emails, Affidavit Concerning Method of Execution, Notification letter, Last meal request, NDA for spiritual advisor *produced in response to public records request*

1299. Electric chair testing logs, training logs and materials, drug inventories and purchase invoice, Tennessee Pharmacy license, DEA card, emails re lethal drugs, media lottery drawing for attendance at execution records, victim records *produced in response to public records request*

1300. 5/13/2022 letter from Debra Inglis enclosing records re scheduled execution of Oscar Smith, emails re Smith's reprieve, statement on Smith's temporary reprieve, Governor's reprieve, redacted 4/20/2022 – 4/21/2022 text messages re lethal chemical preservation, execution, execution preparation, and lab reports for Smith, 4/21/2022 emails re Zagorski's order setting execution and reprieve *produced in response to public records request* (20 pages)

135

1301.    5/13/2022 letter from Debra Inglis enclosing records re scheduled execution of Oscar Smith, emails re Smith's reprieve, statement on Smith's temporary reprieve, Governor's reprieve, 4/21/2022 emails re Zagorski's order setting execution and reprieve, redacted Delegated Authority Amendment FY 2019 dtd 2/22/2019, Delegated Authority FY 2019 dtd 2/22/2018, Delegated Authority Amendment FY 2019 dtd 8/20/2018, Delegated Authority Amendment FY 2018 dtd 2/27/2018, Delegated Authority FY 2018 dtd 3/17/2017, Delegated Authority FY 2022 dtd 4/14/2021, Delegated Authority FY 2021 dtd 1/16/2020, Delegated Authority FY 2020 dtd 2/22/2019 *produced in response to public records request* (50 pages)

1302.    5/13/2022 letter from Debra Inglis enclosing records re lethal drugs testing results, emails re Smith's reprieve, statement on Smith's temporary reprieve, Governor's reprieve, 4/21/2022 emails re Zagorski's order setting execution and reprieve, 4/20/2022 – 4/21/2022 text messages re lethal chemical preservation, execution, execution preparation, and lab reports for Smith *produced in response to public records request* (20 pages)

1303.    5/13/2022 letter from Debra Inglis responding to 5/11/2022 request for records *produced in response to public records request*

1304.    5/13/2022 letter from Debra Inglis enclosing records re scheduled execution of Oscar Smith, emails re Smith's reprieve, statement on Smith's temporary reprieve, Governor's reprieve, 4/21/2022 emails re Zagorski's order setting execution and reprieve, 4/20/2022 – 4/21/2022 text messages re lethal chemical preservation, execution, execution preparation, and lab reports for Smith *produced in response to public records request* (20 pages)

1305.    5/13/2022 letter from Debra Inglis enclosing records re execution, redacted Delegated Authority Amendment FY 2019 dtd 2/22/2019, Delegated Authority FY 2019 dtd 2/22/2018, Delegated Authority Amendment FY 2019 dtd 8/20/2018, Delegated Authority Amendment FY 2018 dtd 2/27/2018, Delegated Authority FY 2018 dtd 3/17/2017, Delegated Authority FY 2022 dtd 4/14/2021, Delegated Authority FY 2021 dtd 1/16/2020, Delegated Authority FY 2020 dtd 2/22/2019 *produced in response to public records request* (44 pages)

1306.    5/13/2022 letter from Debra Inglis enclosing records re scheduled execution of Oscar Smith, emails re Smith's reprieve, statement on Smith's temporary reprieve, Governor's reprieve, 4/21/2022 emails re Zagorski's order setting execution and reprieve *produced in response to public records request* (7 pages*)*

1307.  Notepad doc *produced in response to public records request*

1308.  Recs re temperature in the refrigerator storing lethal drugs from 4/13/2022 - 4/21/2022 *produced in response to public records request*

1309.  Notepad doc *produced in response to public records request*

1310.  Recs re temperature in the refrigerator storing lethal drugs from 2/25/2022 - 4/21/2022 *produced in response to public records request*

1311.  8/24/2018 Letter from Debra Inglis requesting that inadvertently disclosed confidential records through the TPRA be returned pursuant to Rule 4.4(b) of the Rules of Professional Conduct *produced in response to public records request*

1312.  9/10/2018 Letter from Debra Inglis in response to 9/4/2018 Letter and requesting return of documents within 7 days *produced in response to public records request*

1313.  8/30/2018 Letter from Kelley Henry responding to 8/24/2018 Letter indicating they are not in violation of Rule 4.4(b) and are reviewing the request *produced in response to public records request*

1314.  Track02 (*Purported audio files, but provided as Notepad doc that cannot be played*) *produced in response to public records request*

1315.  Track01 (*Purported audio files, but provided as Notepad doc that cannot be played*) *produced in response to public records request*

1316.  Redacted Jan 2018 - emails re [Pharmacy] Invoices, Provider Agreement, July 2018 - November 2018 Lethal drugs inventory logs, May 9, 2019 Midazolam Inventory, Tennessee Board of Pharmacy license, February 2019 - August 2019 [Pharmacy] Invoices, Vendor records, Pharmacy Services Agreement, TDOC policies and procedures re Procurement, Preparation, Introduction of the lethal Injection Chemical and Procedures of Accountability, rev. 7/5/2018, Midazolam storage and preparation instructions and KCL preparation instructions *produced in response to public records request* (61 pages)

1317.  8/26/2019 Letter from Debra Inglis responding to 8/22/2019 request for records *produced in response to public records request*

1318.  Draft of 8/26/2019 Letter from Debra Inglis responding to 8/22/2019 request for records *produced in response to public records request*

1319.   8/22/2019 Email from Dorinda Carter forwarding 8/22/2019 request for records re lethal injection *produced in response to public records request*

1320.   Draft of 1/13/2020 Letter from Debra Inglis responding to 1/9/2020 follow up request for records *produced in response to public records request*

1321.   11/22/2019 Letter from Debra Inglis providing records in response to 11/1/2019 request, July 2018 - Aug 2019 lethal drug inventory logs, vendor invoices and payments, Feb 2019 - Aug 2019 [Pharmacy] Invoices *produced in response to public records request*

1322.   Draft of 9/25/2019 letter from Debra Inglis providing records in response to 8/22/2019 request *produced in response to public records request*

1323.   11/22/2019 Draft letter from Debra Inglis providing records in response to 11/1/2019 request *produced in response to public records request*

1324.   11/15/2019 Letter from Debra Inglis responding to 11/1/2019 request for additional records *produced in response to public records request*

1325.   9/17/2019 Letter from Debra Inglis responding to 8/22/2019 request for records with cost *produced in response to public records request*

1326.   8/22/2019 Letter requesting records re lethal injection *produced in response to public records request*

1327.   Delegation Authority Amendments for Execution related services in 2019

1328.   Delegation Authority Amendments for Execution related services in 2018

1329.   Delegated Authority for Execution related services in 2022

1330.   Delegated Authority for Execution related services in 2021

1331.   Delegated Authority for Execution related services in 2020

**Documents from TN AG**

1.   6/8/2022 Letter from Dianna Baker Shew

2.   Lethal Injection training documents (1162 pages)

3.   Testing Reports (69 pages)

4.   11/27/2017 Pharmacy Services Agreement (5 pages)

138

5.                Execution Procedures for Lethal Injection, rev 6/25/2015 (97 pages)

6.                Ledger pages (38 pages)

7.                Billy Irick and Donnie Johnson Chemical prep records (8 pages)

                   Handwritten death watch logs for Irick, Johnson, Miller and Zagorski (315 pages)

8.                7/20/2020 Memorandum Opinion in *King v. Parker* case, granting in part, denying in part Plaintiff's motion to compel and Defendants' motion for protective order

9.                7/20/2020 Order in *King v. Parker* case, re Plaintiff's motion to compel and Defendants' motion for protective order

10.              7/19/21 Deposition transcript of [Drug Procurer] in *King v. Parker* case.

11.              11/18/2019 Email, Subject: Update Lab report

12.              5/15/2019 Email, Subject: This is big! DOJ opinion on FDA

13.              7/15/2019 Email, Subject [Pharmacy] True Up

14.              8/8/2019 Email, Subject Suitability Test

15.              11/20/2019 Email, Subject see attached

16.              8/15/2019 Email, Subject Scanned from a Xerox [Pharmacy] Pharmacy.pdf

17.              7/10/2019 Email, Subject RX

18.              8/9/2019 Email, Subject results

19.              12/5/2019 Email, Subject Report

20.              5/9/2019 Email, Subject report

21.              7/24/2019 Email, Subject Report

22.              7/31/2019 Email, Subject Report

23.              5/15/2019 Email, Subject RE: This is big! DOJ Opinion on FDA

24.              5/15/2019 Email, Subject RE: This is big! DOJ Opinion on FDA

25.     1/29/2019 Email, Subject RE: product

26.     1/29/2019 Email, Subject Re: product

27.     1/29/2019 Email, Subject Re: product

28.     4/29/2019 Email, Subject RE: Potency report

29.     8/8/2019 Email, Subject RE: kcl protocol

30.     7/2/2019 Email, Subject RE: kcl protocol

31.     5/9/2019 Email, Subject RE: Invoices

32.     5/9/2019 Email, Subject Re: Invoices

33.     5/9/2019 Email, Subject Re: Invoices

34.     4/3/2019 Email, Subject RE: follow up

35.     7/29/2019 Email, Subject RE: Declaration

36.     7/26/2019 Email, Subject RE: Declaration

37.     7/29/2019 Email, Subject RE: Declaration

38.     10/30/2019 Email, Subject RE: API

39.     10/30/2019 Email, Subject RE: API

40.     12/20/2019 Email, Subject Re: [EXTERNAL] New invoice

41.     12/20/2019 Email, Subject Re: [EXTERNAL] New invoice

42.     6/26/2019 Email, Subject Proposed Alternative

43.     1/29/2019 Email, Subject product

44.     4/29/2019 Email, Subject Potency report

45.     2/26/2019 Email, Subject New Invoice

46.     11/26/2019 Email, Subject Lab results

47.     8/8/2019 Email, Subject KCI

140

48.     8/8/2019 Email, Subject kcl protocol

49.     6/26/2019 Email, Subject KCI Protocol

50.     6/26/2019 Email, Subject kcl protocol

51.     6/26/2019 Email, Subject KCI

52.     9/19/2019 Email, Subject Invoices

53.     5/9/2019 Email, Subject Invoices

54.     8/7/2019 Email, Subject Invoices

55.     6/26/2019 Email, Subject http://leucadiapharma.com/anti-capital-punishment-statement/

56.     7/2/2019 Email, Subject Fwd: kcl protocol

57.     6/28/2019 Email, Subject Fwd: kcl protocol

58.
        9/24/2019 Email, Subject Fwd: Invoices

59.     5/16/2019 Email, Subject FW: [Pharmacy]

60.     10/29/2019 Email, Subject FW: potassium

61.     5/13/2019 Email, Subject FW: Midazolam

62.     7/2/2019 Email, Subject FW: kcl protocol

63.     4/2/2019 Email, Subject follow up

64.     12/3/2019 Email, Subject FedEx Shipment 777137874130: Delivery scheduled for tomorrow

65.     12/4/2019 Email, Subject FedEx Shipment 777137874130: Delivery scheduled for today

66.     12/4/2019 Email, Subject FedEx Shipment 777137874130: Delivered

67.     11/26/2019 Email, Subject FedEx Shipment 777076577054: Scheduled delivery update

68.   11/25/2019 Email, Subject FedEx Shipment 777076577054: Delivery scheduled for tomorrow

69.   11/26/2019 Email, Subject FedEx Shipment 777076577054: Delivery scheduled for today

70.   11/25/2019 Email, Subject FedEx MPS Shipment 777076577054 Notification

71.   11/26/2019 Email, Subject FedEx MPS Shipment 777076577054 Delivered

72.   7/25/2019 Email, Subject Fed Executions

73.   8/12/2019 Email, Subject ETX-190806-0007-LabReport.pdf

74.   7/26/2019 Email, Subject Declaration

75.   12/20/2019 Email, Subject Automatic reply: New Invoice

76.   10/30/2019 Email, Subject API

77.   11/21/2019 Email, Subject Alternatives

78.   8/12/2019 Email, Subject 2019-18034.pdf

79.   12/3/2019 Email, Subject Update

80.   Text messages on [Drug Procurer] cell phone from 4/6/2017 – 6/27/2018

81.   Text messages on [Drug Procurer] cell phone from 7/3/2018 – 9/26/2018

82.   Text messages on [Drug Procurer] cell phone from 10/24/18 – 7/11/19

83.   Text messages on [Drug Procurer] cell phone from 7/31/19 – 1/6/2020

84.   Text messages on [Drug Procurer] cell phone from 1/7/2020 – 5/26/2022

85.   Declaration of Sarah B. Miller in Support of Plaintiff's Motion filed 4/13/2022 in the *King v. Parker* case.

86.   Affidavit of John Gardiner pursuant to 28 U.S.C. Sec 1746 dated 4/11/2022 in the *King v. Parker* case.

87.   Declaration of Joel Zivot, MD filed 11/21/2018 in the *King v. Parker* case.

88.    Declaration of TDOC Employee dated 12/19/2019 in the *King v. Parker* case.

89.    Sworn Statement of Debra K. Inglis dated 2/14/2022 in the *King v. Parker* case.

90.    Declaration of Larry D. Sasich dated 10/2/2018 in the *King v. Parker* case.

91.    Declaration of RMSI Officer dated 7/30/2019 in the *King v. Parker* case.

92.    Declaration of RMSI Mental Health Professional dated 7/29/2019 in the *King v. Parker* case.

93.    Declaration of RMSI Employee dated 12/19/2019 in the *King v. Parker* case.

94.    Declaration of the President of Pharmacy Z dated 3/31/2020 in the *King v. Parker* case.

95.    Declaration of Tony C. Parker dated 10/5/2021 in the *King v. Parker* case.

96.    Declaration of David A. Lubarsky, MD dated 9/2/2018 in the *King v. Parker* case.

97.    Sworn Statement of Damon Lawrence dated 3/16/2022 in the *King v. Parker* case.

98.    Sworn Statement of Debra K. Inglis dated 12/1/2021 in the *King v. Parker* case.

99.    Deposition transcript of Gourang P. Patel, Pharm. D. taken on 2/11/2022 in the *King v. Parker* case.

100.   Deposition transcript of Joseph Antognini, M.D. taken on 1/28/2022 in the *King v. Parker* case.

101.   Deposition transcript of Feng Li, M.D., J.D., Ph.D. taken on 2/3/2022 in the *King v. Parker* case.

102.   Defendants 2nd Interrogatories, Request for Production and Request for Admission dated 9/21/2021 in the *King v. Parker* case. (139 pages)

103.   Mays Supplemental Responses to Interrogatories and Request for Production dated 8/19/2020 in the *King v. Parker* case. (226 pages)

104.    Supplemental Responses dated 3/10/22 in the *King v. Parker* case. (77 pages)

105.    Supplemental Responses to Request for Production dated 2/14/2022 in the *King v. Parker* case. (259 pages)

106.    Defendants Supplemental Responses to Discovery dated 11/17/2021 in the *King v. Parker* case. (7,802 pages)

107.    Defendants Supplemental Responses to Discovery dated 11/18/2021in the *King v. Parker* case. (38 pages)

108.    Defendants' Supplemental Responses to Request for Production dated 2/22/2022 in the *King v. Parker* case. (257 pages)

109.    Defendants' Supplemental Responses to Request for Production dated 4/5/2022 in the *King v. Parker* case. (31 pages)

110.    Initial Disclosures of Defendant in the *King v. Parker* case. (2,189 pages)

111.    Defendants' First Supplemental Responses to Request for Production in the *King v. Parker* case. (54 pages)

112.    Defendants first response to Request for Production of Documents in the *King v. Parker* case. (1,292 pages)

113.    2013 - 2019 Autopsy Reports from different states of executed offenders in the *King v. Parker* case. (250 pages)

114.    Defendants' Supplemental responses to Request for Production dated 12/1/2021 in the *King v. Parker* case. (13 pages)

115.    84 pictures of the death chambers, witness room and lethal injection tubing in the King v. Parker case

116.    2/14/2022 Sworn Statement of Debra K. Inglis in the *King v. Parker* case

117.    3/16/2022 Sworn Statement of Damon Lawrence in the *King v. Parker* case

118.    12/1/2021 Sworn Statement of Debra K. Inglis in the *King v. Parker* case

119.    4/13/2022 Declaration of Sarah B. Miller in Support of Plaintiff's Motion in the *King v. Parker* case

120.    11/17/2021 Expert Report of Dr. Michaela Almgren in the *King v. Parker* case

144

121.     1/14/2022 Supplemental Expert Report of Dr. Michaela Almgren in the *King v. Parker* case

122.     2/4/2022 Full Deposition Transcript of Dr. Michaela Almgren in the *King v. Parker* case

123.     Exhibit 1 – 1/14/2021 Notice of Subpoena for Deposition and to Produce Documents to Dr. Almgren Deposition Transcript in the *King v. Parker* case

124.     Exhibit 2 – 11/17/2021 Expert Report of Dr. Michaela Almgren to Dr. Almgren Deposition Transcript in the *King v. Parker* case

125.     Exhibit 3 – 1/14/2022 Supplemental Expert Report of Dr. Michaela Almgren to Dr. Almgren Deposition Transcript in the *King v. Parker* case

126.     Exhibit 4 - Lethal Injection Execution Manual, rev 7/5/2018 to Dr. Almgren Deposition Transcript in the *King v. Parker* case

127.     2/4/2022 Condensed Deposition Transcript of Dr. Michaela Almgren in the *King v. Parker* case

128.     11/17/2021 Expert Report of Dr. Charles David Blanke in the *King v. Parker* case

129.     1/18/2022 Full Deposition Transcript of Dr. Blanke in the *King v. Parker* case

130.     Exhibit 1 - 12/4/2021 Notice of Subpoena for Deposition and to Produce Documents to Dr. Blanke's Deposition Transcript in the *King v. Parker* case

131.     Exhibit 2 – 11/17/2021 Expert Report of Dr. Charles David Blanke to Dr. Blanke's Deposition Transcript in the *King v. Parker* case

132.     Exhibit 3 – 10/2/2020 Death with Dignity: The Oregon Experience and Future Implications PowerPoint slides to Dr. Blanke's Deposition Transcript in the *King v. Parker* case

133.     Exhibit 4 - Oregon Death with Dignity Act 2020 Data Summary to Dr. Blanke's Deposition Transcript in the *King v. Parker* case

134.     1/18/2022 Condensed Deposition Transcript of Dr. Blanke in the *King v. Parker* case

135.     1/18/2022 (Corrected) Full Deposition Transcript of Dr. Blanke in the *King v. Parker* case

136.     Exhibit 1 – 12/14/2021 Notice of Subpoena for Deposition and to Produce Documents to Dr. Blanke's (Corrected) Deposition Transcript in the *King v. Parker* case

137.     Exhibit 2 – 11/17/2021 Expert Report of Dr. Charles David Blanke to Dr. Blanke's (Corrected) Deposition Transcript in the *King v. Parker* case

138.     Exhibit 3 – 10/2/2020 Death with Dignity: The Oregon Experience and Future Implications PowerPoint slides to Dr. Blanke's (Corrected) Deposition Transcript in the *King v. Parker* case

139.     Exhibit 4 - Oregon Death with Dignity Act 2020 Data Summary to Dr. Blanke's (Corrected) Deposition Transcript in the *King v. Parker* case

140.     1/18/2022 (Corrected) Condensed Deposition Transcript of Dr. Blanke in the *King v. Parker* case

141.     1/14/2022 Full Deposition Transcript of Craig W. Stevens, Ph. D. in the *King v. Parker* case

142.     1/14/2022 Condensed Deposition Transcript of Craig W. Stevens, Ph. D. in the *King v. Parker* case

143.     11/17/2021 Expert Opinion: Inappropriate Use of Midazolam in Tennessee's Triple-Drug Lethal Injection Protocol to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

144.     Exhibit 1 – 12/14/2021 Notice of Subpoena for Deposition and to Produce Documents to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

145.     Exhibit 2 – 11/17/2021 Expert Opinion: Inappropriate Use of Midazolam in Tennessee's Triple-Drug Lethal Injection Protocol to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

146.     Exhibit 3 – 6/11/2018 deposition transcript of Craig W. Stevens, Ph.D. to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

147.     Exhibit 4 - Transcript of 7/9/2018 proceedings (pages 1 - 150 only) to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

148.     Exhibit 5 - Lethal Injection Execution Manual, rev 7/5/2018 to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

149.     Exhibit 6 - July 2021 Curriculum Vitae of Craig W. Stevens, Ph.D. to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

150.     Exhibit 7 - American Society of Anesthesiologists Continuum of Depth of Sedation: Definition of General Anesthesia and Levels of Sedation/Analgesia to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

151.     Exhibit 8 – 11/1/2019 Expert Declaration of Craig W. Stevens, PH.D. to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

152.     Exhibit 9 - Death Be Not Proud: The pharmacology of lethal drug executions to Craig W. Stevens, Ph. D. Deposition Transcript in the *King v. Parker* case

153.     1/11/2022 Full deposition transcript of Dr. Gail Van Norman in the *King v. Parker* case

154.     11/17/2021 Expert Opinion of Gail A. Van Norman, MD to transcript of Dr. Gail Van Norman in the *King v. Parker* case

155.     Exhibit 1 – 12/14/2021 Notice of Subpoena for Deposition and to Produce Documents to transcript of Dr. Gail Van Norman in the *King v. Parker* case

156.     Exhibit 2 – 11/17/2021 Expert Opinion of Gail A. Van Norman, MD to transcript of Dr. Gail Van Norman in the *King v. Parker* case

157.     11/10/2021 Report of Dr. James S. Williams: Efficacy and Feasibility of Firing Squad as a Means of Execution for Dr. Williams Transcript in the *King v. Parker* case

158.     1/4/2022 Full deposition transcript of Dr. James Williams in the *King v. Parker* case

159.     1/4/2022 Condensed deposition transcript for Dr. James Williams Transcript in the *King v. Parker* case

160.     Exhibit 1 – 12/14/2021 Notice of Subpoena for Deposition and to Produce Documents to Dr. Williams Transcript in the *King v. Parker* case

161.     Exhibit 2 – 11/10/2021 Report of Dr. James S. Williams: Efficacy and Feasibility of Firing Squad as a Means of Execution to Dr. Williams Transcript in the *King v. Parker* case

147

162.     Exhibit 3 - Gunshot Wound Review by Martin L. Fackler, MD to Dr. Williams Transcript in the *King v. Parker* case

163.     Exhibit 4 - Utah Technical Manual for execution by firing squad, rev 6/10/2010 to Dr. Williams Transcript in the *King v. Parker* case

164.     Exhibit 5 - U.S. Army's Procedure for Military Executions to Dr. Williams Transcript in the *King v. Parker* case

165.     Exhibit 6 - Diagnosis of brain death by G Bryan Young, MD to Dr. Williams Transcript in the *King v. Parker* case

166.     Exhibit 7 - Advanced Trauma Life Support Student Course Manual to Dr. Williams Transcript in the *King v. Parker* case

167.     Exhibit 8 - Military Police - U.S. Army Corrections System: Procedures for Military Executions to Dr. Williams Transcript in the *King v. Parker* case

168.     Exhibit 9 - Thread of 7/22/2015 comments on forum to Dr. Williams Transcript in the *King v. Parker* case

169.     3/10/2022 Sworn Statement of Jim Biddle for Plaintiff's fact witnesses in the *King v. Parker* case

170.     Exhibit 1 - TDOC Lethal Injection Execution Manual, rev 7/5/2018 for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

171.     Exhibit 2 - Midazolam storage and preparation instructions for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

172.     Exhibit 3 - October 2017 email thread re request for a drug storage protocol and info for a DEA # for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

173.     Exhibit 4 - Potassium Chloride preparation instructions for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

174.     Exhibit 5 - Creation, quantity, lot # and discard date logs for Potassium Chloride and Midazolam injections for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

175.     Exhibit 6 – 9/7/2017 email re preference for procuring Midazolam first for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

176.     Exhibit 7 – 9/7/2017 email thread re availability and sources for lethal injection drugs for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

177.     Exhibit 8 – 9/7/2017 email thread re lethal drugs availability and sources and other options for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

178.     Exhibit 9 – 9/21/2017 email thread re request to order lethal drugs used in 3 drug protocol for 20 inmates for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

179.     Exhibit 10 – 4/6/2017 email inquiring about current inventory of Pentobarbital for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

180.     Exhibit 11 – 4/6/2017 email inquiry regarding Pentobarbital bulk order for compounding for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

181.     Exhibit 12- 4/6/2017 email request to purchase Pentobarbital for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

182.     Exhibit 13 – 7/20/2017 email thread re Pentobarbital update and DEA involvement for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

183.     Exhibit 14 - Handwritten notes re importation of drugs from oversea sources for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

184.     Exhibit 15 – 4/4/2017 email thread re inquiry to buy bulk order of Pentobarbital for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

185.     Exhibit 16 - TDOC PowerPoint slides re efforts to procure chemicals to compound lethal injections, death row inmates and current execution law for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

186.     Exhibit 17 – 10/30/2019 email thread discussing importing drugs and DEA for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

187.     Exhibit 18 – 6/20/2018 email thread inquiring about purchasing Pentobarbital for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

188.     Exhibit 19 – 5/3/2019 Memorandum Opinion for the Attorney General: Whether the FDA has Jurisdiction over Articles Intended for Use in Lawful Executions for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

189.     Exhibit 20 – 12/4/2017 email thread re Vecuronium requiring reconstitution for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

190.     Exhibit 21 – 11/26/2019 email with subject Lab Results for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

191.     Exhibit 22 – 8/9/2019 email indicating house sterility report is attached for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

192.     Exhibit 23 – 8/8/2019 email indicating suitability/methodology test for KCI that was falling out of solution is attached for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

193.     Exhibit 24 – 8/8/2019 email thread re kcl protocol for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

194.     Exhibit 25 – 7/31/2019 email re Midazolam complete report for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

195.     Exhibit 26 – 7/24/2019 email indicating potency reports for the Midazolam and KCI are attached for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

196.     Exhibit 27 – 06/2019 – 07/2019 email thread re KCI protocol for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

197.     Exhibit 28 – 5/9/2019 email indicating lab report for Midazolam is attached for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

198.     Exhibit 29 – 4/29/2019 email indicating potency report for Midazolam batch is attached for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

199.     Exhibit 30 – 8/6/2018 email indicating the lab results for sterility testing are attached for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

200.     Exhibit 31 – 7/12/2018 email indicating a testing report is attached re compounds for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

201.     Exhibit 32 – 11/14/2017 email requesting info on an exam, manufacturer and to discuss contract for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

202.     Exhibit 33 – 7/17/2018 email attaching a sample prescription for ordering a compounded preparation for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

203.     Exhibit 34 – 12/15/2017 email providing TCA 10-7-504(h) and a case for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

204.     Exhibit 35 – 6/26/2019 email providing proposed alternatives Midazolam, Digoxin, Morphine Sulfate and Propranolol for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

205.     Exhibit 36 – 12/20/2019 Invoice for bulk shipment of Midazolam and KCI for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

206.     Exhibit 37 – 10/26/2017 Invoice for bulk shipment of Midazolam, Vecuronium and KCI for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

207.     Exhibit 38 – 8/16/2018 Invoice for bulk shipment of Midazolam and Vecuronium for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

208.     Exhibit 39 – 12/28/2017 Invoice for Midazolam, Vecuronium, Sterile water for injection and KCI for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

209.     Exhibit 40 – 10/31/2018 Invoice for Midazolam for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

210.     Exhibit 41 – 9/2018 handwritten inventories for lethal drugs for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

211.    Exhibit 42 - 2017-2018 handwritten inventories for lethal drugs for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

212.    Exhibit 43 – 2/2020 – 8/2020 handwritten inventories for lethal drugs for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

213.    Exhibit 44 – 4/14/2021 Chemical Preparation Time Sheet for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

214.    Exhibit 45 – 8/13/3020 email re training requirements for compounding and status of KCI and Midazolam remaining for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

215.    Exhibit 46 – 11/21/2017 Pharmacy Services Agreement for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

216.    Exhibit 47 – 10/18/2017 email re lethal drugs received from suppliers for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

217.    Exhibit 48 - Picture of area where lethal drugs are stored for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

218.    Exhibit 49 - Tony May's Supplemental Response to Plaintiff's First Set of Interrogatories signed 8/19/2020 for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

219.    Exhibit 50 - Supplement to information in response to Interrogatory 8 for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

220.    Exhibit 51 – 3/30/2021 In-Service Training Course Roster for Lethal Injection and sample documents used on day of executions for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

221.    Exhibit 52 – 4/13/2021 dated Day of Execution checklist sample for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

222.    Exhibit 53 – 4/13/2021 In-Service Training Course Roster for Lethal Injection for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

223.    Exhibit 54 -4/13/2021 dated Lethal Injection Chemical Administration Record sample for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

224.    Exhibit 55 - IV Team Inventory Checklist for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

225.     Exhibit 56 - Physician's Inventory Checklist for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

226.     Exhibit 57 – 8/9/2018 Day of Execution - Lethal Injection Execution Recorder Checklist for Billy Ray Irick for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

227.     Exhibit 58 – 8/9/2018 Lethal Injection Chemical Administration Record and Prep Sheets for Billy Ray Irick for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

228.     Exhibit 59 – 8/10/2018 Newspaper article re Billy Ray Irick's execution for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

229.     Exhibit 60 – 9/2/2018 Declaration of David A. Lubarsky, MD for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

230.     Exhibit 61 – 5/16/2019 Lethal Injection Chemical Administration Record for Donnie Johnson for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

231.     Exhibit 62 – 5/16/2019 Chemical Prep sheets for Donnie Johnson for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

232.     Exhibit 63 – 5/16/2019 Day of Execution - Lethal Injection Execution Recorder Checklist for Donnie Johnson for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

233.     Exhibit 64 - TDOC Administrative Policies and Procedures for Standard Firearms Qualification Training for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

234.     Exhibit 65 – 4/14/2021 Chemical Prep Sheets for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

235.     Exhibit 66 – 5/16/2018 Sample Day of Execution check list for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

236.     Exhibit 67 – 7/17/2018 Chemical Prep sheets for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

237.     Exhibit 68 – 2/22/2017 Sample Day of Execution check list for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

238.      Exhibit 69 - Subpoena to Testify at a Deposition to TDOC Designees signed on 9/10/2021 for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

239.      Exhibit 70 - Lethal Drug Prescription Orders for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

240.      Exhibit 71 - USP Pharmaceutical Compounding - Nonsterile Preparations chapter 795 for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

241.      Exhibit 72 - USP Pharmaceutical Compounding - Sterile Preparations chapter 797 for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

242.      Exhibit 73 – 11/28/2017 email attaching an executed agreement and revisions to the protocols for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

243.      Exhibit 74 - Potassium Chloride preparation instructions for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

244.      Exhibit 75 - Potassium Chloride preparation instructions for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

245.      Exhibit 76 - Sample Prescription for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

246.      Exhibit 77 - Midazolam lab report for sterility for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

247.      Exhibit 78 - Midazolam lab report for potency for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

248.      Exhibit 79 - Pharmacy Board Order for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

249.      Exhibit 81 – 5/9/2019 In-Service Training Course Roster for Spike IV Bag and Establish IV and training material for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

250.      Exhibit 82 - Tennessee Emergency Medical Services Protocol Guidelines for Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

251.     Exhibit 83 - Declaration of Tony C. Parker dated 10/5/2021 for
         Defendant's fact witnesses deposition transcripts in the *King v. Parker* case

252.     Exhibit 1 - Lethal Injection Execution Manual rev 7/5/2018 for [Drug
         Procurer] Deposition Transcript in the *King v. Parker* case

253.     Exhibit 2 - Midazolam storage and preparation instructions for [Drug
         Procurer] Deposition Transcript in the *King v. Parker* case

254.     Exhibit 3 - October 2017 email thread re request for a drug storage
         protocol and info for a DEA # for [Drug Procurer] Deposition Transcript in
         the *King v. Parker* case

255.     Exhibit 4 - Potassium Chloride preparation instructions for [Drug Procurer]
         Deposition Transcript in the *King v. Parker* case

256.     Exhibit 5 - Creation, quantity, lot # and discard date logs for Potassium
         Chloride and Midazolam injections for [Drug Procurer] Deposition
         Transcript in the *King v. Parker* case

257.     Exhibit 6 – 9/7/2017 email re preference for procuring Midazolam first for
         [Drug Procurer] Deposition Transcript in the *King v. Parker* case

258.     Exhibit 7 – 9/7/2017 email thread re availability and sources for lethal
         injection drugs for [Drug Procurer] Deposition Transcript in the *King v.
         Parker* case

259.     Exhibit 8 – 9/7/2017 email thread re lethal drugs availability and sources
         and other options for [Drug Procurer] Deposition Transcript in the *King v.
         Parker* case

260.     Exhibit 9 – 9/21/2017 email thread re request to order lethal drugs used in
         3 drug protocol for 20 inmates for [Drug Procurer] Deposition Transcript
         in the *King v. Parker* case

261.     Exhibit 10 – 4/6/2017 email inquiring about current inventory of
         Pentobarbital for [Drug Procurer] Deposition Transcript in the *King v.
         Parker* case

262.     Exhibit 11 – 4/6/2017 email inquiry regarding Pentobarbital bulk order for
         compounding for [Drug Procurer] Deposition Transcript in the *King v.
         Parker* case

263.     Exhibit 12 – 4/6/2017 email request to purchase Pentobarbital for [Drug
         Procurer] Deposition Transcript in the *King v. Parker* case

264.     Exhibit 13 – 7/20/2017 email thread re Pentobarbital update and DEA involvement for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

265.     Exhibit 14 - Handwritten notes re importation of drugs from oversea sources for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

266.     Exhibit 15 – 4/4/2017 email thread re inquiry to buy bulk order of Pentobarbital for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

267.     Exhibit 16 - TDOC PowerPoint slides re efforts to procure chemicals to compound lethal injections, death row inmates and current execution law for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

268.     Exhibit 17 – 10/30/2019 email thread discussing importing drugs and DEA for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

269.     Exhibit 18 – 6/20/2018 email thread inquiring about purchasing Pentobarbital for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

270.     Exhibit 19 – 5/3/2019 Memorandum Opinion for the Attorney General: Whether the FDA for [Drug Procurer] Deposition Transcript has Jurisdiction over Articles Intended for Use in Lawful Executions for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

271.     Exhibit 20 – 12/4/2017 email thread re Vecuronium requiring reconstitution for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

272.     Exhibit 21 – 11/26/2019 email with subject Lab Results for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

273.     Exhibit 22 – 8/9/2019 email indicating house sterility report is attached for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

274.     Exhibit 23 – 8/8/2019 email indicating suitability/methodology test for KCl that was falling out of solution is attached for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

275.     Exhibit 24 – 8/8/2019 email thread re kcl protocol for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

276.     Exhibit 25 – 7/31/2019 email re Midazolam complete report for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

277.     Exhibit 26 – 7/24/2019 email indicating potency reports for the Midazolam and KCI are attached for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

278.     Exhibit 27 – 06/2019 – 07/2019 email thread re KCI protocol for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

279.     Exhibit 28 – 5/9/2019 email indicating lab report for Midazolam is attached for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

280.     Exhibit 29 – 4/29/2019 email indicating potency report for Midazolam batch is attached for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

281.     Exhibit 30 – 8/6/2018 email indicating the lab results for sterility testing are attached for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

282.     Exhibit 31 – 7/12/2018 email indicating a testing report is attached re compounds for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

283.     Exhibit 32 – 11/14/2017 email requesting info on an exam, manufacturer and to discuss contract for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

284.     Exhibit 33 – 7/17/2018 email attaching a sample prescription for ordering a compounded preparation for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

285.     Exhibit 34 – 12/15/2017 email providing TCA 10-7-504(h) and a case for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

286.     Exhibit 35 – 6/26/2019 email providing proposed alternatives Midazolam, Digoxin, Morphine Sulfate and Propranolol for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

287.     Exhibit 36 – 12/20/2019 Invoice for bulk shipment of Midazolam and KCI for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

BUTLER | SNOW

288.　Exhibit 37 – 10/26/2017 Invoice for bulk shipment of Midazolam, Vecuronium and KCI for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

289.　Exhibit 38 – 8/16/2018 Invoice for bulk shipment of Midazolam and Vecuronium for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

290.　Exhibit 39 – 12/28/2017 Invoice for Midazolam, Vecuronium, Sterile water for injection and KCI for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

291.　Exhibit 40 – 10/31/2018 Invoice for Midazolam for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

292.　Exhibit 41 – 9/2018 handwritten inventories for lethal drugs for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

293.　Exhibit 42 - 2017-2018 handwritten inventories for lethal drugs for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

294.　Exhibit 43 – 2/2020 – 8/2020 handwritten inventories for lethal drugs for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

295.　Exhibit 44 – 5/16/2019 Chemical Preparation Time Sheet for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

296.　Exhibit 45 – 8/13/2020 email re training requirements for compounding and status of KCI and Midazolam remaining for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

297.　Exhibit 46 – 11/21/2017 Pharmacy Services Agreement for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

298.　Exhibit 47 – 10/18/2017 email re lethal drugs received from suppliers for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

299.　Exhibit 48 - Picture of area where lethal drugs are stored for [Drug Procurer] Deposition Transcript in the *King v. Parker* case

300.　10/20/2021 Deposition transcript of EMT 1 in the *King v. Parker* case

301.　Exhibit 81 – 5/9/2019 In-Service Training Course Roster for Spike IV Bag and Establish IV and training material for EMT 1 Deposition Transcript in the *King v. Parker* case

158

302.     Exhibit 82 - Tennessee Emergency Medical Services Protocol Guidelines for EMT 1 Deposition Transcript in the *King v. Parker* case

303.     10/22/2021 Deposition transcript of EMT 2 in the *King v. Parker* case

304.     10/21/2021 Deposition transcript of EMT 3 in the *King v. Parker* case

305.     Exhibit 1 - Lethal Injection Execution Manual rev 7/5/2018 for Executioner Deposition in the *King v. Parker* case

306.     Exhibit 2 - Midazolam storage and preparation instructions for Executioner Deposition in the *King v. Parker* case

307.     Exhibit 4 - Potassium Chloride preparation instructions for Executioner Deposition in the *King v. Parker* case

308.     Exhibit 8 – 9/7/2017 email thread re lethal drugs availability and sources and other options for Executioner Deposition in the *King v. Parker* case

309.     Exhibit 43 – 2/2020 – 8/2020 handwritten inventories for lethal drugs for Executioner Deposition in the *King v. Parker* case

310.     Exhibit 44 – 4/4/2021 Chemical Preparation Time Sheet for Executioner Deposition in the *King v. Parker* case

311.     Exhibit 49 - Tony May's Supplemental Response to Plaintiff's First Set of Interrogatories signed 8/19/2020 for Executioner Deposition in the *King v. Parker* case

312.     Exhibit 50 - Supplement to information in response to Interrogatory 8 for Executioner Deposition in the *King v. Parker* case

313.     Exhibit 51 – 3/30/2021 In-Service Training Course Roster for Lethal Injection and sample documents used on day of executions for Executioner Deposition in the *King v. Parker* case

314.     Exhibit 52 – 4/13/2021 dated Day of Execution checklist sample for Execution Deposition in the *King v. Parker* case

315.     Exhibit 53 – 4/13/2021 In-Service Training Course Roster for Lethal Injection for Executioner Deposition in the *King v. Parker* case

316.     Exhibit 54 – 4/13/2021 dated Lethal Injection Chemical Administration Record sample for Executioner Deposition in the *King v. Parker* case

317.    Exhibit 55 - IV Team Inventory Checklist for Executioner Deposition in the *King v. Parker* case

318.    Exhibit 56 - Physician's Inventory Checklist for Executioner Deposition in the *King v. Parker* case

319.    Exhibit 57 – 8/9/2018 Day of Execution - Lethal Injection Execution Recorder Checklist for Billy Ray Irick for Executioner Deposition in the *King v. Parker* case

320.    Exhibit 58 – 8/9/2018 Lethal Injection Chemical Administration Record and Prep Sheets for Billy Ray Irick for Executioner Deposition in the *King v. Parker* case

321.    Exhibit 59 – 8/10/2018 Newspaper article re Billy Ray Irick's execution for Executioner Deposition in the *King v. Parker* case

322.    Exhibit 60 – 9/2/2018 Declaration of David A. Lubarsky, MD for Executioner Deposition in the *King v. Parker* case

323.    Exhibit 61 – 5/16/2019 Lethal Injection Chemical Administration Record for Donnie Johnson for Executioner Deposition in the *King v. Parker* case

324.    Exhibit 62 – 5/16/2019 Chemical Prep sheets for Donnie Johnson for Executioner Deposition in the *King v. Parker* case

325.    Exhibit 63 – 5/16/2019 Day of Execution - Lethal Injection Execution Recorder Checklist for Donnie Johnson for Executioner Deposition in the *King v. Parker* case

326.    Exhibit 64 - TDOC Administrative Policies and Procedures for Standard Firearms Qualification Training for Executioner Deposition in the *King v. Parker* case

327.    10/13/2021 Deposition transcript of Debra K. Inglis in the *King v. Parker* case

328.    9/24/2021 Deposition transcript of IV Team Member 1 in the *King v. Parker* case

329.    9/16/2021 Deposition transcript of IV Team Member 2 in the *King v. Parker* case

330.    9/22/2021 Deposition transcript of IV Team Member 3 in the *King v. Parker* case

331.    7/29/2021 Deposition transcript of Associate Warden Ernest Lewis in the *King v. Parker* case

332.    Exhibit 1- Lethal Injection Execution Manual rev 7/5/2018 for Associate Warden Lewis Deposition in the *King v. Parker* case

333.    Exhibit 2 - Midazolam storage and preparation instructions for Associate Warden Lewis Deposition in the *King v. Parker* case

334.    Exhibit 4 - Potassium Chloride preparation instructions for Associate Warden Lewis Deposition in the *King v. Parker* case

335.    Exhibit 7 – 9/7/2017 email thread re availability and sources for lethal injection drugs for Associate Warden Lewis Deposition in the *King v. Parker* case

336.    Exhibit 8 – 9/7/2017 email thread re lethal drugs availability and sources and other options for Associate Warden Lewis Deposition in the *King v. Parker* case

337.    Exhibit 50 - Supplement to information in response to Interrogatory 8 for Associate Warden Lewis Deposition in the *King v. Parker* case

338.    Exhibit 58 – 8/9/2018 Lethal Injection Chemical Administration Record and Prep Sheets for Billy Ray Irick for Associate Warden Lewis Deposition in the *King v. Parker* case

339.    Exhibit 59 – 8/10/2018 Newspaper article re Billy Ray Irick's execution for Associate Warden Lewis Deposition in the *King v. Parker* case

340.    Exhibit 60 – 9/2/2018 Declaration of David A. Lubarsky, MD for Associate Warden Lewis Deposition in the *King v. Parker* case

341.    Exhibit 62 – 5/16/2019 Chemical Prep sheets for Donnie Johnson for Associate Warden Lewis Deposition in the *King v. Parker* case

342.    7/27/2021 Deposition transcript of Warden Tony Mays in the *King v. Parker* case

343.    Exhibit 1 - Lethal Injection Execution Manual rev 7/5/2018 for Warden Mays Deposition in the *King v. Parker* case

344.    Exhibit 2 - Midazolam storage and preparation instructions for Warden Mays Deposition in the *King v. Parker* case

345.     Exhibit 4 - Potassium Chloride preparation instructions for Warden Mays Deposition in the *King v. Parker* case

346.     Exhibit 5 - Creation, quantity, lot # and discard date logs for Potassium Chloride and Midazolam injections for Warden Mays Deposition in the *King v. Parker* case

347.     Exhibit 6 – 9/7/2017 email re preference for procuring Midazolam first for Warden Mays Deposition in the *King v. Parker* case

348.     Exhibit 7 – 9/7/2017 email thread re availability and sources for lethal injection drugs for Warden Mays Deposition in the *King v. Parker* case

349.     Exhibit 41 – 9/2018 handwritten inventories for lethal drugs for Warden Mays Deposition in the *King v. Parker* case

350.     Exhibit 42 - 2017-2018 handwritten inventories for lethal drugs for Warden Mays Deposition in the *King v. Parker* case

351.     Exhibit 43 – 2/2020 – 8/2020 handwritten inventories for lethal drugs for Warden Mays Deposition in the *King v. Parker* case

352.     Exhibit 49 - Tony May's Supplemental Response to Plaintiff's First Set of Interrogatories signed 8/19/2020 for Warden Mays Deposition in the *King v. Parker* case

353.     Exhibit 50 - Supplement to information in response to Interrogatory 8 for Warden Mays Deposition in the *King v. Parker* case

354.     Exhibit 53 – 4/13/2021 In-Service Training Course Roster for Lethal Injection for Warden Mays Deposition in the *King v. Parker* case

355.     Exhibit 58 – 8/9/2018 Lethal Injection Chemical Administration Record and Prep Sheets for Billy Ray Irick for Warden Mays Deposition in the *King v. Parker* case

356.     Exhibit 59 – 8/10/2018 Newspaper article re Billy Ray Irick's execution for Warden Mays Deposition in the *King v. Parker* case

357.     Exhibit 60 - 9/2/2018 Declaration of David A. Lubarsky, MD for Warden Mays Deposition in the *King v. Parker* case

358.     Exhibit 62 – 5/16/2019 Chemical Prep sheets for Donnie Johnson for Warden Mays Deposition in the *King v. Parker* case

359. Exhibit 63 – 5/16/2019 Day of Execution - Lethal Injection Execution Recorder Checklist for Donnie Johnson for Warden Mays Deposition in the *King v. Parker* case

360. Exhibit 65 – 4/14/2021 Chemical Prep Sheets for Warden Mays Deposition in the *King v. Parker* case

361. Exhibit 66 – 5/16/2018 Sample Day of Execution check list for Warden Mays Deposition in the *King v. Parker* case

362. Exhibit 68 – 2/22/2017 Sample Day of Execution check list for Warden Mays Deposition in the *King v. Parker* case

363. 9/30/201 Deposition transcript of Tony Parker in the *King v. Parker* case

364. 11/22/2021 Deposition transcript of Tony Parker in the *King v. Parker* case

365. Exhibit 83 Declaration of Tony C. Parker dated 10/5/2021 for Tony Parker Deposition in the *King v. Parker* case

366. 9/29/2021 Deposition Transcript of Tony Parker as Corporate Representative for TDOC in the *King v. Parker* case

367. 7/30/2021 Deposition Transcript of [Pharmacist] in the *King v. Parker* case

368. Exhibit 70 - Lethal Drug Prescription Orders for [Pharmacist] Deposition in the *King v. Parker* case

369. Exhibit 71 - USP Pharmaceutical Compounding - Nonsterile Preparations chapter 795 for [Pharmacist] Deposition in the *King v. Parker* case

370. Exhibit 72 - USP Pharmaceutical Compounding - Sterile Preparations chapter 797 for [Pharmacist] Deposition in the *King v. Parker* case

371. 10/1/2021 Deposition Transcript of Pharmacy Owner in the *King v. Parker* case

372. 9/17/2021 Deposition Transcript of Steven Turley as Corporate Representative for Utah Department of Corrections in the *King v. Parker* case

373. Exhibit 1 - Amended Notice of Deposition to the Utah Department of Corrections dated 9/10/2021 in the *King v. Parker* case

374. Exhibit 2 - Picture of firing squad chair and backing in the *King v. Parker* case

163

375. Exhibit 3 - Description of the firing squad chair and backing in the *King v. Parker* case

376. Exhibit 4 – 9/30/2003 Inter-Office memorandum re estimated cost for upcoming execution by firing-squad in the *King v. Parker* case

377. Exhibit 5 - Utah Technical Manual for execution by firing squad, rev 6/10/2010 in the *King v. Parker* case

378. Exhibit 6 - Picture of execution chamber in the *King v. Parker* case

379. Exhibit 7 – 1/29/2014 email thread re costs of execution methods in the *King v. Parker* case

## Documents from Kelley Henry

1. Plaintiff prisoners PowerPoint in the *Abu Ali Abdur'Rahman* matter.

2. 05/20/2019 Request from Kelley Henry for records re the execution of Johnson, response to request and information advising Johnson's Midazolam was tested for potency and sterility. The sterility passed on 5/9/19 and the potency results were 104%.

3. 04/21/2022 Email from Kelley Henry to Debbie Inglis, et al requesting that Inglis preserve all evidence re Oscar Smith's execution that did not go forward.

4. 04/21/2022 Email from Kelley Henry to Debbie Inglis, et al requesting a response re 4.20.22 email requesting proof of testing for the lethal injection chemicals intended to be used for Oscar Smith's 04/21/2022 execution.

5. 04/20/2022 Email from Kelley Henry to Debbie Inglis, et al requesting proof re testing of the lethal injection chemicals intended to be used for Oscar Smith's 04/21/2022 execution.

## Documents from David Esquivel

1. 10/3/2022 Letter to Ed Stanton, et al from David Esquivel re suggested Lethal Injection protocol recommendations

## Documents from [Former Pharmacy Owner]

1. Directions for unpacking and storage

2. Revised IV protocol for Midazolam

3.   Chemicals Used in Lethal Injection Edited protocol

**Documents from Pharmacy**

1.   [Pharmacy] Pharmacy license expiring 4/30/2022

2.   [Pharmacy] Texas Pharmacy License expiring 4/30/2024

3.   Sterile Compounding training document

4.   Sterile Compounding training document

5.   Sterile Compounding training document

6.   Sterile Compounding training document

7.   Sterile Compounding Aseptic Technique document

8.   [Pharmacy] Pharmacy Tennessee license expiring 7/31/2022

9.   Formula Worksheet for Sodium Hydroxide 1% Water for injection

10.   Midazolam preparation instructions

11.   3/16/2022 Oscar Franklin Smith Prescription Order for Potassium Chloride and Midazolam

12.   Formula Worksheet for Midazolam 50 MG/ML Injection Solution

13.   Unredacted Midazolam log of prescriptions filled between 1/1/2017 - 8/9/2022

14.   Redacted Midazolam log of prescriptions filled between 1/1/2017 - 8/9/2022

15.   5/22/2018 Midazolam suitability test

16.   Logged Formula Worksheet for Potassium Chloride 15% injection solution concentrate injectable

17.   Potassium Chloride preparation instructions

18.   Potassium Chloride log of prescriptions filled between 1/1/2017 - 8/9/2022

19.   Potassium Chloride Inventory log between 1/1/2000 - 5/11/2022

165

20.     IV Protocol

21.     7/26/2021 Hotel Booking Invoice for [Pharmacist]

22.     9/1/2021 [Pharmacy] Invoice to TDOC

23.     Formula Worksheet for Hydrochloric Acid 1% water for injection 1%

24.     Lab Report for 5/11/2018 Midazolam Potency and Endotoxins and 5/25/2018 Sterility

25.     protocols for chemicals used in lethal injection, rev. 7/11/2016

26.     Formula Worksheet for Edetate Disodium 1% water for injection

27.     [Pharmacy] DEA License expiring 2/28/2023

28.     2/11/2020 [Pharmacy] Invoice to TDOC

29.     Midazolam inventory log between 1/1/2000 - 9/17/2021

30.     Log of Midazolam made for TDOC between 1/1/2018 - 8/13/2020

31.     Log of Potassium Chloride made for TDOC between 1/1/2018 - 8/13/2020

32.     Potassium Chloride inventory log between 1/1/2000 - 9/17/2021

33.     Potassium Chloride inventory log between 1/1/2000 - 9/17/2021

34.     5/14/2018 Lab report for container closure integrity

35.     9/17/2020 Letter from B. Braun Medical Inc. to [Pharmacy] re potential misuse of its Potassium Chloride drug product

36.     Emails from pharmacy from 2020 - 2019 (8 pages)

37.     Emails from pharmacy from 2019 (10 pages)

38.     Emails from pharmacy from 2021 (14 pages)

39.     Emails from pharmacy from 2021 (14 pages)

40.     Emails from pharmacy from 2022 - 2021 (16 pages)

41.     Emails from pharmacy from 2019 - 2018 (22 pages)

65726992.v3

166