IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TERRY LYNN KING, | ) | |
| | ) | |
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 3:18-cv-01234 |
| | ) | |
| FRANK STRADA, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DONALD MIDDLEBROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 3:19-cv-01139 |
| | ) | |
| FRANK STRADA, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF MIDDLEBROOKS'S MOTION TO TEMPORARILY REOPEN CASE AND ISSUE ORDER FOR PRESERVATION OF EVIDENCE**

Defendants Frank Strada,[1] Commissioner of the Tennessee Department of Correction ("TDOC"), and Tony Mays, Warden of Riverbend Maximum Security Institution, oppose Plaintiff Middlebrooks's motion for the Court to reopen his case and issue another preservation order.

---

[1] Governor Lee appointed Frank Strada as Commissioner, replacing Interim-Commissioner Lisa Helton. *See* TN.gov, Frank Strada, https://www.tn.gov/correction/about-us/interim-commissioner-lisa-helton.html. Under Fed. R. Civ. P. 25(d), a public officer's "successor is automatically substituted as a party."

Because Defendants are aware of their duty to preserve relevant information, an order on this point is unnecessary. Plaintiff's motion should be denied.

## BACKGROUND

Immediately prior to the Court's entry of a stay in this case, Plaintiff moved for a preservation order requiring Defendants to preserve lethal injection chemicals, packaging, package inserts, and documents or recordings related to the lethal injection of Oscar Smith. (D.E. 55.) Defendants did not object to preserving this evidence (D.E. 56.), so the Court granted Plaintiff's motion. (D.E. 57.)

The Court then stayed this litigation pending the completion of an independent investigation into Tennessee's three-drug protocol. (D.E. 61.) That independent investigation has concluded, and Defendants have filed a motion to extend the stay of these proceedings while TDOC implements corrective actions ordered by Governor Bill Lee. (D.E. 72, 73.) Plaintiff agrees that an extension of the stay is appropriate. (D.E. 64, PageID# 603.) Nonetheless, Plaintiff asks the Court to reopen the proceedings for the sole purpose of ordering Defendants, for a second time, to preserve evidence generally. (D.E. 64, 65.)

This requested order differs from the Court's prior order (D.E. 57) because (1) Plaintiff's preservation request is extraordinarily broad, and (2) it is unnecessary given Defendants' pre-existing obligation to preserve potentially discoverable evidence.

## LEGAL STANDARD

"Generally, preservation orders are unnecessary because parties to civil litigation have 'a duty to preserve relevant information.'" *Hogue v. Am. Paper Optics, LLC*, No. 2:17-CV-02670-MSN-DKV, 2019 WL 1318559, at *3 (W.D. Tenn. Jan. 14, 2019) (quoting *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 2:16-CV-236, 2016 WL 1657922, at *2 (S.D. Ohio

2

Apr. 27, 2016)). Thus, the Sixth Circuit has pointed to three requirements from the Sedona Principles for courts to consider when determining whether to issue such an order: the requesting party "must" demonstrate (1) "that a real danger of evidence destruction exists," (2) "a lack of any other available remedy," and (3) "that the preservation order is an appropriate exercise of the court's discretion." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citing The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, Second Edition 11, 33 (The Sedona Conference Working Group Series, 2007), available at http://www.thesedonaconference.org/content/miscFiles/TSC_PRINCP_2nd_ed_607.pdf)).

The central inquiry when determining whether to issue a preservation order is "whether the requested preservation order is overbroad and/or unduly burdensome." *Hogue*, 2019 WL 1318559, at *3 (quoting *Swetlic Chiropractic & Rehab. Ctr., Inc.*, 2016 WL 1657922, at *3). Courts also keep in mind that, "[i]f a formal motion were required in every case to reaffirm the parties' pre-existing preservation obligations, the Court's docket would be hopelessly clogged by pointless motion after pointless motion." *Reinsdorf v. Acad., Ltd.*, No. 3:13-0269, 2013 WL 3475183, at *3 (M.D. Tenn. July 10, 2013). Thus, if "[a] court order would add nothing to the duties that the litigants already have to preserve evidence," then the motion for a preservation order should be denied. *Hogue*, 2019 WL 1318559, at *3 (quoting *Harper v. Toxicology*, No. 1:13-CV-721, 2013 WL 12109525, at *1 (W.D. Mich. Nov. 6, 2013)).

## ARGUMENT

Plaintiff has not met the three requirements for an additional preservation order. *John B.*, 531 F.3d at 459. First, Plaintiff has not shown a real danger that relevant information will be destroyed. *Id.* It is true, as Plaintiff points out, that the independent investigation revealed certain employees or agents of Defendants incorrectly testified that lethal injection chemicals were tested

for endotoxins. (D.E. 65-1, PageID# 627-28; *King v. Helton*, No. 3:18-cv-01234, D.E. 184-3, PageID# 6140; *King v. Helton*, No. 3:18-cv-01234, D.E. 184-35, PageID#, 10918, 10921-22.) But that inaccuracy in the record does not establish a real danger that Defendants will not preserve relevant evidence going forward. The same is true of Plaintiff's argument that Defendants possess additional testing results not previously produced in litigation. Plaintiff also argues that the transition of senior leadership and other employee positions at TDOC creates a risk of destruction of evidence. But, to support this argument, Plaintiff points to the destruction of evidence by a federal agency in an unrelated context. (D.E. 65, PageID# 610.) Plaintiff not shown that Defendants will fail to preserve relevant evidence.

Further, Defendants (and by virtue of their official capacity designation, TDOC as a whole) are aware of their ongoing duty to preserve information discoverable in this litigation, including Defendants' duty to preserve discoverable information in the possession of any TDOC employees or agents who are leaving their positions because of the corrective actions taken by TDOC at the Governor's direction. Defendants understand that they have an obligation to preserve information relevant to this litigation as plead. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (noting a party's duty to preserve "what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request (quoting *Turner v. Hudson Transit Lines, Inc*., 142 F.R.D. 68, 72 (S.D.N.Y. 1991))). And Defendants understand the need to preserve current and future information relevant to revision of Tennessee's lethal-injection protocols because the complaints in this litigation may need to be amended as a result of such revision. Thus, an additional preservation order is not needed to guard against any "danger of evidence destruction." *John B*., 531 F.3d at 459.

4

On the second requirement, Plaintiff has not argued, much less shown, the "lack of any other available remedy." *John B.*, 531 F.3d at 459; *cf. Swetlic Chiropractic & Rehab. Ctr., Inc.*, 2016 WL 1657922, at *2-3 (finding a preservation order was a necessary remedy against a non-party because that the non-party refused to retain relevant information absent a court order). In addition to Defendants' general obligation to preserve evidence during litigation, a preservation order is already in place.

Third, and finally, Plaintiff has not established that his requested preservation order would be "an appropriate exercise of the court's discretion." *John B.*, 531 F.3d at 459. Plaintiff's requested order either reiterates the preservation duty Defendants already have or expands their preservation duty in a manner that would essentially rewrite the retention policies applicable to TDOC, regardless of whether the information preserved is relevant or discoverable in this litigation in relation to the revised protocol.

For example, Plaintiff asks that Defendants be required to preserve any and all information generated by former employees, regardless of whether the information has any connection to this litigation.[2] Defendants are already aware of their obligation to preserve evidence discoverable *in this litigation* in the possession of employees who have left or may leave their positions at TDOC. But, if Defendants were forced to honor Plaintiff's broad demand, they would be unable to remove files from *any* former employee, even if the employee lacks any connection to this lawsuit. For example, under the proposed order, if an employee responsible for scheduling the transport of minimum custody inmates left employment at TDOC, even though the transport information in

---

[2] Specifically, Plaintiff seeks and order for preservation of "all evidence that was generated and/or preserved by former employees of Defendants. That is, files, cell phones and computers belonging to former employees should not have their contents deleted as part of 'the regular course of business.' Similarly text messages, and emails sent or received by such former employees should be preserved." (D.E. 64, PageID# 602 (emphasis in original).)

5
Case 3:19-cv-01139   Document 74   Filed 01/19/23   Page 5 of 9 PageID #: 1008

that employee's possession would not be relevant to this litigation, the Department may be unable to reissue that employee's computer or laptop to incoming hires, would be forced to retain irrelevant information for the duration of this lawsuit, —and outside State retention policies—and would be forced to make electronic and physical space to store all necessary files.

Plaintiff also asks that Defendants be required to preserve the information of former employees regardless of whether that information is unique. Courts have long recognized that "[a] party or anticipated party must retain all relevant documents (*but not multiple identical copies*) in existence at the time the duty to preserve attaches." *Zubulake*, 220 F.R.D. at 218 (emphasis added); *Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, No. 1:07-CV-258, 2009 WL 2168717, at *2 (E.D. Tenn. July 16, 2009). In failing to address whether the evidence encompassed by the requested order would be relevant or duplicative, Plaintiff seeks, without explanation, to impose preservation duties on Defendants that far exceed scope of what a party must normally preserve. *See Zubulake*, 220 F.R.D. at 217-18.

Plaintiff further seeks a broad preservation order as to "all evidence, stored in any format, including but not limited to paper, physical, electronic, digital, video, or photographic, that may be relevant to future litigation in this cause regarding Tennessee's execution of person's sentenced to death." (D.E. 64, PageID # 604.) This request does not allow Defendants to dispose of irrelevant information and does not consider the practicalities of large institutional operations: "organizations need not preserve every shred of paper . . . they also need not preserve every email or electronic document. To require such broad preservation would cripple organizations that almost always are involved in litigation, and make discovery even more costly and time-consuming." The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, Third Edition 95 (The Sedona Conference Journal

6

Case 3:19-cv-01139   Document 74   Filed 01/19/23   Page 6 of 9 PageID #: 1009

2018), available at https://thesedonaconference.org/sites/default/files/publications/The%20Sedona%20Principles%20Third%20Edition.19TSCJ1.pdf; *see also Zubulake,* 220 F.R.D. at 217.  More importantly, such an order, if appropriately tailored, would merely restate Defendants' duties to preserve.  The order is, therefore, unnecessary.  *See Hogue*, 2019 WL 1318559, at *3; *Reinsdorf*, 2013 WL 3475183, at *3.

Lastly, Plaintiff asks that Defendants be ordered to preserve evidence that they believe is not subject to disclosure due to privilege or other protection.  (D.E. 64, PageID# 602.)  If Plaintiff seeks to require Defendants to preserve relevant information, such an order would, again, be unnecessary.  *See Hogue*, 2019 WL 1318559, at *3; *Reinsdorf*, 2013 WL 3475183, at *3. If Plaintiff seeks to require preservation of *all* privileged or protected evidence, regardless of whether it is relevant to this litigation, that would be overly broad and unduly burdensome because it would go well beyond the scope of Defendants' "duty to preserve *relevant* information."  *John B*., 531 F.3d at 459 (emphasis added); *see also Zubulake*, 220 F.R.D. at 217.

## CONCLUSION

For these reasons, Plaintiff's motion for the Court to issue a second preservation order should be denied.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ *Dean S. Atyia*
DEAN S. ATYIA (039683)
Assistant Attorney General

SCOTT C. SUTHERLAND (29013)

Deputy Attorney General

MIRANDA JONES (36070)
MALLORY SCHILLER (36191)
CODY N. BRANDON (037504)
DEAN S. ATYIA (039683)
JOHN R. GLOVER (037772)
Assistant Attorneys General
Law Enforcement and
Special Prosecutions Div.
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-6023
Fax (615) 532-4892
Dean.Atyia@ag.tn.gov
Scott.Sutherland@ag.tn.gov
Miranda.Jones@ag.tn.gov
Mallory.Schiller@ag.tn.gov
Cody.Brandon@ag.tn.gov
John.Glover@ag.tn.gov
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that on January 19, 2023, a copy of the foregoing was filed and served via the Court's CM/ECF system on the following counsel for *Plaintiff*:

Kelly Henry
Amy Harwell
Richard Tennent
Marshall Jensen
Katherine Dix
810 Broadway, Suite 200,
Nashville, TN 37203
615-695-6906
Kelley_Henry@fd.org
Amy_Harwell@fd.org
Richard_Tennent@fd.org
Marshall_Jensen@fd.org
Katherine_Dix@fd.org
*Counsel for Plaintiff*

Counsel has also served a courtesy copy by email on the following:

Alex Kursman
Lynne Leonard
Anastassia Baldridge
Hayden Nelson-Major
Assistant Federal Defenders
Federal Community Defender for the E.D. Penn.
Suite 545 West, The Curtis
601 Walnut St.
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org
lynne_leonard@fd.org
ana_baldridge@fd.org
hayden_nelson-major@fd.org

David Esquivel
Sarah Miller
Jeremy Gunn
Michael Tackeff
Bass, Berry & Sims
150 Third Ave. South
Nashville, TN 37201
(615) 742-6200
desquivel@bassberry.com
smiller@bassberry.com
jeremy.gunn@bassberry.com
michael.tackeff@bassberry.com

Alice Haston
Amy Rao Mohan
Christopher C. Sabis
Sherrard Roe Voight & Harbison, PLC
150 Third Ave. South
Suite 1100
Nashville, TN 37201
(615) 742-4539
ahaston@srvhlaw.com
amohan@srvhlaw.com
csabis@srvhlaw.com
*Counsel for King*

                                                    s/ *Dean S. Atyia*
                                                    DEAN S. ATYIA