IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DONALD MIDDLEBROOKS, | ) | |
|---|---|---|
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | No. 3:19-cv-01139, 3:19-cv-01234 |
| | ) | |
| FRANK STRADA, et al. | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
MOTION TO TEMPORARILY REOPEN CASE AND ISSUE ORDER FOR
PRESERVATION OF EVIDENCE**

Pursuant to Local Rule 7.01(a)(4), Mr. Middlebrooks respectfully submits this Reply in support of his Motion to Temporarily Reopen Case and Issue Order for Preservation of Evidence. R. 74. To stay within the page limitations, he will confine this Reply to a few essential points.

### DANGER IS IMMINENT

Counsel for Defendants minimize the risk of loss of evidence, asserting that they are aware of their ethical obligations. *See* Def. Resp., R. 74, PageID#1007. However, the actual Defendants, as opposed to their counsel, have already demonstrated a disregard for ethical responsibilities. *See* Pl. MOL, R. 65, PageID#608-10. Plaintiff King, in consolidated Case No. 3:18-cv-01234, has set-forth additional ethical violations, including:

1

1.      Defendants falsely claimed to have searched for responsive documents. Pl. Mem. In Support of Additional Discovery and Sanctions, King R. 180, PageID#5558-59.[1]

2.      Deputy Commissioner of the Department, Deborah Inglis,[2] falsely swore that all responsive documents had been provided. *Id.* at 5559-60.

3.      During the actual discovery period in the King litigation, Defendants "*never conducted electronic discovery.*" *Id.* (emphasis in original).

4.      Discovery closed in October of 2021, but following court order, Defendants slowly produced responsive documents into March of 2022. *Id.* at 5560. Plaintiff King observed, "Defendants appear willing to comply with their discovery obligations under the Rules *only when ordered to do so by the Court*." *Id.* (emphasis added).

Clearly, absent an order from this Court, there is a significant danger that Defendants will not preserve evidence.

## COUNSEL FOR DEFENDANTS SEEK TO LIMIT THEIR ETHICAL RESPONSIBILITIES

Counsel for Defendants announce they understand their ethical responsibilities, but then they carefully limit them. They claim only to have a duty to preserve "discoverable information," that is "discoverable *in this litigation.*"

---

[1] Reference to items in consolidated case No. 3:18-cv-01234 will use "King R." to distinguish from the record in this case.

[2] Ms. Inglis was recently terminated *See [Department of Correction parts way with top lawyer after scathing execution report (tennessean.com)](#)* last visited January 23, 2023.

(emphasis in original). R. 74, PageID#1005, 1007-8.[3] Additionally, they limit the subject of possible litigation to "Tennessee's lethal injection protocols." *Id.* at 1007.

What needs to be preserved is much broader. Mr. Middlebrooks seeks preservation of any and all evidence related to execution of inmates, not only via lethal injection. *See* Pl. Mot., R. 64, PageID#604. Tennessee presently has an alternative electrocution protocol, where unripe litigation has been on hold since 2015. *West v. Schofield*, 468 S.W.3d 482, 494-95 (Tenn. 2015). It is probable that Tennessee has examined and will examine methods of execution authorized in other jurisdictions, including nitrogen hypoxia, hanging, firing squad, different lethal chemicals and/or gas chamber. Under *Glossip* and *Bucklew* examination of feasible alternatives is essential. And, should an alternative be adopted, then a challenge to that alternative can be expected.

Defendants have "a duty to preserve what [they] know, or reasonably should know is [1] relevant in the action, [2] *is reasonably calculated to lead to the discovery of admissible evidence*, [3] *is reasonably likely to be requested during discovery* and/or [4] is the subject of a pending discovery request." *United States v. Florence,* No. 2:13-CV-00035, 2020 WL 1047377, at *4 (M.D. Tenn. Mar. 4, 2020) (*emphasis added*). These responsibilities include a duty to preserve evidence that "may be relevant to future litigation." *Black v. Costco Wholesale Corp.,* 542 F. Supp. 3d 750, 753 (M.D. Tenn. 2021) (citing *John B. v. Goetz,* 531 F.3d 448, 459 (6th

---

[3] Five separate times Defendants' Counsel limits their obligation to "preserve potentially discoverable evidence."

3

Cir. 2008)); *see also Beaven v. U.S. Dep't of Just.,* 622 F.3d 540, 553 (6th Cir. 2010). At this stage, with the full parameters of future litigation unknown, Defendants have an obligation to "put in place a 'litigation hold' to ensure the preservation of relevant documents." *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 3:12-CV-00463, 2018 WL 1542040, at *17 (M.D. Tenn. Mar. 29, 2018). [4]

## THE EXISTENCE OF PRIVILEGE SHOULD BE DETERMINED BY THE COURT, NOT BY COUNSEL FOR THE DEFENDANTS

Implicit in Defendants' Response is their contention that they need not preserve evidence that they believe is privileged. Whether a privilege exists is a determination for this Court. *N.L.R.B. v. Detroit Newspapers*, 185 F.3d 602, 606 (6th Cir. 1999). Should this case proceed to discovery, Defendants must follow Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, and they "must assert privilege with adequate particularity and context for the assertion to be evaluated." *Grae v. Corr. Corp. of Am.*, No. 3:16-CV-2267, 2020 WL 3035915, at *4 (M.D. Tenn. June 5, 2020). Until this Court finds a privilege, no privilege can be said to exist. *Id.* at *4.

## IT IS LESS BURDENSOME TO PRESERVE THAN TO DESTROY

Counsel for Defendants stress that being ordered to preserve evidence would be "unduly burdensome." R. 74, PageID#1006, 1010. As a matter of common sense, not deleting emails, texts, messages, and other electronic data, and not shredding or destroying paper records is a very easy act of omission. Whereas, actively reviewing

---

[4] A key element of a litigation hold is suspension of all auto-delete functions that otherwise would clean email, text, or other data accounts. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 929 (N.D. Ill. 2021).

4

every possible email, WhatsApp, Signal, Telegram, iMessage, letter, radio log, and other document for relevancy will be extremely time-consuming.

District courts recognize that it is not unduly burdensome to avoid deleting records. *DR Distributors, LLC.,* 513 F. Supp. 3d at 979 (auto-deletion programs may easily be disabled); *Edwards v. 4JLJ, LLC,* No. 2:15-CV-299, 2018 WL 2981154, at *6, *12 (S.D. Tex. June 14, 2018) (preserving electronic data did not create "undue burden"); *Nacco Materials Handling Grp., Inc. v. Lilly Co.,* 278 F.R.D. 395, 404 (W.D. Tenn. 2011) (sanctions imposed for failure to "preserve any existing electronic records, to suspend or alter automatic delete features and routine overwriting features, and to timely and effectively collect ESI.").

## NO OTHER REMEDY EXISTS

Defendants claim that there is some other remedy that would protect against destruction of evidence. R. 74, PageID#1008. Defendants do not define this plausible other remedy. However, it appears that they are asking Mr. Middlebrooks to trust that Defendants will abide by their ethical obligations—despite their history of malfeasance. Defendants' admission that they have provided false proof to the court in this case, makes this option untenable. Indeed, failure to make this request at this juncture would be tantamount to malpractice.

## REASSERTING PLAINTIFF'S PRESERVATION REQUEST

The law authorizes this Court to order the preservation of all evidence, in whatever format, including all electronic data sent or received via mediums such as email, Telegram, Slack, Basecamp, Signal, WhatsApp, iChat, Twitter, Facebook, Microsoft Teams, and any and all other such communication forums, as well as data

5

preserved in databases, on servers, and/or in other electronic format, and, of course, all paper records, letters, photographs, recordings, and documents. Evidence must be preserved that may be discoverable, OR subject to a discovery request (even if Defendants believe it not discoverable or privileged), OR that may lead to discovery of other relevant information. Finally, evidence must be preserved in relation to the present litigation, AND in relation to potential future litigation regarding Tennessee's execution of inmates—whether by the present three-drug protocol, another set of drugs, or another method, entirely.

To better define the relief requested, a proposed order is attached.

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER FOR THE
MIDDLE DISTRICT OF TENNESSEE

KELLEY J. HENRY
Supervisory Asst. Federal Public Defender

AMY D. HARWELL
Asst. Chief, Capital Habeas Unit

RICHARD LEWIS TENNENT
KATHERINE DIX
MARSHALL JENSEN
KATHERYN THOMAS
Asst. Federal Public Defenders
810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265

/s/ *Kelley J. Henry*
Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on January 23, 2023, I filed this Reply by means of the Official Court Electronic Document Filing System, CM/ECF, for the Middle District of Tennessee, which will email a copy to opposing counsel:

Scott Sutherland, Deputy Attorney General
Dean Atyia, Asst. Attorney General
Miranda Jones, Asst. Attorney General
Mallory Schiller, Asst. Attorney General
Cody N. Brandon, Asst. Attorney General
John R. Glover, Asst. Attorney General
Office of the Attorney General and Reporter
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207.

Additionally, counsel has served a copy of this motion on counsel for Terry King, via email:

Alex Kursman
Lynne Leonard
Anastassia Baldridge
Hayden Nelson-Major
Assistant Federal Defenders
Federal Community Defender for the E.D. Penn.
Suite 545 West, The Curtis
601 Walnut St.
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org
lynne_leonard@fd.org
ana_baldridge@fd.org
hayden_nelson-major@fd.org

David Esquivel
Sarah Miller
Jeremy Gunn
Michael Tackeff
Bass, Berry & Sims
150 Third Ave. South

7

Nashville, TN 37201
(615) 742-6200
desquivel@bassberry.com
smiller@bassberry.com
jeremy.gunn@bassberry.com
michael.tackeff@bassberry.com

Alice Haston
Amy Rao Mohan
Christopher C. Sabis
Sherrard Roe Voight & Harbison, PLC
150 Third Ave. South
Suite 1100
Nashville, TN 37201
(615) 742-4539
ahaston@srvhlaw.com
amohan@srvhlaw.com
csabis@srvhlaw.com

>*/s/ Kelley J .Henry*
> Counsel for Plaintiff

8

Case 3:19-cv-01139   Document 76   Filed 01/23/23   Page 8 of 8 PageID #: 1023