IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **DONALD MIDDLEBROOKS,** | ) |
| Plaintiff, | ) **CAPITAL CASE** |
| | ) |
| v. | ) Case No. 3:19-cv-01139 |
| | ) |
| **FRANK STRADA, et al.,** | ) **JUDGE CRENSHAW** |
| | ) |
| Defendants. | ) |

**LIMITED AGREED PROTECTIVE ORDER**

The Tennessee Department of Correction has made available for public inspection large portions of its lethal injection protocol. (Ex. 1, January 8, 2025, Lethal Injection Protocol.) It has, however, withheld specific information ("Redacted Information") contained within the protocol by redacting publicly available copies of the protocol. To continue to preserve the confidentiality of protected information within Tennessee's lethal injection protocol while facilitating efficient exchange of information related to this litigation, by agreement of the parties, the Court hereby orders:

1. Defendants maintain that a protective order governing Tennessee's lethal injection protocol is necessary to comply with state law and protect Defendants from oppression and undue burden, and Plaintiff wishes to pursue his claims in an expeditious manner.

2. Defendants shall produce to Plaintiff an unredacted copy of Tennessee's lethal injection protocol ("Unredacted Protocol") for use in this litigation only. The protections of this

Order apply to both the Unredacted Protocol itself as well as the contents of the Redacted Information.

3. The Unredacted Protocol and the contents of the Redacted Information shall be designated for Attorney's Eyes Only.

4. Unless given prior written consent of Defendants, or upon prior order of this Court obtained after notice and briefing by the parties pursuant to Local Rules 37.01 and 7.01, the Unredacted Protocol and the contents of the Redacted Information shall not be disclosed to any person other than:

    a. Counsel of record for Plaintiff in this litigation.

    b. Paralegals, investigators, and other such employees of such counsel who are actively supporting counsel of record for Plaintiff in this litigation and to whom disclosure is necessary for purposes of litigation.

    c. Experts and consultants retained by Plaintiff in this litigation. Consultants and experts shown the Unredacted Protocol shall not be permitted to retain copies.

    d. Testifying witnesses. Any testifying witness may only be shown the Unredacted Protocol while testifying in a deposition at which counsel for Defendants are present or at trial. At the request of Defendants, any portion of the deposition transcript involving the Unredacted Protocol may be designated Attorney's Eyes Only, subjecting that portion of the transcript to the same protections described in this Order. Testifying witnesses who are shown the Unredacted Protocol shall not be permitted to retain copies.

    e. The Court and court personnel.

f. Court reporters. Court reporters not employed full-time by the federal courts who are shown the Unredacted Protocol shall not be permitted to retain copies.

5. Except for individuals identified in Paragraphs 4(a) and 4(e), every person receiving the Unredacted Protocol or the contents of Redacted Information from Plaintiff must complete and attach their signature to the Certification found as Exhibit 2 and agree to be bound by this order. Each certification shall be maintained and preserved by Plaintiff's counsel.

6. Any person receiving the Unredacted Protocol shall not reveal to or discuss its contents with any person who is not entitled to receive such information under this Order.

7. Use of the Unredacted Protocol and the contents of Redacted Information shall be limited only to this litigation between the named parties. Any person receiving protected information under the terms of this Order shall not use that information for any other purposes, in any other litigation, or for any other parties. The parties acknowledge that this Order is not intended to compromise the ability of Plaintiff's counsel to represent clients in other matters to which the January 8, 2025 Lethal Injection Protocol is relevant. Plaintiff acknowledges that his counsel will be privy to information that they cannot share with other clients or use in other matters. Defendants agree that they will not rely on the fact of counsel's knowledge of protected information or the existence of this protective order to seek disqualification of counsel in connection with any other matter.

8. Plaintiff may not file the Unredacted Protocol or the contents of Redacted Information in any publicly available court filing. If Plaintiff believes he must file the Unredacted Protocol or the contents of Redacted Information in a court filing, Plaintiff shall, after

a meet and confer with Defendants, request that the Court grant leave to file such information under seal pursuant to Local Rules 5.03 and 7.01. Absent an order granting a motion for leave to seal, Plaintiff may not file the Unredacted Protocol or the contents of Redacted Information unless this Court modifies this Limited Agreed Protective Order to permit the filing or the Court otherwise permits the filing.

9. All provisions of this Order shall continue to be binding after the conclusion of this action. Within sixty (60) days after the conclusion of the litigation, Plaintiff shall destroy, obliterate, or redact all copies of the Unredacted Protocol and any portions of deposition transcripts, filings, or other documents that contain the contents of Redacted Information.

10. Plaintiff and Defendants shall use every reasonable effort to maintain the confidentiality of the Unredacted Protocol and the contents of Redacted Information. This includes, but is not limited to, appropriate electronic security measures, such as access limitation, password protection, and/or encryption.

11. If the contents of Redacted Information are unintentionally disclosed to the public, those portions shall not lose their confidential status. Upon learning of the public disclosure of Redacted Information by any person provided information under this protective order, Plaintiff's counsel shall promptly notify Defendants. Such notification shall inform Defendants of the factual circumstances which led to the public disclosure as well as the identities of all individuals known by Plaintiff's counsel to have knowledge of the contents of Redacted Information. The parties acknowledge that, should some aspect of the Redacted Information become public knowledge via

means not related to a violation of this protective order, Plaintiff anticipates requesting an amendment of this protective order to permit Plaintiff to use that information freely.

12. If a person or entity possessing information subject to this protective order, as a result of the disclosures authorized by this protective order, receives a lawful subpoena from any court in another action, a public records request under any state or federal law, or any other request for documents that compels the production of the Unredacted Protocol or the contents of Redacted Information, they shall, after a meet and confer required by Local Rule 37.01, request that the Court modify this order to permit disclosure. The motion shall be served upon Defendants and the requesting party. Both Defendants and the requesting party shall have fourteen (14) days to respond to the motion. No person or entity may produce the Unredacted Protocol or the contents of Redacted Information unless this Court modifies the Limited Agreed Protective Order to permit disclosure or the Court otherwise permits the disclosure.

Entered this ___ day of _____, 2025.

**IT IS SO ORDERED**

_____
JUDGE CRENSHAW

SUBMITTED FOR ENTRY:

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Managing Attorney
Senior Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
*Counsel for Defendants*


/s/ *Kelley Henry* (w/perm. CNB)
KELLEY J. HENRY (BPR# 021113)
Chief, Capital Habeas Unit
Federal Public Defender's Office
810 Broadway, Suite 200
Nashville, TN 37203
(615) 736-5047
Kelley_Henry@fd.org
*Counsel for Plaintiff Middlebrooks*

## CERTIFICATE OF SERVICE

I certify that on the 5th day of March, 2025, a copy of the foregoing was filed and served via the Court's CM/ECF system on the following counsel:

Amy Harwell
Katherine Dix
Katheryn Thomas
Kelley Henry
Marshall Jensen
Federal Public Defender's Office (MDTN)
810 Broadway, Suite 200,
Nashville, TN 37203

615-695-6906
Amy_Harwell@fd.org
houston_goddard@fd.org
Katherine_Dix@fd.org
kit_thomas@fd.org
Kelley_Henry@fd.org
Marshall_Jensen@fd.org

/s/ *Cody N. Brandon*
CODY N. BRANDON
Managing Attorney