UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERRY LYNN KING )
)
vs ) Case No. 3:18-cv-01234
)
TONY PARKER, et al. )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD MIDDLEBROOKS )
)
vs ) Case No. 3:19-cv-01139
)
TONY PARKER, et al. )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BEFORE THE HONORABLE

WILLIAM L. CAMPBELL, JR., DISTRICT JUDGE

TRANSCRIPT OF PROCEEDINGS

April 19, 2022

(Telephone Conference)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Patricia A. Jennings, RMR, CRR
Official Court Reporter
719 Church Street, Suite 2300
Nashville, TN 37203
patty_jennings@tnmd.uscourts.gov

APPEARANCES:

| | |
|---|---|
| For Plaintiff King: | David R. Esquivel<br>Sarah Byer Miller<br>Bass, Berry & Sims PLC<br>21 Platform Way South<br>Suite 3500<br>Nashville, TN 37203 |
| | Alex Kursman<br>Lynne N. Leonard<br>Federal Community Defender Office<br>601 Walnut Street, Suite 545 West<br>Philadelphia, PA 19106 |
| For Defendants Parker, et al.: | Robert W. Mitchell<br>Mallory K. Schiller<br>Scott C. Sutherland<br>Tennessee Attorney General's Office<br>PO Box 20207<br>Nashville, TN 37202-0207 |
| | Cody N. Brandon<br>Office of the Attorney General and Reporter<br>500 Dr. Martin Luther King Jr. Blvd.<br>Nashville, TN 37202 |
| | Dean Atyia<br>Best Best & Krieger<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101 |

| | |
|---|---|
| For Plaintiff Middlebrooks: | Kelley J. Henry<br>Richard L. Tennent<br>Katheryn P. Thomas<br>Marshall Andreas Jensen II<br>Federal Public Defender's Office<br>810 Broadway, Suite 200<br>Nashville, TN 37203 |
| | Houston Goddard<br>Goddard Pope PLLC<br>100 Powell Place, #1887<br>Nashville, TN 37204 |
| For Defendants Parker, et al.: | Robert W. Mitchell<br>Scott C. Sutherland<br>Tennessee Attorney General's Office<br>PO Box 20207<br>Nashville, TN 37202-0207 |
| | Cody N. Brandon<br>Office of the Attorney General and Reporter<br>500 Dr. Martin Luther King Jr. Blvd.<br>Nashville, TN 37202 |
| | Dean Atyia<br>Best Best & Krieger<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101 |

The above-styled cause came to be heard on April 19, 2022, at 1:35 p.m., before the Honorable William L. Campbell, Jr., District Judge, when the following proceedings were had, to-wit:

THE COURT: All right. Good afternoon. We're here on Cases 3:18-cv-1234 and 3:19-cv-1139, first being King v Parker and second being Middlebrooks v Parker, for a status conference. If counsel will introduce yourselves for the record. We'll start with the plaintiff's counsel in the Middlebrooks case.

MS. HENRY: Good afternoon, Your Honor. This is Kelley Henry on behalf of Mr. Middlebrooks. I will apologize to Your Honor. We are in the quietest corner of our office. There is significant construction. I'll try to stay on mute when not speaking. There's a lot of background noise. I apologize.

THE COURT: Okay.

MS. HENRY: With me in the library of our office is Richard Tennent, Houston Goddard and Kitt Thomas. Also on the call from Knoxville with our office is Marshall Jensen. I'll be addressing the Court on behalf of Mr. Middlebrooks.

Thank you, Your Honor.

THE COURT: All right. And defendants' counsel in the Middlebrooks case.

MR. MITCHELL: Good afternoon, Your Honor. Rob Mitchell from the Attorney General's Office on behalf of the defendants in Middlebrooks. With me, who I think have entered appearances on that case, are Scott Sutherland and Cody Brandon, but Dean Atyia and Mallory Schiller are also on the call, and they are counsel in King as well.

THE COURT: Okay. And then counsel for the plaintiff in the King case.

MR. ESQUIVEL: Good afternoon, Your Honor. This is David Esquivel. I'm here with my colleague, Sarah Miller, on behalf of Mr. King. We also have our co-counsel, or our other co-counsel, who are also on the line.

MR. KURSMAN: Good afternoon, Your Honor. Alex Kursman from the Federal Defender, in Philadelphia, for Mr. King.

MS. LEONARD: And this is Lynne Leonard, also from the Federal Defender's Office, in Philadelphia, for Mr. King.

THE COURT: All right. I think that covers it. Anybody else that needed to introduce themselves that haven't already done so?

(No response.)

THE COURT: All right. So we've got the motion to consolidate in the Middlebrooks case, seeking to consolidate the King case, and that was filed by Ms. Henry. The idea behind that is to conduct a single trial on or about

October 4th of this year, and then it represented that plaintiff's counsel in the King case agrees with the consolidation.

What are your thoughts on that, Mr. Esquivel?

MR. ESQUIVEL: That's true, Your Honor. We think that for the sake of the parties and the Court, it doesn't make much sense to try a case with overlapping issues, overlapping witnesses. And as I understand it, the parties in Middlebrooks are relying largely on the -- or almost entirely on the discovery that's been taken in the King case.

And so our interest was not to delay trial indefinitely and lose our August trial date, but if the Court has set October trial schedule for Middlebrooks, we don't oppose consolidating and presenting our case jointly with counsel for Mr. Middlebrooks.

THE COURT: Okay. There's some references in the filings about how to handle summary judgment. What are the thoughts on how we're going to handle any summary judgment filings in either case? I realize one has been filed, but the other one...

MS. HENRY: Your Honor, this is Kelley Henry, if I might address that for Mr. Middlebrooks if that's okay?

THE COURT: Sure.

MS. HENRY: So Your Honor's case management order in Mr. Middlebrooks's case did adopt a truncated summary

judgment schedule that was agreeable to both parties in terms of that schedule at least, although I do know the defendants are opposing consolidation, with the idea of an October 4th trial date. Because this is a bench trial matter, Your Honor, and because of the execution date that is pending for Mr. Middlebrooks, it could also be appropriate for the Court to dispense with dispositive motions in this case simply for the matter of, you know, moving this case along.

And if the Court would prefer to try the case in August, we would propose the possibility of dispensing with dispositive motions in order to move the case a little bit more quickly to trial. Either way, Mr. Middlebrooks is prepared to proceed. I think that, you know, the major issue on summary judgment is going to be the availability of pentobarbital, and we are confident that we will be able to establish that pentobarbital is available to the State of Tennessee. So I think that's going to be a disputed matter for trial.

We're available to do -- you know, flexible at the Court's discretion on that matter, but right now there's a case management order that has deadlines that I think are agreeable to all parties, save some of the objections that the State has regarding the statute of limitations, et cetera.

THE COURT: Okay. Mr. Esquivel, your thoughts on

any impact on dispositive briefing if we consolidate the cases?

MR. ESQUIVEL: Your Honor, I don't think that consolidation would affect the briefing in the King matter. The defendants have moved for summary judgment. Last week, we filed our opposition. We also filed a motion under Rule 56(d) related to outstanding discovery matters that are still pending in King. I expect that the state would file their reply, and that the briefing on their motion would be completed. So I don't see a real impact on dispositive motion briefing if the cases were consolidated.

THE COURT: Okay. All right. Mr. Mitchell, your thoughts on that issue?

MR. MITCHELL: Sure, Your Honor. Consolidation is prejudicial to the defendant, not to either plaintiff. I mean, King is in the same posture, he has been for the past couple of years, if his case is tried in August. And obviously the dispositive deadline was over a month ago, and we moved for summary judgment in that case. You know, Mr. Middlebrooks, if his case is tried in October, it won't be prejudicial to him. He'll get to develop discovery as he's outlined in his proposed and Your Honor's adopted case management order. But consolidating the issues is prejudicial because of the different stages these cases are at. It's prejudicial to the defendants.

As you -- well, starting with Middlebrooks, Middlebrooks will get the benefit of these 16 fact witness depositions that Mr. King was permitted to take over defendants' objection during last summer's discovery dispute, and Mr. Middlebrooks has informed us he's seeking to take an additional fact witness deposition, which more than doubled the amount that he's allocated under the rules. It's more than the ten fact witness limit. And some of these depositions that Mr. Middlebrooks intends to seek are for individuals that King's counsel has already deposed, and not just deposed, but deposed basically up and to the seven-hour time limit that's allotted under the rules.

So then Mr. Middlebrooks would essentially be getting another bite at the apple, I mean, either effectively a 14-hour deposition or would be relying on a transcript and then getting another new seven. And so that's prejudicial because that's effectively 24 depositions that Mr. Middlebrooks is taking in that case.

And then likewise for King, King has built his record in this case. He's relied on five alternatives, and Mr. Middlebrooks is only relying on one. We've moved for summary judgment. And as Mr. Esquivel pointed out, plaintiffs' counsel have responded to that. But now, if these cases are consolidated, Mr. Middlebrooks goes about developing different fact discovery or enhanced depositions

because he's building on the depositions that Mr. King has already taken, then that's also prejudicial for defendants in the King case because the entire record in the King case is essentially, you know, thrown into a whole new posture.

And so because of that, we're opposed to consolidation. And consolidation would obviously affect and essentially undo the record that's been built in the King case and the record that we relied on when we moved for summary judgment.

As to Mr. Middlebrooks, if the cases aren't consolidated, Mr. Middlebrooks has an October trial date, well, then we would move for summary judgment just like we did in King on the availability of pentobarbital, which is Mr. Middlebrooks's only alternative. We would move for that in accordance with Your Honor's case management order.

THE COURT: Given that it's not yet fully briefed, I'll admit I haven't studied the pending motion. Is that ground also addressed in your pending motion for summary judgment?

MR. MITCHELL: It is, Your Honor. The then commissioner, Commissioner Tony Parker, testified as the representative witness in a 30(b)(6) deposition last September that TDOC and the defendants in both cases can't get pentobarbital. And, again, that's the only alternative that Mr. Middlebrooks has pled, and it's one of the five

alternatives that Mr. King pled. Defendants can't get it. It was kind of the source of the big chancery court dispute in 2018 that a number of plaintiffs, including Mr. Middlebrooks, were counsel in, went to the Tennessee Supreme Court. And, again, Commissioner Parker, as a 30(b)(6) witness, said that TDOC cannot get or procure pentobarbital. And Mr. King, for his part, did admit in a request for admission that he's unaware of any source that's willing to give it to TDOC for use in executions. We expect that to be the same sort of proof in the Middlebrooks case.

THE COURT: Well, if King has made a motion on that ground, that alternative, and, without prejudging what that outcome will be, if Ms. Henry is saying basically, you know, that they're ready to just proceed to trial and not worry about summary judgment -- I'm sure you may want to take a swing at that one, too, but has the issue then been addressed if it's just addressed in the King motion? Do you follow what I'm saying?

MR. MITCHELL: I think that --

THE COURT: Perhaps on a slightly different record, but if what she said is correct, and there's disputed facts about the availability of pentobarbital, then is it going to be much different in the second one?

MR. MITCHELL: Well, it may be different. I mean, like I said, she wants to take an additional eight fact

witness depositions. I mean, I think the proof from the department would largely be the same, but some of this will depend on what evidence she adduces. I mean, we moved for summary judgment on the availability of pentobarbital. Basically, Your Honor hasn't ruled on that. But we don't think pentobarbital is available to the department, and we think that that's pretty clearly shown by our statement of facts.

THE COURT: All right. Let me get back to my original question to you, though. And maybe we've just covered it sufficiently. You heard Ms. Henry and Mr. Esquivel's positions on dispositive briefing vis-à-vis the -- if we consolidate, we're looking at likely an October trial date.

What are your thoughts on whether that presents, from a scheduling perspective, problems with that trial date if we do consolidation vis-à-vis the dispositive motions?

MR. MITCHELL: Strictly speaking about scheduling and the dispositive motions, I don't think an October trial date presents an issue as to scheduling either dispositive -- I mean, obviously, in King, we've already briefed that. You know, it would only depend if King was entitled to the benefit of any additional fact discovery that Middlebrooks was able to kind of dig up or procure because then, of course, it would unwind the King record, and we'd be right

back at briefing a motion for summary judgment, which we've already done. King has relied on the record in his case, as have we, and it would essentially be unwinding (indiscernible) litigation.

THE COURT: Ms. Henry, you've heard the concerns about all this additional discovery. What are your thoughts on that? One of the benefits of consolidation, of course, is to streamline things. Do you think that's still a possibility here, or are we just doubling up the discovery?

MS. HENRY: Your Honor, I really think that what we're doing is streamlining things, and that is Mr. Middlebrooks's main goal here. I mean, our position maybe had been different if we didn't have an execution date. Frankly, we're giving up a lot in order to move forward with consolidation. The depositions that have already been taken we are willing to accept. There are some questions that were not asked, that we want to ask those questions, but we don't intend to take, you know, 14 seven-hour depositions. We intend to take very streamlined depositions because that's all that's really, frankly, workable.

We're going to get to the meat of the dispute, and we believe we are going to be able to establish for the Court that the State of Tennessee has an available resource to obtain pentobarbital. And I don't believe that that will prejudice the defendants in any way. And, in fact,

Commissioner Parker has previously testified that it is the position of TDOC that they would prefer to use pentobarbital.

So if we are able to establish that source, then all parties, frankly, benefit from that discovery. So I don't really see how the -- I'm perplexed about how the department would in any way be prejudiced. Consolidation or not, Mr. Middlebrooks is entitled to engage in discovery. And we're just trying to do less of that being mindful of the December 8th execution date that is looming for Mr. Middlebrooks.

THE COURT: Okay. All right. Well, here's what I want to do: Rule 42 authorizes consolidation if there's common questions of law or fact. Obviously, given the different theories in the two cases, there's not complete overlap of the common question of fact, but there's some overlap. And, you know, the specific factors considered involve the risk of prejudice, which Mr. Mitchell has outlined both today and succinctly in filings, judicial resources, length of time to conduct multiple lawsuits, and relative expense of multiple trials are all factors that I am to consider under Rule 42.

Here I think that consolidation is appropriate, and I'll grant the motion. We'll get an order out along these lines.

What I am concerned about is something

Mr. Mitchell has referred to a couple of different ways today, and that is revisiting things. If the benefit to Middlebrooks and King cases is efficiency, then I am concerned about redoing some of the same discovery. I hear what you said, Ms. Henry, and take it at face value that you don't have any interest in replowing some of the same turf that Mr. Esquivel and his group have plowed.

I'm not yet reaching the issue of depositions, whether they're allowed, duration, scope, any of that. That's topics for another day. But, you know, I do believe that if it really is going to be efficient, there's going to have to be some real thought given to what discovery, if any, remains and very tailored to only those things that perhaps touch on the differences between the case and not anything that, while you might have preferred to ask a question differently than the plaintiff's counsel in the King case asked it, keep efficiency in mind because that's one of the -- in my eyes one of the strongest arguments here for a consolidation.

So I don't know if that makes sense to you, Ms. Henry, but -- it may just be that we have to deal with specifics about that another day, but I'm just providing you my thoughts behind my granting of consolidation, but also addressing the concerns Mr. Mitchell's raised.

Does that make sense?

MS. HENRY: Absolutely, Your Honor. We're really all on the same page. And once Mr. Mitchell and I sit down and discuss what it is we're actually talking about doing, I think that it will be clear that we're not going to be replowing the same ground.

THE COURT: Okay. Well, I would just encourage you not let the good be the enemy of the perfect. Just do the best you can to have a common sense approach. I know the stakes here are big, and I'm not trying to minimize that. Just in terms of efficiency with discovery, work together on that the best you can and then work with Mr. Esquivel and his team best you can. And the same is true for coming the other way from the King plaintiff's counsel. So just do the best you can so that we can have the issues ready to be tried at the October 4th trial date.

MR. ESQUIVEL: Your Honor, this is David Esquivel. On that point, I would like the Court to be aware that we are, on behalf of Mr. King, working as efficiently and quickly as we can to provide all of the discovery that we have obtained in our case so far to counsel for Mr. Middlebrooks, and it is a significant record, but we've managed to get all of the deposition transcripts, the document productions, and will continue to do that so that they can have the benefit of the work that we've done.

Also, recognizing that, unlike Mr. Middlebrooks,

our complaint and claims entail -- or have five separate proposed alternatives to the current lethal injection protocol. And so we are -- I mean, our discovery was more wide-ranging. And as I understand it, counsel for Mr. Middlebrooks will be specifically focused on the sole alternative they have proposed. And so in that way I think, too, discovery will be efficient because they are focused on a much narrow range of alternatives than we were in our discovery.

THE COURT: Right. Well, I think if this was a situation where each of the plaintiffs was proposing five, and there was only one in common, consolidation may not have made much sense, but given that there's overlap there, I think that's one of the reasons why consolidation would make sense here. But I hear you and I appreciate the effort to pass that along to her as quickly as you can and then see where you find yourselves.

As far as any discovery sought, I would encourage -- I think Ms. Henry has already referenced sitting down with Mr. Mitchell and trying to map out a plan, and hopefully you'll agree on much or all of that. If not, then we can deal with it, but just do the best you can. And, you know, we're on about a six -- little less than a six-month horizon now. So you-all I'm sure have plenty to do.

All right. Anything else I need to address today?

Let's start with Ms. Henry. Anything else?

MS. HENRY: Nothing else for Mr. Middlebrooks, Your Honor. Thank you so much.

THE COURT: All right. Mr. Esquivel?

MR. ESQUIVEL: Nothing else from us. Thank you, Your Honor.

THE COURT: And Mr. Mitchell?

MR. MITCHELL: No, Your Honor. Thank you.

THE COURT: All right. Everybody have a good rest of the day.

(Proceedings concluded at 2:00 p.m.)

REPORTER'S CERTIFICATE

I, Patricia A. Jennings, Official Court Reporter for the United States District Court for the Middle District of Tennessee, with offices at Nashville, do hereby certify:

That I reported on the Stenograph machine the proceedings held in open court on April 19, 2022, in the matters of TERRY LYNN KING vs. TONY PARKER, et al., Case No. 3:18-cv-01234 and DONALD MIDDLEBROOKS vs. TONY PARKER, et al., Case No. 3:19-cv-01139; that said proceedings in connection with the hearing were reduced to typewritten form by me; and that the foregoing transcript (pages 1 through 18) is a true and accurate record of said proceedings.

This the 5th day of June, 2025.

/s/ Patricia A. Jennings
Patricia A. Jennings, RMR, CRR
Official Court Reporter