IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DONALD MIDDLEBROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:19-cv-01139 |
| | ) | Judge Crenshaw |
| v. | ) | Magistrate Judge Holmes |
| | ) | **CAPITAL CASE** |
| FRANK STRADA, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO
## AMEND AND SUPPLEMENT COMPLAINT

Plaintiff Donald Middlebrooks hereby moves pursuant to Fed. R. Civ. P. 15 for leave to file a Supplemental and Amended Complaint. The proposed amendment and supplementation are necessary to address events that occurred and facts that were revealed during the period when this case was administratively closed. Specifically, the purposes of the supplementation and amendment are as follows:

1. To assert claims based on features of the newly unveiled 2025 protocol for performing executions by lethal injection;

2. To assert facts that arose or were uncovered during the period in which this case was administratively closed by agreement; and

3. To assert facts that are newly relevant to Mr. Middlebrooks' claims due to recent and ongoing changes to the law bearing on Eighth Amendment challenges.

These additions, taken together, require Mr. Middlebrooks' Complaint—which originally challenged a lethal injection protocol that TDOC has since rescinded—to be effectively rewritten.

Before this case was administratively closed, Defendants agreed in writing and on the docket of the Court not to oppose Mr. Middlebrooks' eventual request to amend his Complaint to state "one count asserting a facial challenge to the revised or new protocol" that was expected to be, and now has been, released. R. 59-3 at 2. Counsel for Mr. Middlebrooks has informed counsel for Defendants of the general scope of Mr. Middlebrooks' anticipated amendments and supplementation, and the parties have been unable to reach an agreement regarding whether Mr. Middlebrooks' request falls within that agreement.[1] Ultimately, however, the scope of Defendants' opposition, if any, is a secondary issue, because, for the reasons set out in the accompanying Memorandum, Mr. Middlebrooks' request is strongly supported by Rule 15 and the interests of justice, and should, therefore, be granted in full, regardless of whether any portion is opposed.

---

[1] Counsel for Defendants have complained that Mr. Middlebrooks did not provide a full copy of the PSAC to them prior to the day of filing, which he was unable to do because he was continuing to review and revise it. However, Mr. Middlebrooks' counsel has happily answered questions about its scope and contents.

2

Case 3:19-cv-01139   Document 111   Filed 06/20/25   Page 2 of 4 PageID #: 1540

Respectfully submitted,

Kelley J. Henry, BPR # TN 21113
Chief, Capital Habeas Unit

Amy D. Harwell, BPR # TN 18691
First Assistant Federal Public Defender

Eli Swiney, BPR # TN 026626
Research and Writing Specialist
Katherine Dix, BPR # TN 22778
Kit Thomas, BPR # WV 13477
Drew Brazer, BPR # TN 042363
Asst. Federal Public Defender
FEDERAL PUBLIC DEFENDER
MIDDLE DISTRICT OF
TENNESSEE
810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265
Email: Kelley_Henry@fd.org


/s/ Kelley J. Henry
Kelley J. Henry, BPR # TN 21113
Counsel for Plaintiffs

3

## Certificate of Service

I, Kelley J. Henry, certify that on June 20, 2025, a true and correct copy of the foregoing was served via the Court's electronic filing system to opposing counsel, Cody Brandon, Asst. Attorney General.

/s/ Kelley J. Henry
Kelley J. Henry