IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DONALD MIDDLEBROOKS, | ) |
| | ) |
| Plaintiff, | ) **CAPITAL CASE** |
| | ) |
| v. | ) Case No. 3:19-cv-01139 |
| | ) |
| FRANK STRADA, et al., | ) JUDGE CRENSHAW |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF MIDDLEBROOKS'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

For over a decade, Plaintiff Middlebrooks has "play[ed] a contrived game of 'Whac-A-Mole'" with one goal—to delay his execution. *Middlebrooks v. Parker*, 22 F.4th 621, 624-25 (6th Cir. 2022) (mem.) (Thapar, J., statement). And in 2022, Middlebrooks achieved that goal. After Governor Lee paused all executions, this case was administratively closed and the parties entered into a written agreement "surrender[ing] valuable rights." (Dkt. 108, 1.) In sum, the State agreed not to pursue Middlebrooks's execution until the single facial challenge to the State's execution protocol in this case was resolved. (Dkt. 13, ¶¶ 275-81; Dkt. 34, 20; Dkt. 59-3, ¶ 1.) The State held up its end of the bargain. (Dkt. 108). But Middlebrooks wants more. Now, he seeks to amend his complaint to add over 250 new factual allegations and five new claims. (Dkt. 111-1.) Leave to amend should be denied.

### BACKGROUND

Three years ago, the parties agreed to a stay of this case pending an independent review of the State's lethal injection protocol. (Dkt. 59.) At that time, Middlebrooks had a single claim pending—a facial challenge to the 2018 protocol under the Eighth Amendment to the United States

Constitution, proposing as an alternative lethal injection using pentobarbital. (Dkt. 13, ¶¶ 234, 259, 268-69, 274.) His challenges to the constitutionality of electrocution as a method of execution and his as-applied challenge to lethal injection had already been dismissed. (Dkt. 6, at 4-6; Dkt. 26, at 17-20.) In conjunction with the stay of that single claim, the parties entered into a written agreement regarding the future of the case ("Stay Agreement"). (Dkt. 59-3.) The Stay Agreement guaranteed that Middlebrooks would have the chance to fully litigate a *single facial challenge* to the State's protocol before he was executed—an extraordinary promise. (*Id.*, at 1.)

TDOC adopted a new protocol in January 2025 ("2025 protocol"). (Dkt. 94, 1; Dkt. 101-2.) Two months later, the Tennessee Supreme Court reset Middlebrooks's execution date for September 24, 2025. *State v. Middlebrooks*, No. M2001-01865-SC-R11-PD (March 3, 2025) (per curiam). Middlebrooks subsequently moved to reopen this case and for a stay of execution. (Dkt. 108.) As agreed, Defendants did not oppose the motion, and this Court stayed Middlebrooks's execution until 30 days after a judgment is entered. (Dkt. 109.)

Now, Middlebrooks seeks leave to amend and supplement his complaint to allege over 250 new facts and to assert not only a facial challenge to the 2025 protocol under the Eighth Amendment, but also four extra claims: (1) an Eighth Amendment maladministration claim; (2) a First Amendment free-speech claim; (3) a free-exercise claim under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA); and (4) an access-to-court claim under the First Amendment and Article I, § 3 of the Tennessee Constitution. (Dkt. 111.)

## LEGAL STANDARD

Generally, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and leave should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Still, the decision to grant or deny a motion for leave to amend "is within the discretion

of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (citation omitted). But "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id*. 458-59.

## ARGUMENT

Middlebrooks's motion for leave to amend should be denied for one simple reason—the proposed amendments will substantially prejudice Defendants, the State, and the interests of justice. A proposed amendment is prejudicial when it "require[s] the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] significantly delay[s] the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). Middlebrooks's proposed amendments do both.

*First*, the proposed amended complaint would drastically expand the scope of this litigation and require Defendants to expend significantly more resources than would otherwise be required. Twice now, this litigation has been limited to a single facial challenge to the State's lethal injection protocol despite Middlebrooks's efforts to expand the case beyond such a claim. His initial attempt to challenge electrocution as a method of execution alongside a single facial challenge to lethal injection failed. (Dkt. 6.) Then, he attempted to add an as-applied challenge to the lethal injection protocol, but that claim failed too. *Middlebrooks v. Parker*, 15 F.4th 784, 793-97 (6th Cir. 2021). So, when this case was stayed, the parties had a single claim to litigate: whether the State's lethal injection protocol, on its face, was constitutional under the Eighth Amendment.

Now, Middlebrooks not only seeks to litigate that claim but wants to delve into adjacent issues like whether Defendants can constitutionally administer the 2025 protocol; whether the protocol burdens his free-speech rights; whether the protocol burdens his free-exercise rights; and whether the protocol violates his right to access to the courts. The addition of those collateral claims would transform this case into a dramatically different lawsuit than the one stayed three years ago. Discovery, motion practice, and trial preparation would be markedly broadened by the proposed amendments. And Middlebrooks will undoubtedly take advantage of such broad discovery if any of the collateral claims survive a motion to dismiss. That is especially problematic when similar tactics have tended to deprive States of the resources and people needed to carry out executions. *Va. Dept. of Corr. v. Jordan*, 921 F.3d 180, 193 (4th Cir. 2019); Mary D. Fan, *The Supply-Side Attack on Lethal Injection and the Rise of Execution Secrecy*, 95 B.U. L. Rev. 427, 438-41 (2015).

*Second*, permitting the proposed amendments would significantly delay resolution of this case. Middlebrooks's facial challenge to pentobarbital is doomed to fail—likely quickly. "[S]ingle-dose pentobarbital" is "a mainstay of state executions" and "[h]as been used to carry out over 100 executions, without incident." *Barr v. Lee*, 591 U.S. 979, 980 (2020). In fact, Middlebrooks already challenged the State's use of pentobarbital and failed. *West v. Schofield*, 519 S.W.3d 550, 564-66 (Tenn. 2017). So, the four additional claims he seeks to add will serve only to delay final resolution of this case. And in any normal litigation, that delay would be prejudice enough to deny leave to amend.

But it means even more here. This Court has stayed Middlebrooks's execution pending a final judgment. (Dkt. 109.) So long as Middlebrooks can find *some* issue to keep live in this suit, he continues to avoid his decades-old sentence. Such delay prejudices not only Defendants and

4

the State, but the interests of justice. "[I]ntractable and prolonged litigation should be in nobody's interest." *Middlebrooks*, 22 F.4th at 627 (Thapar, J., statement). The State has a "legitimate interest in carrying out a sentence of death in a timely manner." *Baze v. Rees*, 553 U.S. 35, 61 (2008). The victims of crime have an equally important interest. *Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Calderon v. Thompson*, 523 U.S. 538, 556 (1998) ("Only with an assurance of real finality can the State execute its moral judgment in a case" and "the victims of crime move forward knowing the moral judgment will be carried out."). Consequently, the Supreme Court has instructed courts to "police carefully against" attempts to use method-of-execution challenges "as tools to interpose unjustified delay." *Bucklew v. Precythe*, 587 U.S. 119, 150 (2019).

Middlebrooks's proposed amendment is nothing more than a continuation of his "transparent act[s] of gamesmanship that seek[] only one thing: [d]elay for delay's sake." *Middlebrooks*, 22 F.4th at 625 (Thapar, J., statement). He has already won an extraordinary benefit: he will not be executed until he litigates his challenge to pentobarbital to final judgment. That is true even though that same claim has failed before every court that considered it. *See, e.g.*, *Bucklew*, 587 U.S. 119; *Whitaker v. Collier*, 862 F.3d 490 (5th Cir. 2017); *Jones v. Comm'r*, 811 F.3d 1288, 1296 (11th Cir. 2016); *Zink v. Lombardi*, 783 F.3d 1089 (8th Cir. Mar. 6, 2015); *Gissendaner v. Comm'r*, 779 F.3d 1275 (11th Cir. 2015); *West*, 519 S.W.3d at 564-65; *State ex rel. Johnson v. Blair*, 628 S.W.3d 375 (Mo. 2021); *Owens v. Hill*, 758 S.E.2d 794, 802-03 (Ga. 2014); *Valle v. State*, 70 So.3d 530, 541 (Fla. 2011). But Middlebrooks wants more still.

The victims of Middlebrooks's crimes deserve better. *Hill*, 547 U.S. at 584. It has been 38 years since Middlebrooks dragged 14-year-old Kerrick Majors to the woods where he and two others beat him, urinated in his mouth, burned his face, forced a stick into his anus, slashed open his wrists, carved an "X" into his chest, and tortured him for three and a half hours before stabbing

him to death. *State v. Middlebrooks*, 840 S.W.2d 317, 323 (Tenn. 1992). Middlebrooks will have his chance to challenge the use of pentobarbital in his execution. But the Court should decline to let him balloon the scope of his suit and further delay justice.

## CONCLUSION

For these reasons, Middlebrooks's motion for leave to amend should be denied in part. He should not be granted leave to include claims under an Eighth Amendment maladministration theory or First Amendment/RLUIPA free-speech, free-exercise, or access-to-court theories in his amended complaint. Middlebrooks's amended complaint should be limited to a single facial challenge to the 2025 protocol under the Eighth Amendment.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Deputy Attorney General
Constitutional Defense Division

MARY MCCULLOHS (BPR# 026467)
Senior Assistant Attorney General

DAVID WICKENHEISER (BPR# 040427)
Assistant Attorney General

MATTHEW KUBICEK (BPR# 040774)
Assistant Attorney General

SAMANTHA MORRIS (BPR# 038178)
Assistant Attorney General

Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207

Off. (615) 532-7400  
Fax (615) 532-4892  
Cody.Brandon@ag.tn.gov  
Mary.McCullohs@ag.tn.gov  
David.Wickenheiser@ag.tn.gov  
Matthew.Kubicek@ag.tn.gov  
Samantha.Morris@ag.tn.gov  
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 7th, 2025, a copy of the foregoing was filed and served via the Court's CM/ECF system on the following counsel for Plaintiff:

Kelley Henry
Amy Harwell
Eli Swiney
Katherine Dix
Kit Thomas
Drew Brazer
FEDERAL PUBLIC DEFENDER
MIDDLE DISTRICT OF TENNESSEE
810 Broadway, Suite 200
Nashville, TN 37203
Kelley_Henry@fd.org
Amy_Harwell@fd.org
Eli_Swiney@fd.org
Katherine_Dix@fd.org
Kit_Thomas@fd.org
Drew_Brazer@fd.org
*Counsel for Plaintiff*

/s/ *Cody N. Brandon*
CODY N. BRANDON